### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JANET MONGE, | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | No. 2:22-CV-02942-GEKP |
| | : | |
| UNIVERSITY OF PENNSYLVANIA, *et al.* | : | |
| | : | |
| Defendant | : | |

### PLAINTIFF'S MEMORANDUM OF LAW
### IN OPPOSITION TO DEFENDANTS' MOTIONS TO STAY DISCOVERY

Plaintiff, Janet Monge, by her undersigned attorneys, respectfully submits the following Memorandum of Law in just partial Opposition to the Motions to filed on behalf of all Defendants to Stay Discovery (Dkt. No. 67) and the separate Motion to Stay Discovery filed on behalf of Defendant Nora McGreevy (Dkt. No. 68),  and requests that the Court permit just limited discovery regarding insurance coverage during the pendency of the several separate Motions to Dismiss filed by all the Defendants (Dkt. Nos. 28, 34, 36, 37, 38, 39, 40, 42, 45, 51, and 53) , and states in support thereof as follows.

At the time of the original conference with the Court and in conjunction with the Court setting the time for Defendants to file Motions to Dismiss Plaintiff's Amended Complaint, the Court stated that discovery should not be stated during the Court's consideration of any Motions to Dismiss filed by the Defendants. As related in the Certification of Counsel attached to the Defendants' collective motion, that directive led to two conversations between Jeremy A. Chase, Esquire, speaking on behalf of all the Defendants, and Alan Epstein, Esquire, attorney for Plaintiff Janet Monge ("Dr. Monge") during which the issue of discovery during the pendency of the outstanding Motions filed by each of the Defendants in this matter was fully discussed.

Specifically, during those conversations, attorney for Defendants requested Plaintiff's agreement that parties would collectively submit a stipulation for approval by the Court permitting all discovery be suspended until a resolution of each of the numerous separate Motions to Dismiss filed on behalf of all the Defendants in this action. In response, Mr. Epstein suggested that considering the complexity of the issues in this matter, early settlement discussions would be appropriate, and that Plaintiff would agree to limit discovery during the pendency of the Motions to Dismiss to Interrogatories and Production of Documents relating to insurance coverage for the torts alleged. Mr. Epstein proffered that such limited discovery could facilitate either direct discussions between the parties or early mediation and possibly result in an early settlement of some or all claims presented in the Amended Complaint filed by Dr. Monge. That suggestion was rejected by Mr. Chase and the present two motions then followed.

Plaintiff takes no position regarding a stay of all discovery during the aforesaid pendency of the Motions to Dismiss but remains agreeable to curtail discovery limited to the singular issue of insurance coverage extended to each of the Defendants by their respective carriers during the pendency of the Motions to Dismiss filed by each of the Defendants. Accordingly, it is respectfully requested that the Court deny the Defendants' Motions to preclude all discovery and

permit the limited discovery regarding insurance coverage in accordance with the attached

Order.

Respectfully Submitted,

**SPECTOR GADON ROSEN VINCI P.C.**

By: /S/ *Alan Epstein*
_____
**SPECTOR GADON ROSEN VINCI P.C.**
Alan B. Epstein (Pa. I.D. No. 02346)
Adam A. Filbert (Pa. I.D. No. 330960)
1635 Market Street, Seventh Floor
Philadelphia, PA 19103
(215) 241-8832
aepstein@sgrvlaw.com
afilbert@sgrvlaw.com
*Attorneys for Plaintiff, Janet Monge*

Dated:  September 27, 2022