IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JANET MONGE | : | |
| | : | Civil Action No: 22-cv-02942-GEKP |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| UNIVERSITY OF PENNSYLVANIA, et al. | : | |
| | : | |
| | : | |
| Defendants. | : | |
| | : | |

**DEFENDANT, HYPERALLERGIC MEDIA, INC.'S
REPLY IN FURTHER SUPPORT OF ITS
<u>MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT</u>**

# TABLE OF CONTENTS

| | | |
|---|---|---|
| **TABLE OF AUTHORITIES** | | **iii-v** |
| **I.** | **INTRODUCTION** | **1** |
| **II.** | **ARGUMENT** | **3** |
| | **COUNT II - DEFAMATION BY IMPLICATION MUST BE DISMISSED AS AGAINST HYPERALLERGIC** | **3** |
| | 1. Truth As An Absolute Defense to Defamation. | 3 |
| | 2. Pure Opinions Are Not Defamatory. | 4 |
| | **COUNT IV – CIVIL AIDING AND ABETTING MUST BE DISMISSED AS AGAINST HYPERALLERGIC** | **8** |
| | **CLAIMS FOR PUNITIVE DAMAGES MUST BE DISMISSED AS AGAINST HYPERALLERGIC** | **10** |
| **III.** | **CONCLUSION** | **12** |

# TABLE OF AUTHORITIES

**CASES**

*Balletta v. Spadoni*,
 47 A.3d 183 (Pa. Cmwlth. 2012)……………..……………………………………..5

*Bobb v. Kraybill*,
 354 Pa. Super. 361, 511 A.2d 1379 (1986)……….…….……………….….……3

*Braig v. Field Commc'ns*,
 310 Pa. Super. 569, 456 A.2d 1366 (1983)……….….…………………...….…4

*Brownawell v. Bryan*,
 40 Pa.D.&C.3d 604 (C.P. Cumberland 1985)……….……………..….…..……..…11

*Chambers v. Montgomery*,
 411 Pa. 339, 192 A.2d 355 (1963)……….…………….….……………….….…...11

*Cruz v. Roberts*,
 70 Pa.D.&C.4th 225 (C.P. Lancaster 2005)..………………………………………..9

*Dunlap v. Phila. Newspapers, Inc.*,
 301 Pa. Super. 475, 448 A.2d 6 (1982)…………….…….………….......…3-4

*Fowler v. UPMC Shadyside*,
 578 F.3d 203 (3d Cir. 2009)………….….……………………………..….…11-12

*Gertz v. Robert Welch*,
 418 U.S. 323, 94 S. Ct. 2997, 41 L.Ed.2d 789 (1974)…….…………………………4

*Gilbert v. Bionetics Corp.*, Civ. Act. No. 98-2668,
 2000 U.S. Dist. LEXIS 8736 (E.D. Pa. June 6, 2000)………….…………….……3-4

*Gorton v. Air & Liquid Sys. Corp.*,
 303 F. Supp. 3d 278 (M.D. Pa. 2018)…….………….……….…..………………8

*Harris v. Saint Joseph's Univ.*,
 No. 13-3937, 2014 U.S. Dist. LEXIS 65452 (E.D. Pa. May 12, 2014)………11-12

*Haynes v. Alfred A. Knopf, Inc.*,
 8 F.3d 1222 (7th Cir. 1993)………….……..……………….….……………..….…5

*Jones v. City of Phila.*,
 893 A.2d 837 (Pa. Cmwlth. 2006)….…….………..……………..……..…4

*Kilian v. Doubleday & Co.,*
    367 Pa. 117, 79 A.2d 657 (1951)……………………………………………….…3

*Martin v. Johns-Manville Corp.*, 494 A.2d 1088, 1097 (Pa. 1985)
    (plurality opinion), *rev'd on other grounds*, 528 A.2d 947 (1987)………..……10-11

*McCafferty v. Newsweek Media Grp., Ltd.*,
    955 F.3d 352 (3d Cir. 2020) …………………………………………….4-7, 11

*Pension Benefit Guar. Corp. v. White Consol. Indus.,*
    998 F.2d 1192 (3d Cir. 1993)……………………………………………….8

*Redco Corp. v. CBS, Inc.*,
    758 F.2d 970 (3d Cir. 1985)……….……………………………………….....5

*SHV Coal, Inc. v. Cont'l Grain Co.*,
    526 Pa. 489, 587 A.2d 702 (1991)……..………………………….....………..11

*Today's Housing v. Times Shamrock Communs., Inc.*,
    2010 Pa. Dist. & Cnty. Dec. LEXIS 140……………………………...……..…4

*Tucker v. Fischbein*,
    237 F.3d 275 (3d Cir. 2001)……………………………………………………4

*Welc v. Porter*,
    450 Pa. Super. 112, 675 A.2d 334 (1996)….…………………………..………9

*Wiggs v. Foley,*
    No. 5:20-cv-02267, 2021 U.S. Dist. LEXIS 139390 (E.D. Pa. July 27, 2021)…...8

*Wilson v. Chestnut Hill Healthcare*, CIVIL ACTION NO. 99-CV-1468,
    2000 U.S. Dist. LEXIS 1580 (E.D. Pa. Feb. 17, 2000)……………….…………11

## RULES & REGULATIONS

Rule 12(b)(6) of the Federal Rules of Civil Procedure.……………………….…1, 8, 12

## OTHER AUTHORITIES

3 Restatement (Second) of Torts § 566 cmt. c (Am. Law Inst. 1977)………..……..…….4

Restatement (Second) of Torts, § 876.…………………………………………...….…8-9

Restatement (Second) of Torts, § 876(c)……………………………………...….…..…8

Tucker Law Group (2021) *The Odyssey of the MOVE Remains, Report
 of the Independent Investigation into the Demonstrative Display
 of MOVE Remains at the PENN Museum and Princeton University*……………..7-8

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and through undersigned counsel, Defendant, Hyperallergic Media, Inc., ("Hyperallergic") files this reply memorandum of law in further support of its motion seeking dismissal of the counts asserted by plaintiff in her Second Amended Complaint for failure to state a claim. In support thereof, Hyperallergic states:

I.  **INTRODUCTION**

This action arises from alleged defamatory statements published about Plaintiff as a result of her work with human remains recovered from the MOVE bombing site in Philadelphia, Pennsylvania. Plaintiff is now bringing the following counts: (Count I) Defamation against University of Pennsylvania, Amy Gutmann, Paul Mitchell, and Wendell Pritchett; (Count II) Defamation by Implication against University Of Pennsylvania, Amy Gutmann, Paul Mitchell, Billy Penn, Maya Kasutto, The Philadelphia Inquirer PBC, Abdul Aily Muhammad, ESPN D/B/A Andscape, Nicole Froio, American Anthropological Association, Slate, Elain Ayers, Teen Vogue, Ezra Lerner, Hyperallergic Media, Kinjal Dave, Nora McGreevy, Al Dia News, Brittany Valentine, Wendell Pritchett, Jenice Armstrong, Linn Washington, and Jake Nussbaum; (Count III) False Light against University Of Pennsylvania, Amy Gutmann, Paul Mitchell, Billy Penn, Maya Kasutto, ESPN D/B/A Andscape, Nicole Froio, Guardian Media Group, Ed Pilkington, Daily Mail And General Trust PLC, Adam Schrader, Slate, Elain Ayers, NYP Holdings Inc., Jackson O'Bryan, Teen Vogue, Ezra Lerner, Wendell Pritchett, and Linn Washington; and (Count IV) Civil Aiding and Abetting against All Defendants.

That is, as to Hyperallergic, Plaintiff has brought a defamation by implication and civil aiding and abetting claim, which are the claims which were dismissed without prejudice against Hyperallergic from Plaintiff's Amended Complaint.

As concerns Defendant Hyperallergic, Plaintiff claims that "[o]n October 31, 2021, Hyperallergic published the article ""How the Possession of Human Remains Led to a Public Reckoning at the Penn Museum," authored by Kinjal Dave and Jake Nussbaum." (*See* Plaintiff's Second Amended Complaint, ¶ 142(j).) Plaintiff avers that "[l]ike its predecessors, the article details the aftermath of the media firestorm, but falsely blames Dr. Monge for a racially motivated investigation of the bone fragments, stating [']Consuella did not consent to Monge's continued use of her daughter's remains for research. Even after those objections, Monge used Tree Africa's remains for teaching[']" (*See* Plaintiff's Second Amended Complaint, ¶ 142(j).)

Notably, Plaintiff's employment-related claims involving her demotion and damages stemming therefrom pre-date the article attributed to Hyperallergic. That is, the article Plaintiff references in her Second Amended Complaint pertaining to Hyperallergic is dated October 31, 2021, (*See* Exhibit O to Plaintiff's Second Amended Complaint) whereas the articles alleged to have been published by other Defendants were, according to Plaintiff's Second Amended Complaint, all published by July, 2021. (*See* Plaintiff's Second Amended Complaint, ¶ 140-142.) While Plaintiff claims she has "been the victim of adverse employment actions" (*see* Plaintiff's Second Amended Complaint, ¶ 157), any adverse employment action complained of by Plaintiff occurred months prior to Hyperallergic's October 31, 2021 publication.

## II. ARGUMENT

### COUNT II - DEFAMATION BY IMPLICATION MUST BE DISMISSED AS AGAINST HYPERALLERGIC

#### 1. Truth As An Absolute Defense to Defamation.

Plaintiff argues in her Memorandum of Law in Opposition to Hyperallergic Media's Motion to Dismiss Plaintiff's Second Amended Complaint that "Hyperallergic once again argues that the statements in its articles cannot be capable of defamatory meaning because they are substantially true" and states that "[b]ut once again, this argument ignores the fact that Dr. Monge's claims are based on the reasonable implications of the statements Hyperallergic made, which, while true, falsely implied that she committed racially motivated professional misconduct." *See* Plaintiff's Memo in Opposition, pg. 22.

However, Plaintiff fails to recognize that the substantial truth of the statements attributable to Hyperallergic render her claim for defamation by implication unactionable. "In Pennsylvania, truth is an absolute defense to defamation." *See Gilbert v. Bionetics Corp.*, Civ. Act. No. 98-2668, 2000 U.S. Dist. LEXIS 8736, at *10 (E.D. Pa. June 6, 2000)(citing *Bobb v. Kraybill*, 354 Pa. Super. 361, 511 A.2d 1379, 1380 (Pa. Super. Ct. 1986).) "The truth required to avoid liability for defamation is not complete truth, but rather substantial truth." *See Gilbert v. Bionetics Corp.*, Civ. Act. No. 98-2668, 2000 U.S. Dist. LEXIS 8736, at *10 (E.D. Pa. June 6, 2000)(citing *Kilian v. Doubleday & Co.*, 367 Pa. 117, 79 A.2d 657, 660 (Pa. 1951).) "While there is no set formula, Pennsylvania has determined proof of substantial truth must go to the "gist" or "sting" of the alleged defamatory matter." *See Gilbert v. Bionetics Corp.*, Civ. Act. No. 98-2668, 2000 U.S. Dist. LEXIS 8736, at *10 (E.D. Pa. June 6, 2000)(citing *Dunlap v.*

*Philadelphia Newspapers, Inc.*, 301 Pa. Super. 475, 448 A.2d 6, 15 (Pa. Super. Ct. 1982).) "Minor inaccuracies in a publication do not rise to the level of falsity if the gist of the allegedly defamatory statement is true." *See Today's Housing v. Times Shamrock Communs., Inc.*, 2010 Pa. Dist. & Cnty. Dec. LEXIS 140, *7.

In the Court's Memorandum granting Hyperallergic's Motion to Dismiss without prejudice as to the claim for defamation by implication, the Court stated that "the statements at issue in the Hyperallergic article are literally true and are pure opinions that are not capable of defamatory meaning." See Docket 108, Court's Memorandum, p. 11. The Court ultimately found that "[b]ecause the allegedly defamatory statements are true, they are not actionable." See Docket 108, Court's Memorandum, p. 8(citing *Tucker*, 237 F.3d at 287.)

### 2. Pure Opinions Are Not Defamatory.

"As Pennsylvania courts recognize, pure opinions cannot be defamatory." *See McCafferty v. Newsweek Media Grp., Ltd.*, 955 F.3d 352, 357 (3d Cir. 2020.) "Under the First Amendment, opinions based on disclosed facts are "absolutely privileged," no matter '"how derogatory'" they are." *See McCafferty v. Newsweek Media Grp., Ltd.*, 955 F.3d 352, 357 (3d Cir. 2020)(citing *Braig v. Field Communications*, 310 Pa. Super. 569, 456 A.2d 1366, 1373 (Pa. Super. Ct. 1983)) (quoting 3 Restatement (Second) of Torts § 566 cmt. c (Am. Law Inst. 1977)) (citing *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 339-40, 94 S. Ct. 2997, 41 L. Ed. 2d 789 (1974))." That holds true even when an opinion is extremely derogatory, like calling another person's statements "anti-Semitic."" *See McCafferty v. Newsweek Media Grp., Ltd.*, 955 F.3d 352, 357 (3d Cir. 2020)(citing *Jones v. City of Philadelphia*, 893 A.2d 837, 845 (Pa. Commw. Ct. 2006).) "When an

4

article discloses the underlying facts, readers can easily judge the facts for themselves." *See McCafferty v. Newsweek Media Grp., Ltd.*, 955 F.3d 352, 357 (3d Cir. 2020)(citing *Redco Corp. v. CBS, Inc.*, 758 F.2d 970, 972 (3d Cir. 1985) (applying Pennsylvania law).) "Everyone is free to speculate about someone's motivations based on disclosed facts about that person's behavior." *See McCafferty v. Newsweek Media Grp., Ltd.*, 955 F.3d 352, 359 (3d Cir. 2020)(citing [Balletta v. Spadoni, 47 A.3d 183], 197-99 [(Pa. Cmwlth. 2012)]. ""[I]f it is plain that the speaker is expressing a subjective view, an interpretation, a theory, conjecture, or surmise, rather than claiming to be in possession of objectively verifiable facts, the statement is not actionable."" *See McCafferty v. Newsweek Media Grp., Ltd.*, 955 F.3d 352, 359 (3d Cir. 2020)(citing *Haynes v. Alfred A. Knopf, Inc.*, 8 F.3d 1222, 1227 (7th Cir. 1993).) "Those statements are just more opinions based on disclosed facts, so they too are not actionable." See *McCafferty v. Newsweek Media Grp., Ltd.*, 955 F.3d 352, 359 (3d Cir. 2020.)

Plaintiff avers in her Second Amended Complaint, as to the article attributable to Hyperallergic, that "[l]ike its predecessors, the article details the aftermath of the media firestorm, but falsely blames Dr. Monge for a racially motivated investigation of the bone fragments, stating [']Consuella did not consent to Monge's continued use of her daughter's remains for research. Even after those objections, Monge used Tree Africa's remains for teaching[']" (*See* Plaintiff's Second Amended Complaint, ¶ 142(j).) In her Memorandum of Law in Opposition to Hyperallergic Media's Motion to Dismiss Plaintiff's Second Amended Complaint, Plaintiff argues that "[Hyperallergic's] article falsely implies a racially motivated investigation of the unidentified bone fragments, including the fact that the bones were being used over objections that never occurred."

5

*See* Plaintiff's Memo in Opposition, pg. 23. However, the Court has already spoken to this point. In dismissing Plaintiff's defamation by implication claim against Hyperallergic, the Court ultimately found that "[t]he opinions in Hyperallergic['s]…article regarding Dr. Monge's "racially motivated investigation" are pure opinions because they are based on disclosed facts, and the readers of the article can judge for themselves, based on the facts set forth in the article, whether or not Dr. Monge's conduct is "anti-Black."" (*See* Docket 108, Court's Memorandum, p. 10)(citing *McCafferty*, 955 F.3d at 357.) The Court even found in its Memorandum dismissing Hyperallergic's motion to dismiss that Plaintiff herself demonstrated that the statements attributable to Hyperallergic were true, indicating that "[t]he allegations in Dr. Monge's amended complaint demonstrate that this statement is, in all material respects, substantially true, and thus Hyperallergic...cannot be liable." See Docket 108, Court's Memorandum, p. 8.[1] To that point, in analyzing Plaintiff's Amended Complaint, the Court stated that by Plaintiff's *own statements* in her Amended Complaint that, "it is literally true that [Plaintiff] did not obtain consent from Consuwella Dotson to use the remains for research" and "it is literally true that [Plaintiff] used the remains for teaching." See Docket 108, Court's Memorandum, p. 8. Finally, the Court found that "[t]o the extent the article implies racial motivation on [Plaintiff's] part, this implication is not actionable because it is a pure opinion." *See* Docket 108, Court's Memorandum, p. 11 (citing *McCafferty*, 955 F.3d at 357.)

   Plaintiff further contends in her Memorandum of Law in Opposition to

---

[1] Plaintiff did not, in fact, obtain permission from Consuewella to use the B-1 remains, which have been associated with Katricia Dotson, for teaching purposes or for a fundraising event. Nonetheless, Dr. Monge did use B-1 remains for teaching purposes. (*See* Exhibit A to Motion to Dismiss Plaintiff's Amended Complaint, part 1, p. 91, part 2, p. 13, 15)(*see also* Exhibit B to Motion to Dismiss Plaintiff's Amended Complaint, p. 8.)

Hyperallergic Media's Motion to Dismiss Plaintiff's Second Amended Complaint that "[a]lthough Hyperallergic attempts to characterize its statements as opinions, they create false implications that Dr. Monge committed racially motivated, and potentially criminal, professional misconduct." *See* Plaintiff's Memo in Opposition, pg. 23. Plaintiff also argues that "Hyperallergic defamatorily implied that Dr. Monge is a racist committing serious professional misconduct, who should not be in her current position." *See* Plaintiff's Memo in Opposition, pg. 24. Hyperallergic previously demonstrated that the Court has already found that Hyperallergic's article contained opinions, and as to Plaintiff's "racially motivated investigation", such opinions are pure opinions to which an article reader can judge based off of the facts in the article whether Plaintiff's conduct is "anti-Black". (*See* Docket 108, Court's Memorandum, p. 10)(citing *McCafferty*, 955 F.3d at 357.) However, as to the purported implication of Plaintiff's professional misconduct, while the findings and conclusions of the report prepared by the Tucker Law Group, dated August 20, 2021 and titled The Odyssey of the MOVE Remains, Report of the Independent Investigation into the Demonstrative Display of MOVE Remains at the PENN Museum and Princeton University, indicate, in part, that "Dr. Monge did not violate any specific professional, ethical or legal standards by retaining and displaying the remains", the same report found and concluded that "Dr. Monge's retention of the remains from 2001 to 2021 and their use in the Princeton Online video course **demonstrated, at a minimum, extremely poor judgement and gross insensitivity to the human dignity and social and political implications of her conduct.**" (*See* Exhibit B to Motion to Dismiss Plaintiff's Amended Complaint, p. 8)(emphasis provided.) Plaintiff has not demonstrated how the purported defamatory

7

statements create an implication which departs from Tucker Law Group's finding and conclusion of "extremely poor judgment" and "gross insensitivity" on the part of Plaintiff in her retention and use of the MOVE remains, especially considering Tucker Law Group's other finding and conclusion that "Dr. Monge did not inform MOVE family members of and obtain their consent to use the remains in the Princeton Online video course." (*See* Exhibit B to Motion to Dismiss Plaintiff's Amended Complaint, p. 8.)[2]

Accordingly, Plaintiff's Defamation by Implication claim against Hyperallergic must fail.

Defendant Hyperallergic Media, Inc. respectfully requests that this Honorable Court strike Count Two of Plaintiff's Second Amended Complaint with prejudice.

### COUNT IV – CIVIL AIDING AND ABETTING MUST BE DISMISSED AS AGAINST HYPERALLERGIC

Pursuant to the Restatement (Second) of Torts, § 876(c), "[f]or harm resulting to a third person from the tortious conduct of another, one is subject to liability if he"

> (c) gives substantial assistance to the other in accomplishing a tortious result and his own conduct, separately considered, constitutes a breach of duty to the third person.
>
> *See* Restat 2d of Torts, § 876.

---

[2] The Court can properly consider the independent investigations referenced in Plaintiff's Second Amended Complaint, and also attached to Hyperallergic's previously-filed Motion to Dismiss Plaintiff's [First] Amended Complaint because "[i]t is well-settled that a court may look beyond the complaint in ruling on a motion to dismiss and consider "matters of public record, including court files and records, documents referenced in the complaint, and documents essential to a plaintiff's claims and attached to either the plaintiff's complaint or the moving defendants' Rule 12(b)(6) motions to dismiss."" *See Wiggs v. Foley*, No. 5:20-cv-02267, 2021 U.S. Dist. LEXIS 139390, at *6-7 (E.D. Pa. July 27, 2021)(citing *Gorton v. Air & Liquid Sys. Corp.*, 303 F. Supp. 3d 278, 303 (M.D. Pa. 2018) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993))); *see also* Plaintiff's Second Amended Complaint, ¶ 155 ("To date, three separate independent investigations have been conducted on the handling of the unidentified remains from the MOVE bombing site, and none of the reports have found that Dr. Monge violated any professional, ethical, or legal standards, nor have they concluded that the bone fragments were those belonging to Katricia or Delisha Africa.")

"Substantial assistance is typically found in situations where facts are pled or proved which clearly demonstrate active encouragement to commit the tortious conduct." *See Cruz v. Roberts*, 70 Pa.D.&C.4th 225, 235 (C.P. Lancaster 2005)(citing *Welc v. Porter*, 450 Pa. Super. 112, 120, 675 A.2d 334, 338 (1996).) "In determining whether "substantial assistance" has been given, it appears that some affirmative action must be taken which causes the tortious actor to conduct himself/herself inappropriately." *See Cruz v. Roberts*, 70 Pa.D.&C.4th 225, 235-36 (C.P. Lancaster 2005)(citing [*Welc v. Porter*, 450 Pa. Super. 112, 120-22, 675 A.2d 334, 338-39 (1996)].) "Liability under Section 876 "can only be imposed where a plaintiff avers sufficient facts indicating that the [defendant] substantially assisted or encouraged [the bad actor's] tortious conduct." *See* Docket 108, Court's Memorandum, p. 12 (citing *Welc v. Porter*, 675 A.2d 334, 339 (Pa. Super. Ct. 1996).

In her Memorandum of Law in Opposition to Hyperallergic Media's Motion to Dismiss Plaintiff's Second Amended Complaint, Plaintiff contends:

> Despite being put on notice that their source was flimsy at best and a blatant liar at worst, the Defendants conducted no investigations as to the allegations made by Mitchell and the other Defendants' articles, nor did they care to do so. Rather, they were determined to assist in amplifying Mitchell's "Cancel Culture" movement against Dr. Monge, and they did so by publishing their own knowingly false stories to lend legitimacy to the false narrative being pushed and allowing that false narrative to be read by a much wider audience. In doing so, they not only committed their own tort, but they provided substantial assistance to the other defendants in developing the false and defamatory persecution of Dr. Monge.

*See* Plaintiff's Memo in Opposition, pgs. 24-25.

At the outset, Hyperallergic asserts that Plaintiff has in no way demonstrated how Hyperallergic provided substantial assistance to any other Defendant in this matter. Hyperallergic has committed no tortious conduct here, as "the statements at issue in the

9

Hyperallergic article are literally true and are pure opinions that are not capable of defamatory meaning." (*See* Docket 108, Court's Memorandum, p. 11.)

Furthermore, Plaintiff's employment-related claims involving her demotion and damages stemming therefrom pre-date the article attributed to Hyperallergic. That is, the article Plaintiff references in her Second Amended Complaint pertaining to Hyperallergic is dated October 31, 2021, (*See* Exhibit O to Plaintiff's Second Amended Complaint) whereas the articles alleged to have been published by other Defendants were, according to Plaintiff's Second Amended Complaint, all published by July, 2021. (*See* Plaintiff's Second Amended Complaint, ¶ 140-142.) While Plaintiff claims she has "been the victim of adverse employment actions" (*see* Plaintiff's Second Amended Complaint, ¶ 157), any adverse employment action complained of by Plaintiff occurred months prior to Hyperallergic's October 31, 2021 publication.

Thus, Plaintiff has not shown, and cannot show that Hyperallergic provided substantial assistance to any other Defendant as all the other articles pre-date the Hyperallergic publication. Accordingly, Plaintiff's Civil Aiding and Abetting claim against Hyperallergic must fail.

Defendant Hyperallergic Media, Inc. respectfully requests that this Honorable Court strike Count Four of Plaintiff's Second Amended Complaint with prejudice.

**CLAIMS FOR PUNITIVE DAMAGES MUST BE DISMISSED AS AGAINST HYPERALLERGIC**

Plaintiff seeks punitive damages in her causes of action against Hyperallergic for (Count II) defamation by implication and (Count IV) civil aiding and abetting.

Punitive damages are rarely appropriate and are only to be awarded in cases to punish extreme or egregious behavior. *Martin v. Johns-Manville Corp.*, 494 A.2d 1088,

10

1097 (Pa. 1985)(plurality opinion), rev'd on other grounds, 528 A.2d 947 (1987). Specifically, a Court's assessment of punitive damages is only proper where a person's actions are of such an outrageous nature as to show intentional, willful or wanton conduct due to the defendant's evil motive or reckless indifference to the rights of others. *SHV Coal, Inc. v. Cont'l Grain Co.*, 587 A.2d 702, 704 (Pa. 1991); *Chambers v. Montgomery*, 192 A.2d 355, 358 (Pa. 1963).

Plaintiff attempts to assert claims for punitive damages fails because she pleads no specific facts about Hyperallergic for a reasonable person to conclude that an award of punitive damages would be appropriate. It is notable that the Court has found that "the statements at issue in the Hyperallergic article are literally true and are pure opinions that are not capable of defamatory meaning" and "[t]o the extent the article implies racial motivation on [Plaintiff's] part, this implication is not actionable because it is a pure opinion." *See* Docket 108, Court's Memorandum, p. 11 (citing *McCafferty*, 955 F.3d at 357.)" "Simply pleading outrageous conduct does not satisfy the requirement of stating facts which, if proven, would form a basis for a jury concluding that the conduct was such that an award for punitive damages was warranted." *See Wilson v. Chestnut Hill Healthcare*, CIVIL ACTION NO. 99-CV-1468, 2000 U.S. Dist. LEXIS 1580, at *18 (E.D. Pa. Feb. 17, 2000)(citing *Brownawell v. Bryan*, 40 Pa. D. & C.3d 604, 606 (C.P. Cumberland 1985.) Plaintiff's allegations of punitive damages generally refer to all Defendants and Plaintiff makes conclusory allegations about Hyperallergic which cannot, as a matter of law, survive this Motion to Dismiss. *See Harris v. Saint Joseph's Univ.*, No. 13-3937, 2014 U.S. Dist. LEXIS 65452, at *3 (E.D. Pa. May 12, 2014)(citing *Fowler*

*v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009))("Conclusory allegations are insufficient to survive a motion to dismiss.")

Accordingly, Plaintiff's claims for punitive damages in Counts II and IV of the Second Amended Complaint warrant dismissal.

### III. CONCLUSION

Defendant, Hyperallergic Media, Inc., respectfully submits that the Court dismiss the claims filed by plaintiff in her Second Amended Complaint against defendant, Hyperallergic Media, Inc., with prejudice, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Respectfully submitted,

**THOMAS PASCHOS & ASSOCIATES, P.C.**

By: *Thomas Paschos*
Thomas Paschos, Esquire (TP8039)
325 Chestnut Street, Suite 800
Philadelphia, PA 19106
215-636-0555
TPaschos@paschoslaw.com
Attorneys for Defendant,
Hyperallergic Media, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANET MONGE | : |
|       Plaintiff, | : Civil Action No: 22-cv-02942-GEKP |
| v. | : |
| UNIVERSITY OF PENNSYLVANIA, et al. | : **CERTIFICATE OF SERVICE** |
|       Defendants. | : |

I certify that on the date indicated herein, I caused an original of defendant, Hyperallergic Media's Reply in Further Support of Motion to Dismiss Plaintiff's Second Amended Complaint to be filed electronically with the Clerk of the United States District Court for the Eastern District of Pennsylvania and that service of same will be effectuated by the Court via electronic mail.

Dated: October 5, 2023        **THOMAS PASCHOS & ASSOCIATES, P.C.**

By:  *Thomas Paschos*
     Thomas Paschos, Esquire (TP8039)
     325 Chestnut Street, Suite 800
     Philadelphia, PA 19106
     267-205-2444
     TPaschos@paschoslaw.com
     Attorneys for Defendant,
     Hyperallergic Media