**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JANET MONGE<br><br>Plaintiff,<br>vs.<br><br>UNIVERSITY OF PENNSYLVANIA, et al.<br><br>Defendant | Civil Action No.: 2:22-cv-02942-HB |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT, AMERICAN ANTHROPOLOGICAL ASSOCIATION'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

Respectfully submitted,

**WILSON ELSER MOSKOWITZ EDELMAN AND DICKER LLP**

By: */s/Kathleen D. Wilkinson*
Kathleen D. Wilkinson, Esquire
Two Commerce Square
2001 Market Street – Suite 3100
Philadelphia, PA 19103
Phone: (215) 627-6900
Kathleen.Wilkinson@wilsonelser.com

Date: October 11, 2023

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES……………………………………………………………..ii

I. INTRODUCTION……………………………………………………………....1

II. ARGUMENT…………………………………………………………………….....1

a. Plaintiff's Defamation by Implication Claim (Count II) Must be Dismissed Because Plaintiff has Failed to Establish an Actionable Claim…………………...1

i. The Association's Statements are Substantially True, and Therefore Not Actionable……………………………………………………………1

ii. The Association's Statements are Pure Opinions, and Therefore Not Actionable……………………………………………………………3

1. The Statement is based on disclosed facts………………………...3

2. The Statement was based on the subjective belief of the Association……………………………………………………...5

b. Plaintiff's Claim for Civil Aiding and Abetting Must be Dismissed as Plaintiff has Failed to Establish an Actionable Claim…………………………………...6

c. Plaintiff's Second Amended Complaint Failed to Adequately Plead and Establish an Actionable Claim for Punitive Damages……………………………8

III. CONCLUSION…………………………………………………………….....10



287481094v.1

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)....................7

*Balletta v. Spadoni*,
47 A.3d 183 (Pa. Commw. Ct. 2012)....................4

*Bobb v. Kraybill*,
11 A.2d 1379 (Pa. Super. Ct. 1986)....................2

*Braig v. Field Communications*,
310 Pa. Super. 569 (1983)....................4

*Boring v. Google Inc.*,
362 F. App'x 273 (3d Cir. 2010)....................8

*Bull Int'l, Inc. v. MTD Consumer Grp, Inc.*,
654 F. App'x 80 (3d Cir. 2016)....................1

*Butler v. Yamaha Motor Co., Ltd.*,
1992 U.S. Dist. LEXIS 9667 (E.D. Pa. July 9, 1992)....................8

*Daniel Boone Area Sch. Dist. v. Lehman Bros., Inc.*,
187 F.Supp.2d 400 (W.D. Pa. 2020)....................6

*Doe v. Liberatore*,
478 F. Supp. 2d 742 (M.D. Pa. 2007)....................6

*Dunlap v. Phila. Newspapers, Inc.*,
448 A.2d 6 (1982)....................1

*Failla v. City of Passaic*,
146 F.3d 149 (3d Cir. 1998)....................6

*Feldman v. Lafayette Green Condo. Ass'n*,
806 A.2d 497 (Pa. Commw. Ct. 2002)....................3

*Fulton Bank, N.A. v. UBS Sec., LLC*,
No. 10-1093, 2011 U.S. Dist. LEXIS 128820 (E.D. Pa. Nov. 7, 2011)....................6

*Goralski v. Pizzimenti*,
540 A.2d 595 (Pa. Commw. Ct. 1988)....................3

*Graboff v. Colleran Firm*,

744 F.3d 128 (3d Cir. 2014)……………………………………………………………….1, 2

*Griffiths v. CIGNA Corp.*,

857 F. Supp. 399 (E.D. Pa. 1994), *aff'd*, 60 F.3d 814 (3d Cir. 1995)…………………..…8

*Grogan v. Duane, Morris & Heckscher*,

Civil Action No. 90-4105, 1991 U.S. Dist. LEXIS 7550 (E.D. Pa. June 4, 1991)………..4

*Gula v. Advanced Cargo Transp.*,

No. 3:13-CV-226, 2013 U.S. Dist. LEXIS 64643 (M.D. Pa. May 7, 2013)………………9

*Hepps v. Philadelphia Newspaper, Inc.*,

506 Pa. 304 (1984)……………………………………………………………………...2

*Hutchinson v. Luddy*,

870 A.2d 766 (2005)…………………………………………………………………….8

*Kovalev v. Lab'y Corp. of Am. Holdings*,

No. 22-0552, 2023 U.S. Dist. LEXIS 29614 (E.D. Pa. Feb. 22, 2023)…………………...9

*Kurowski v. Burroughs*,

994 A.2d 611 (Pa. Super. Ct. 2010)……………………………………………………4

*Lindsley v. Am. Honda Motor Co.*,

No. 16-941, 2017 U.S. Dist. LEXIS 105586 (E.D. Pa. July 7, 2017)……………………..9

*Martin v. Johns-Manville Corp.*,

494 A.2d 1088 (1985)…………………………………………………………………..8

*McCafferty v. Newsweek Media Grp., Ltd.*,

955 F.3d 352 (3d Cir. 2020)……………………………………………………………4, 5

*Meyers v. Certified Guar. Co.*,

*LLC*, 221 A.3d 662 (Pa. Super. Ct. 2019)………………………………………………5

*Milkovich v. Lorain Journal Co.*,

497 U.S. 1 (1990)………………………………………………………………………….5

*Montefusco v. ESPN Inc.*,

47 F. App'x 124 (3d Cir. 2002)…………………………………………………………3

*Parano v. O'Connor*,

641 A.2d 607 (Pa. Super. Ct. 1994)……………………………………………………….3



287481094v.1

*Sarkees v. Warner-W. Corp.*,
37 A.2d 544 (Pa. 1944)……………………………………………………………1

*Scott v. News-Herald*,
496 N.E.2d 699 (Ohio. 1986)……………………………………………………...5

*Sedore v. Recorder Publ'g Co.*,
315 N.J. Super. 137 (N.J. App.Div. 1998)………………………………………...3

*Tennis v. Ford Motor Co.*,
730 F. Supp. 2d 437 (W.D. Pa. 2010)……………………………………………..8

*Tucker v. Fischbein*,
237 F.3d 275 (3d Cir. 2001)………………………………………………………….3

*Welc v. Porter*,
675 A.2d 334, 339 (Pa. Super. Ct. 1966)…………………………………………….6

*Wright v. Ryobi Techs., Inc.*,
175 F. Supp. 3d 439 (E.D. Pa. 2016)………………………………………………...8

**Other Authorities**

Fed. R. Civ. P. § 12(b)(6)………………………………………………………..1, 6, 8, 9

42 Pa. C.S. § 8343(b)(1)……………………………………………………………...1

Restatement (Second) of Torts § 566……………………………………………...5

Restatement (Second) of Torts § 876………………………………………………6

**Opinions**

Judge Pratter's Memorandum, Docket 108…………………………………………….7

Judge Pratter's Memorandum, Docket 112………………………………………..…2-7

Judge Pratter's Memorandum, Docket 114…………………………………………….7

Judge Pratter's Memorandum, Docket 116…………………………………………….7

Judge Pratter's Memorandum, Docket 120…………………………………………….7

**Record**

Plaintiff's Brief In Opposition to Defendant, American Anthropological Association's
Motion to Dismiss Plaintiff's Second Amended Complaint……………………………2, 7

Defendant, American Anthropological Association's Motion to Dismiss Plaintiff's
Second Amended Complaint…………………………………………………………6

## I. INTRODUCTION

Defendant, American Anthropological Association (hereinafter "The Association"), by and through their attorneys, Wilson Elser Moskowitz Edelman and Dicker LLP, hereby submit this Reply Memorandum of Law in Support of its Motion to Dismiss Plaintiff's Second Amended Complaint pursuant to Rule 12(b)(6). The Association moves to have Plaintiff's Second Amended Complaint dismissed with prejudice as the Association's statement is a non-actionable pure opinion and substantially true. Further, as Plaintiff cannot maintain a claim for defamation by implication, there is no underlying claim to support Plaintiff's allegations of civil aiding and abetting and punitive damages, therefore the claims of civil aiding and abetting and punitive damages must be dismissed with prejudice.

## II. ARGUMENT

### a. Plaintiff's Defamation by Implication Claim (Count II) Must be Dismissed Because Plaintiff has Failed to Establish an Actionable Claim.

#### i. The Association's Statements are Substantially True, and Therefore Not Actionable.

"A defendant may avoid liability for defamation if it shows that its statements were 'substantially true.'" *Graboff v. Colleran Firm*, 744 F.3d 128, 136 (3d Cir. 2014); *see also* 42 Pa. C.S. § 8343(b)(1). "The proof of 'truth' must go to the 'gist' or 'sting' of the defamation." *Dunlap v. Phila. Newspapers, Inc.*, 448 A.2d 6, 15 (1982). "[A] defendant cannot use truth as a defense where 'the implication of the communication *as a whole* was false,' even if the statement is 'literally accura[te].'" *Id.* (citing *Dunlap,* 448 A.2d at 15). "[Defamation by implication] cannot be used to introduce new matter, or to enlarge the natural meaning of the words, and thereby give to the language a construction which it will not bear[.]" *Bull Int'l, Inc. v. MTD Consumer Grp, Inc.*, 654 F. App'x 80, 105 (3d Cir. 2016) (quoting *Sarkees v. Warner-W. Corp.*, 37 A.2d 544, 546

(Pa. 1944)). "[Consequently,] [i]f the publication complained of is not in fact libelous, it cannot be made so by an innuendo which puts an unfair and forced construction on the interpretation of the publication." *Id.*

Plaintiff asserts in her Opposition "that the reasonable **implications** of the statements of the Association made falsely implied that she committed racially motivated professional misconduct." Br. in Opp., at 22. This statement is in complete contradiction of the established case law and the case law cited by Plaintiff. The implication as a whole must be false, not a "reasonable implication" of falsity. *See Graboff*, 744 F.3d at 15. Plaintiff fails to recognize the truth associated with the Association's statement.

"Truth is an absolute defense to defamation in Pennsylvania." *Bobb v. Kraybill*, 11 A.2d 1379, 1380 (Pa. Super. Ct. 1986) (citing *Hepps v. Philadelphia Newspaper, Inc.*, 506 Pa. 304 (1984)). As previously ruled on by Judge Pratter, the groups' "statements are true, they are not actionable." *See* Docket 112, Court's Memorandum, p. 7. Judge Pratter analyzed the statements with comparisons to the facts of the case and determined not only were the statements substantially true, but they were true. *Id.* Judge Pratter determined numerous facts supported the Association's statements:

> Given the role these entities played in facilitating Dr. Monge's use of the remains for research and more importantly for teaching purposes, and given that these entities benefitted from Dr. Monge's teaching endeavors, it is *substantially true* that these entities benefitted from the use of the remains of Black Children.
>
> . . .
>
> It is also substantially true that the remains were of "Black children murdered in a state terrorist attack."
>
> . . .
>
> While Dr. Monge and Dr. Mann concluded that the remains belonged to someone between the ages of 17 and 21, Dr. Hameli

> concluded that the remains belonged to a child, thus it is *substantially true* that the remains belonged to "Black children."

*Id*. at p. 6-7 (emphasis added). Plaintiff's attempt for force an interpretation of statements, that are substantially true, fails here. As the statement has not changed, there is no reason to disturb the previous holding of Judge Pratter.

Further, "[t]he jury decides whether a statement is defamatory *only when* the trial court determines that 'the statement is reasonably susceptible to both a defamatory and a non-defamatory meaning.'" *Montefusco v. ESPN Inc.*, 47 F. App'x 124, 125 (3d Cir. 2002) (quoting *Sedore v. Recorder Publ'g Co.*, 315 N.J. Super. 137, 145 (N.J. App.Div. 1998)) (emphasis added). As previously held, Judge Pratter determined "[b]ecasue the allegedly defamatory statements are true, they are not actionable." *See* Docket 112, Court's Memorandum, p. 7 (citing *Tucker v. Fischbein*, 237 F.3d 275, 287 (3d Cir. 2001)). A jury determination is unnecessary when the statement is true and not subject to defamatory interpretation. The statement is non-actionable and should not be presented to a jury.

As the truth is an absolute bar to a claim for defamation, and the Association's statements are substantially true at a minimum, Plaintiff's claim for defamation by implication must be dismissed with prejudice because the Association's statement is non-actionable.

**ii. The Association's Statements are Pure Opinions, and Therefore Not Actionable.**

**1. The Statement is based on disclosed facts.**

"It is clear that expressions of pure opinion that rely on *disclosed facts* are not actionable." *Feldman v. Lafayette Green Condo. Ass'n*, 806 A.2d 497, 501 (Pa. Commw. Ct. 2002) (citing *Parano v. O'Connor*, 641 A.2d 607 (Pa. Super. Ct. 1994)) (emphasis added); *see also Goralski v. Pizzimenti*, 540 A.2d 595 (Pa. Commw. Ct. 1988) (statement that substitute teacher engaged in

"misconduct" was non-actionable opinion, where disclosed facts supported determination). "A statement of pure opinion, however, no matter how unjustified, unreasonable or derogatory, is not defamatory." *Grogan v. Duane, Morris & Heckscher,* Civil Action No. 90-4105, 1991 U.S. Dist. LEXIS 7550, at *15 (E.D. Pa. June 4, 1991). "While an opinion without more is not actionable, a plaintiff can maintain a defamation action if she can show that a statement of opinion may reasonably be understood to imply the *existence of undisclosed defamatory facts* underlying the opinion." *Id.* at *14 (citing *Braig v. Field Communications,* 310 Pa. Super. 569 (1983)) (emphasis added). "Everyone is free to speculate about someone's motivations based on *disclosed facts* about that person's behavior." *McCafferty v. Newsweek Media Grp., Ltd.*, 955 F.3d 352, 359 (3d Cir. 2020) (citing *Balletta v. Spadoni*, 47 A.3d 183, 197-99 (Pa. Commw. Ct. 2012)) (emphasis added).

As previously decided by Judge Pratter, the statements of the Association are pure opinions. *See* Docket 112, Court's Memorandum, p. 10. Here, the Association's statement was based on clearly disclosed facts. The Association's expression of opinion, based on disclosed facts, is not sufficient for an action of defamation. *See Kurowski v. Burroughs,* 994 A.2d 611, 618 (Pa. Super. Ct. 2010). Regardless of how unjustified or unreasonable Dr. Monge might believe the statement by the Association is, because it is based on disclosed fact, it cannot be defamatory. *See Id.* Judge Pratter pointed out, the statement is "based on *facts disclosed* in the article, namely the history of the MOVE bombing, Dr. Monge's involvement with the identification of the bones in the aftermath of the bombing, and the quote from Mike Africa, Jr. regarding the Africa family's displeasure with the handling of the remains." *Id*. at p. 9 (emphasis added). Further, the statement contained "a hyperlink to multiple articles that similarly set forth detailed accounts of the MOVE bombing and Dr. Monge's involvement in the identification of the remains." *Id.*

As Judge Pratter concluded, because the statement was "based on *disclosed facts*, the readers of the published statement can judge for themselves whether they agree . . .." *Id.* (emphasis added). This is contrary to Plaintiff's opposition, as Plaintiff does not acknowledge the basis of the statement being *disclosed fact*.

**2. The Statement was based on the subjective belief of the Association.**

Further, "[a] statement of fact can be verified as true or false, whereas an expression of opinion only conveys a subjective belief of the speaker." *Meyers v. Certified Guar. Co., LLC*, 221 A.3d 662, 670 (Pa. Super. Ct. 2019) (citing Restatement (Second) of Torts § 566, Comment (a)); *see also Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 21 (1990) (quoting *Scott v. News-Herald*, 496 N.E.2d 699, 707 (Ohio. 1986)) ("Unlike a subjective assertion the averred defamatory language is an articulation of an objectively verifiable event.").

Here, the Association published a statement based on their subjective belief of an objectively verifiable event. *See* Docket 112, Court's Memorandum, p. 9. As explained by Judge Pratter, "[h]ow 'painful' these facts are to the American Anthropological Association and ABA is an opinion because it expresses the 'subjective belief of the speaker.' *Meyers*, 221 A.3d at 670." *See* Docket 112, Court's Memorandum, p. 10. The facts underlying this belief are disclosed, published and readily available, making the Association's statement a non-actionable pure opinion. *See* Docket 112, Court's Memorandum, p. 9. Further, Judge Pratter determined "[t]o the extent the statement implies 'unethical and illegal racially motivated animus' on Dr. Monge's part, this implication is not actionable because it is a pure opinion." *Id*. at p. 10 (citing *McCafferty*, 955 F.3d at 357).

The Court should dismiss Plaintiff's Second Amended Complaint as to the Count of Defamation of Implication with prejudice pursuant to Rule 12(b)(6), as the Association's statement is a pure opinion based on disclosed facts and subjective belief.

**b. Plaintiff's Claim for Civil Aiding and Abetting Must be Dismissed as Plaintiff has Failed to Establish an Actionable Claim.**

"Section 876(b) of the Restatement (Second) of Torts provides that "one is subject to liability [for civil aiding and abetting] if he . . . knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself[.]" *See* Docket 112, Court's Memorandum, p. 12. "To demonstrate 'substantial assistance,' the plaintiff must establish that the defendant took 'some affirmative action which cause[d] the tortious actor to conduct himself inappropriately." *Id.* (citing *Doe v. Liberatore*, 478 F. Supp. 2d 742, 759 (M.D. Pa. 2007)). "Liability under Section 876 'can only be imposed where a plaintiff avers sufficient facts indicating that the [defendant] substantially assisted or encouraged [the bad actor's] tortious conduct." *Id.* (citing *Welc v. Porter*, 675 A.2d 334, 339 (Pa. Super. Ct. 1966)).

"[A]n aider and abettor must willfully and knowingly associate himself with another's unlawful act." *Fulton Bank, N.A. v. UBS Sec., LLC*, No. 10-1093, 2011 U.S. Dist. LEXIS 128820, at *62 (E.D. Pa. Nov. 7, 2011) (citing *Failla v. City of Passaic*, 146 F.3d 149, 158 (3d Cir. 1998)); *see also Daniel Boone Area Sch. Dist. v. Lehman Bros., Inc.*, 187 F.Supp.2d 400, 412 (W.D. Pa. 2020 ("The plain language of § 876(a) indicates that a concert of action claim will lie only if both persons who are alleged to have acted in concert each committed a tortious act."). "[I]t is essential that the conduct of the actor be in itself tortious." *Id.* (citing the Restatement (Second) of Torts § 876, Comment (c)).

Here, Plaintiff's claim for civil aiding and abetting must be dismissed as there is no underlying tort to support the alleged claim. The Association's statement was previously ruled as,

and should be ruled again as a pure opinion and substantially true. There has been no unlawful act committed, therefore, there is nothing to support a claim of civil aiding and abetting against the Association. As there is no underlying tort, the Court will still be unable "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See* Docket 112, Court's Memorandum, p. 12 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

It has also been held that multiple other defendants who Plaintiff claimed to have made allegedly defamatory statements, were also either substantially true or pure opinions, and therefore not actionable. *See generally* Docket 108, Court's Memorandum; Docket 114, Court's Memorandum; Docket 116, Court's Memorandum; Docket 120, Court's Memorandum. There can be no acting in concert between alleged tortious actors when no underlying tort was committed by any party.

Plaintiff's Opposition contends the following:

> Despite being put on notice that their source was flimsy at best and a blatant liar at worst, the Defendants conducted no investigations as to the allegations made by Mitchell and the other Defendants' articles, nor did they care to do so. Rather, they were determined to assist in amplifying Mitchell's "Cancel Culture" movement against Dr. Monge, and they did so by publishing their own knowingly false stories to lend legitimacy to the false narrative being pushed and allowing that false narrative to be read by a much wider audience. In doing so, they not only committed their own tort, but they provided substantial assistance to the other defendants in developing the false and defamatory persecution of Dr. Monge.

*See* Br. in Opp. At 24-25.

Further, Plaintiff's Second Amended Complaint is still deficient with regard to identification of wrongdoers. *See* Exhibit "B" to Def's Mot. Dismiss, at Count IV. Between Plaintiff's Second Amended Complaint and Opposition, she has failed to demonstrate how the Association encouraged a bad actor or provided substantial assistance. Plaintiff Second Amended

Complaint generally alleges "Defendants" acted in concert, but does not aver which defendants specifically, whether the Association allegedly knew that the other Defendants were breaching a duty or encouraged them to do so, or gave substantial assistance to the other Defendants in accomplishing an alleged tortious result.

As a result of there being no underlying tort to support Plaintiff's claim for civil aiding and abetting, and Plaintiff's deficient pleading in who the Association acted in concert with and what substantial assistance was provided, Plaintiff's Count IV of the Second Amended Complaint must be dismissed with prejudice pursuant to Rule 12(b)(6).

**c. Plaintiff's Second Amended Complaint Failed to Adequately Plead and Establish an Actionable Claim for Punitive Damages.**

"State law governs the legal standard for punitive damages." *Wright v. Ryobi Techs., Inc.*, 175 F. Supp. 3d 439, 455 (E.D. Pa. 2016) (citing *Griffiths v. CIGNA Corp.*, 857 F. Supp. 399, 409-10 (E.D. Pa. 1994), *aff'd*, 60 F.3d 814 (3d Cir. 1995)). Under Pennsylvania law, a high and exacting standard has been established for the award of punitive damages. "[I]n Pennsylvania, a punitive damages claim must be supported by evidence sufficient to establish that (1) a defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and that (2) he acted, or failed to act, as the case may be, in conscious disregard of that risk." *Hutchinson v. Luddy,* 870 A.2d 766, 772 (2005) (citing *Martin v. Johns-Manville Corp.*, 494 A.2d 1088, 1097-98 (1985)). "It is settled law that one cannot recover punitive damages independently from an underlying cause of action." *Tennis v. Ford Motor Co.*, 730 F. Supp. 2d 437, 451 (W.D. Pa. 2010) (quoting *Butler v. Yamaha Motor Co., Ltd.*, 1992 U.S. Dist. LEXIS 9667, at *6 (E.D. Pa. July 9, 1992)).

Contrary to what Plaintiff stated in her Opposition, punitive damages can be dismissed at the Rule 12(b)(6) stage. *See Boring v. Google Inc.*, 362 F. App'x 273, 283 (3d Cir. 2010) ("under the pleading standards we are bound to apply, there is simply no foundation in the complaint for a

demand for punitive damages."); *Gula v. Advanced Cargo Transp.*, No. 3:13-CV-226, 2013 U.S. Dist. LEXIS 64643, at *6 (M.D. Pa. May 7, 2013) ("[R]ule 12(b)(6) provides the appropriate remedy when challenging a request for punitive damages."); *Kovalev, Lab'y Corp. of Am. Holdings*, No. 22-0552, 2023 U.S. Dist. LEXIS 29614, at *56 (E.D. Pa. Feb. 22, 2023) (dismissing punitive damages at 12(b)(6) stage as underlying claims could not be maintained); *Lindsley v. Am. Honda Motor Co.*, No. 16-941, 2017 U.S. Dist. LEXIS 105586, at *28 (E.D. Pa. July 7, 2017) ("Plaintiff's claims of negligence, strict liability, negligent infliction of emotional distress, breach of warranty, and negligent failure to warn do not allege that Defendants acted outrageously or maliciously. Accordingly, Plaintiff's allegations do not warrant relief under punitive damages.").

A claim for punitive damages is not warranted. There are no underlying claims available to support punitive damages. The Association's statement is a pure opinion, as well as being substantially true. This means Plaintiff cannot maintain an actionable claim for defamation by implication, which in turn means claims for civil aiding and abetting and punitive damages cannot be maintained because of the lack of an underlying tort to support them. As there is not a basis for Plaintiff's claim for punitive damages, it must be dismissed with prejudice as to the Association.

## III. CONCLUSION

As the Association's statement is a pure opinion and substantially true, an action for defamation by implication cannot be maintained by Plaintiff. Further, because an action for defamation by implication cannot be maintained by Plaintiff, there is no underlying tort or cause of action to support claims for civil aiding and abetting or punitive damages. The Association respectfully requests that this Court grant its Motion to Dismiss, and enter an Order dismissing Plaintiff's Second Amended Complaint with prejudice pursuant to Rule 12(b)(6).

Respectfully submitted,

**WILSON ELSER MOSKOWITZ EDELMAN AND DICKER LLP**

By: */s/Kathleen D. Wilkinson*
Kathleen D. Wilkinson, Esquire
PA I.D. NO. 34579
Two Commerce Square
2001 Market Street – Suite 3100
Philadelphia, PA 19103
Phone: (215) 627-6900
Fax: (215) 627-2665
Kathleen.Wilkinson@wilsonelser.com

Date: October 11, 2023

*Attorney for Defendant*
*American Anthropological Association*

**CERTIFICATE OF SERVICE**

I, KATHLEEN D. WILKINSON, ESQUIRE, hereby certify that a true and correct copy of the Reply Memorandum of Law of Defendant, American Anthropological Association's Motion to Dismiss Plaintiff's Second Amended Complaint was served on the date set forth below to all parties and/or their counsel via first class mail and/or the electronic filing system.

WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP

BY: /s/Kathleen D. Wilkinson
Kathleen D. Wilkinson, Esquire
*Attorney for Defendant,*
*American Anthropological*
*Association*

Dated: October 11, 2023

**CERTIFICATE OF NO CONCURRENCE**

Undersigned Counsel for Defendant, American Anthropological Association, hereby certifies that efforts were made to seek concurrence from counsel for the Plaintiff concerning the foregoing Motion to Dismiss, but that the parties could not agree to resolve the issues raised in the Motion/lawsuit.

By: /s/Kathleen D. Wilkinson
Kathleen D. Wilkinson, Esquire

Dated: October 11, 2023

**CERTIFICATE OF COMPLIANCE**

Undersigned Counsel for Defendant, American Anthropological Association hereby certifies that foregoing Motion to Dismiss complies with Local Rule 5.1.3 regarding personal identification information.

By: /s/Kathleen D. Wilkinson
Kathleen D. Wilkinson, Esquire

Dated: October 11, 2023