IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| JANET MONGE, | : | CIVIL ACTION |
|                Plaintiff | : | |
| v. | : | No. 22-cv-02942 (GP) |
| | : | |
| UNIVERSITY OF PENNSYLVANIA, et al. | : | |
| | : | |
|                Defendants. | : | |
| | : | |

**DEFENDANT NORA MCGREEVY'S REPLY IN SUPPORT OF HER MOTION TO DISMISS JANET MONGE'S SECOND AMENDED COMPLAINT**

Defendant Nora McGreevy ("McGreevy"), by her undersigned attorneys, respectfully submits this reply (the "Reply") to Plaintiff's Memorandum of Law in Opposition to Nora McGreevy's Motion to Dismiss Second Amended Complaint, ECF No. 158 (the "Response"), filed on September 27, 2023.

As explained in McGreevy's Motion to Dismiss, Plaintiff Dr. Janet Monge's ("Plaintiff" or "Monge") Second Amended Complaint failed to address any of the reasons this Court dismissed the First Amended Complaint as to McGreevy. Memorandum of Law in Support of Defendant Nora McGreevy's Motion to Dismiss Janet Monge's Second Amended Complaint ("Motion to Dismiss"), ECF No. 137-1. Instead, Monge simply repleaded the same claims against McGreevy that this Court already dismissed—she offered no reasons why ***McGreevy*** acted with actual malice, no reasons why ***McGreevy*** engaged in some conspiracy to aid and abet defamation, and offered no new arguments as to why ***McGreevy***'s article implied something defamatory.

The Response does exactly the same thing. It makes the same arguments which this Court already rejected when granting McGreevy's Motion to Dismiss the First Amended

Complaint and no new facts that might support a different result. As to the alleged "conspiracy," Plaintiff again engages in group pleading and attempts to rope McGreevy into an alleged conspiracy without pleading any facts whatsoever that tie *McGreevy* to this conspiracy which, on its face, is limited solely to other defendants. *See* Response at 9 ("Aligned against their common target, Kas[s]utto and Mitchell determined they could harm Dr. Monge . . . ."). Plaintiff does not allege that McGreevy had any involvement in the underlying dispute between Plaintiff and Paul Mitchell, Maya Kassutto, or the University of Pennsylvania, any connection to persons who worked with Plaintiff, nor that she even had a basis to know about it. Indeed, most of the Response to McGreevy's Motion to Dismiss is just copied and pasted from Responses written against other defendants' motions to dismiss, sometimes without even fixing the referenced defendant. *See* Response at p. 2 ("The Media Defendants filed the instant motion . . . ."); *id.* at 24 ("[S]he has nevertheless pled facts sufficient to establish the Media Defendants' actual malice . . . .").[1] Thus, just as the Court dismissed the First Amended Complaint because it pleaded no facts whatsoever to suggest that *McGreevy* acted with actual malice[2] or that she engaged in some

---

[1] The Response asks this Court to ignore its prior holding that she is a public figure because "the law of the case doctrine does not preclude Plaintiff from repleading these issues given the ambiguities in the Court's prior Orders." Response at 13. This is nonsense. The Court clearly held that Dr. Monge is a public figure, ECF No. 124 at 13, and there is no basis for relitigating the issue just because Monge disagrees with this Court's conclusion.

[2] The only argument Monge makes about McGreevy engaging in actual malice is as follows: "When the [sic] McGreevy received the false and defamatory information regarding Dr. Monge, there were obvious reasons to doubt its veracity given that Dr. Monge had never been charged with any professional misconduct in her decades of service as an anthropologist, and the information came directly from two scorned former students seeking retribution against her. At that time, McGreevy should have been aware of the flawed source for her articles, yet they buried she [sic] head in the sand instead of doing any investigation." This argument, which appears to have been transplanted from another brief, makes no sense as to McGreevy because, as she explained in her Motion to Dismiss, her article was based entirely on news articles from reputable news organizations. She did not rely on information "directly from two scorned former students," she relied directly on published news articles. And Plaintiff pleads no facts suggesting why McGreevy should have known about any prior misconduct or lack thereof involving Monge nor that two of the involved individuals were "scorned former students."

conspiracy to aid and abet a defamation, the Second Amended should be dismissed for the same reasons.

And, as to the article itself, Plaintiff's response is based entirely on the claim that the article will bear defamatory implications that the Court has already said it will not. The Response argues that McGreevy's article implies that she "committed racially motivated professional misconduct." Response at 23. This is exactly what the First Amended Complaint alleged, and this Court specifically held that the Article does not imply any professional misconduct, never mind racially motivated misconduct. ECF 118 at 8. Plaintiff contends that this Court's order dismissing the First Amended Complaint as to McGreevy was "ambiguous." *Id.* at 13, 22. There was no ambiguity in the Order about the need for Plaintiff to plead new facts in order for her Complaint to survive. Memorandum, ECF No. 118 at 9 ("Dr. Monge's allegations regarding her civil aiding and abetting claim against Ms. McGreevy do not 'contain sufficient factual matter . . . to state a claim to relief that is plausible on its face.'") (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *Id.* at 8 ("The alleged implication set forth by Dr. Monge is not supported or warranted by a reading of the article as a whole."). Plaintiff has failed to plead new facts not already alleged in the First Amended Complaint specific to McGreevy.[3]

Rather than take any time to meaningfully evaluate this Court's rulings and consider whether there is truly a basis to continue her suit against some 35 defendants, Plaintiff

---

[3] And even though this Court need not reach official immunity to dismiss the Second Amended Complaint as to McGreevy, Plaintiff's effort to avoid McGreevy's immunity argument also fails. Plaintiff, admitting that "McGreevy may have been operating within the limits of her contract" when writing the article, argues that she cannot claim immunity "to imply the wholly false fact that Dr. Monge was a racist . . . ." Response at 29. This argument fails for three reasons: (1) McGreevy never implied that Plaintiff was a racist, she merely quoted other reputable news publications, (2) the quoted statement is an opinion supported by disclosed facts, and (3) the argument flips the burden of proof and would require defendants with an immunity defense to prove that there was no defamation, which would preclude federal contractors from ever asserting official immunity from a defamation suit.

simply repleaded the same allegations against many defendants—including McGreevy—that this Court already found were insufficient. This is a waste of the Court's time and the parties' money. The Court should dismiss the Second Amended Complaint, this time with prejudice, and award McGreevy her attorneys' fees associated with responding to the Second Amended Complaint.

Date: October 11, 2023

Respectfully submitted,

*/s/ Michael E. Baughman*
Michael E. Baughman
Julian Newton Weiss
TROUTMAN PEPPER
HAMILTON SANDERS LLP
3000 Two Logan Square
18th and Arch Streets
Philadelphia, PA 19103
215-981-4000
Michael.Baughman@troutman.com
Julian.Weiss@troutman.com

*Attorneys for Defendant Nora McGreevy*

## CERTIFICATE OF SERVICE

I, Michael E. Baughman, attorney for Nora McGreevy, Defendant in this matter, certify that a copy of the foregoing Reply in Support of Nora McGreevy's Motion to Dismiss was served via this Court's electronic filing system upon all counsel of record this 11 day of October, 2023:

/s/ *Michael E. Baughman*
Michael E. Baughman