UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANET MONGE<br><br>  Plaintiff,<br><br>v.<br><br>UNIVERSITY OF PENNSYLVANIA, *et al.*<br><br>  Defendants. | Case No. 2:22-cv-02942 |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS BILLY PENN AND MAYA KASSUTTO'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

**GORDON REES SCULLY MASUKHANI LLP**
Ronald A. Giller, Esq.
D. Wesley Meehan, Esq.
Three Logan Square
1717 Arch St., Suite 610
Philadelphia, PA 19103
*Attorneys for Defendants Billy Penn and Maya Kassutto*

## **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ..................................................................................................1

LEGAL ARGUMENT .................................................................................................................3

      A.      Plaintiff's Defamation By Implication and False Light Claims Fail Because the Statements About Which Plaintiff Complains Are Not Defamatory, True and/or Non-Actionable Pure Opinions..............................................................................3

      B.      Plaintiff's Defamation By Implication and False Light Claims Fail Because Plaintiff Cannot Plead Actual Malice ....................................................................6

            1.      Plaintiff is a Public Figure ...........................................................................6

            2.      Plaintiff Does Not Plead Actual Malice.......................................................7

      C.      Plaintiff's Civil Aiding and Abetting Cause of Action Must be Dismissed............9

      D.      Plaintiff's Claim for Punitive Damages is Insufficiently Pled...............................10

CONCLUSION..........................................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Daniel Boone Areas School District v. Lehman Bros., Inc.,
    187 F. Supp. 2d 400 (W.D. Pa. 2002) ................................................................................... 9

Goldfarb v. Kalodimos,
    539 F. Supp. 3d 435 (E.D. Pa. 2021) ........................................................................... 4, 5, 6

Joseph v. Scranton Times, LP,
    129 A.3d 404 (Pa. 2015) ....................................................................................................... 8

Livingston v. Murray,
    612 A.2d 443 (Pa. Super. 1992) ........................................................................................... 4

MacElree v. Philadelphia Newspapers,
    674 A.2d 1050 (Pa. 1996) ................................................................................................ 5, 6

Menkowitz v. Peerless Publications, Inc.,
    176 A.3d 968 (Pa. Super. 2017) ........................................................................................... 5

Pace v. Baker-White,
    432 F. Supp. 3d 495 (E.D. Pa. 2020) ................................................................................... 8

Patrick v. Daily Beast Co., LLC,
    2023 WL 3627836 (E.D. Pa. May 24, 2023) ....................................................................... 9

Portnoy v. Insider, Inc.,
    2022 WL 16748583 (D. Mass. Nov. 7, 2022), *appeal dismissed*, 2023 WL
    3444838 (1st Cir. Feb. 2, 2023) ........................................................................................... 8

Pub. Interest Research Grp. v. Magnesium Elektron, Inc.,
    123 F.3d 111 (3d Cir. 1997), *cert. denied*, 143 S. Ct. 2636 (2023) ................................ 6, 7

S.H.V. Coal, Inc. v. Continental Grain Co.,
    587 A.2d 702 (Pa. 1991) ..................................................................................................... 10

**PRELIMINARY STATEMENT**

Plaintiff's Opposition fails to cure the fatal deficiencies of the Second Amended Complaint ("SAC"), and, in doing so, underscores the lack of viability to Plaintiff's causes of action. Because it is clear that Plaintiff cannot state causes of action against Defendants Billy Penn and Maya Kassutto ("Moving Defendants") based upon their April 21, 2021 article (the "Article"), Moving Defendants respectfully request that Plaintiff's causes of action against them be dismissed with prejudice.

Plaintiff, the former curator for the University of Pennsylvania Museum of Anthropology, asserts causes of action for defamation by implication, false light, and civil conspiracy against Moving Defendants[1] based upon the Article's reporting of Plaintiff's activities in retaining and identifying the remains recovered from the site of the 1985 MOVE bombing in Philadelphia.

Plaintiff's Opposition attempts to revive her previously dismissed causes of action for defamation by implication, false light, and civil conspiracy. The Court dismissed these causes of action without prejudice by Order dated May 26, 2023. Plaintiff's Second Amended Complaint fails to cure the First Amended Complaint's deficiencies because the statements in Moving Defendants' Article about which Plaintiff complains are not actionable defamation, and Plaintiff, who has already been held to be a limited purpose public figure, cannot demonstrate that Defendants acted with acted malice. Plaintiff's Opposition does nothing to cure these shortages. Indeed, as already correctly held by this Court, the statements that Plaintiff contends had defamatory implications are not defamatory, are substantially true, and are pure opinions. Nothing contained in Plaintiff's SAC or Opposition changes this well-reasoned holding (nor does

---

[1] Plaintiff's defamation cause of action against Moving Defendants was previously dismissed by the Court.

1

Plaintiff attempt to refute the Court's holding in this regard). Rather, in her Opposition, Plaintiff argues that the Article "created the false implications that (1) [Plaintiff] is incompetent and cannot be trusted in her job; (2) [Plaintiff] is a racist; and (3) that [Plaintiff] desecrated the remains of Black individuals due to her purported racist views . . ." Notably, Plaintiff does not point to any actual statements contained within the Article that created these alleged false implications. That is because the strained interpretation Plaintiff assigns to the Article simply cannot be inferred from the Article's words. Therefore, Plaintiff's defamation by innuendo and false light causes of action fail.

Furthermore, irrespective of the lack of defamatory innuendo in the Article, Plaintiff, a public figure, has not (and cannot) allege actual malice against Moving Defendants. This too is fatal to both Plaintiff's defamation by innuendo and false light causes of action. In an attempt to allege actual malice, Plaintiff haphazardly accused Kassutto of harboring a "grudge" against her dating back to Kassutto's time as a student at the University of Pennsylvania. However, even if considered true, this allegation of Kassutto's mere ill will toward Plaintiff is insufficient to demonstrate actual malice. Indeed, nothing in the SAC suggests that Kassutto had any reason to doubt the veracity of any statements made in the Article. Therefore, Plaintiff has not alleged actual malice, and her defamation by implication and false light claims fail accordingly.

Given the insufficiency of Plaintiff's defamation by implication and false light causes of action, Plaintiff's civil conspiracy claim falls flat because Moving Defendants did not engage in any tortious conduct. Nor did Moving Defendants offer substantial assistance in any tortious conduct by any other Defendant. Consequently, Plaintiff's civil conspiracy cause of action must be dismissed.

Therefore, Moving Defendants respectfully request that the Court dismiss the SAC with prejudice for failure to state a claim. Alternatively, to the extent that Plaintiff's claims are not dismissed in their entirety with prejudice, Plaintiff's request for punitive damages should be denied because the SAC does not contain allegations sufficient to warrant punitive damages.

## LEGAL ARGUMENT

### A. Plaintiff's Defamation By Implication and False Light Claims Fail Because the Statements About Which Plaintiff Complains Are Not Defamatory, True and/or Non-Actionable Pure Opinions

This Court already properly dismissed Plaintiff's defamation by implication and false light causes of action because the statements about which Plaintiff complains in Moving Defendants' article are (1) not capable of defamatory meaning, (2) true, and/or (3) non-actionable statements of opinion. Plaintiff's Opposition does not challenge the Court's prior holding in this regard. Instead, in her Opposition, Plaintiff contends that the Article "created the false implications that "(1) [Plaintiff] is incompetent and cannot be trusted in her job; (2) [Plaintiff] is racist; and (3) that [Plaintiff] desecrated the remains of Black individuals due to her purported racist views . . ." Plaintiff's Opposition at 18. However, neither Plaintiff's SAC nor her Opposition explain *how* a reader would transform the words of the article into those "false implications."

Notably, the Article does not mention the race of Plaintiff or any victims of the MOVE bombings. Further, Plaintiff cannot articulate how the Article would lead the reader to believe that Plaintiff is "incompetent and cannot be trusted in her job." That is because no such innuendo can be derived from the Article. What specific paragraph or statement does Plaintiff contend creates the implication that she is incompetent and cannot be trusted in her job? The SAC and Plaintiff's Opposition do not specify. Under Pennsylvania law, "[i]f the publication complained of is not in fact libelous, it cannot be made so by an innuendo which puts an unfair

3

and forced construction on the interpretation of the publication." Livingston v. Murray, 612 A.2d 443, 445 (Pa. Super. 1992). Plaintiff here attempts to create a defamatory innuendo that simply is not present in the words of the Article.

In support of her argument, Plaintiff relies upon Goldfarb v. Kalodimos, 539 F. Supp. 3d 435 (E.D. Pa. 2021) to assert that dismissal of her defamation by implication cause of action at the pleading stage is not proper. In Goldfarb, the Eastern District of Pennsylvania allowed a complaint to survive a motion to dismiss where the plaintiff, a former school teacher, alleged that his former colleague defamed him on Twitter by alleging that Plaintiff attempted to silence students from discussing instances of sexual and racial harassment at the University of Pennsylvania Medical School. Id. at 444-46. However, the Tweets about which plaintiff complained in Goldfarb were much more pointed and direct than the unidentified statements contained within the Article. For instance, one of the Tweets alleged that plaintiff "berated" his class for talking candidly about sexual and racial harassment. Id. at 458. Another stated that plaintiff accused his students of being "too sensitive" for reporting sexual harassment and stated that students should lie about their experiences. Id. at 459. Another, identifying plaintiff by name, stated that plaintiff was a part of a "noxious group of physicians who seek to hide abuse and protect abusers." Id. at 460. The Court held that plaintiff sufficiently pled defamation per se and false light because the Tweets (1) "can be interpreted as disputing [p]laintiff's fitness to serve in academia" and (2) "give rise to a 'susceptible inference' of presenting [p]laintiff in a false light." Id. at 462.

The concerns presented by plaintiff regarding the Tweets at issue in Goldfarb are not present in the Article. Indeed, the Article does not dispute Plaintiff's fitness to serve in academia or paint Plaintiff in a false light. To the contrary, as already held by this Court, any purported

4

defamatory implication from the Article is "based on the . . . substantially true and, thus, non-defamatory facts which were disclosed in the Billy Penn article." Dkt. 124 at 10. Therefore, unlike the out of context Tweets at issue in Goldfarb, the statements in the Article are based upon the extensive context provided in the Article which allows the reader to accept or reject the opinions contained within the Article. For instance, the reader could check the veracity of the Article's statement that Plaintiff was a "chipper science teacher" by clicking the link to view the video of the Coursera course contained within the Article. Likewise, the reader can form his or her own opinion as to the retention and handling of the remains based upon the broad context provided in the Article.

Plaintiff's reliance upon Menkowitz v. Peerless Publications, Inc., 176 A.3d 968 (Pa. Super. 2017) is also misplaced. In Menkowitz, the article in question stated that the doctor plaintiff's suspension "spawned rampant rumors of professional misconduct regarding his treatment of an older female patient." Id. at 984. The Court examined the precise words of the article and determined that the phrasing of the statement created a number of potential defamatory innuendos including that plaintiff engaged in sexual or physical misbehavior. Here, Plaintiff's Opposition and SAC fail to illustrate which statements in the Article would lead the reader to conclude that Plaintiff committed professional misconduct or that Plaintiff is racist. That is because those innuendos simply cannot be derived from the words of the Article. Plaintiff improperly attempts to create innuendos based upon a strained interpretation of a non-defamatory, true Article.

With respect to her false light claim, Plaintiff relies upon MacElree v. Philadelphia Newspapers, 674 A.2d 1050, 1055 (Pa. 1996) for the proposition that accusing an individual of being racist could be found to be highly offensive to a reasonable person. See Plaintiff's Opp. at

5

21. Importantly, the Article in questioned labeled plaintiff as the "David Duke" (i.e. a well-known white supremacist) of Chester County.  Again, the Article here makes no mention of race and cannot be reasonably construed as accusing Plaintiff of being racist or acting in a racially-insensitive manner.  The MacElree holding simply has no application to Moving Defendants' Article.

This matter also differs from Goldfarb because, unlike Goldfarb, the Court here has already held that Plaintiff is a limited purpose public figure.  The Goldfarb Court was not able to make such a determination based upon the allegations in the complaint.  Having already established that Plaintiff here is a limited purpose public figure, Plaintiff must plead actual malice, which she simply cannot do.  See supra Legal Argument Section B.2.  Therefore, the reasoning of Goldfarb does not apply here.  Plaintiff cannot identify any defamatory implication created by the Article.  Further, even if she could identify a defamatory implication, the implication is based upon non-defamatory facts set forth in the Article.  Therefore, Plaintiff's defamation by implication and false light claims fail to state a claim upon which relief can be granted and must be dismissed.

    **B.**    **Plaintiff's Defamation By Implication and False Light Claims Fail Because Plaintiff Cannot Plead Actual Malice**

        **1.**    **Plaintiff is a Public Figure**

Plaintiff's Opposition attempts to reargue the Court's well-reasoned holding that Plaintiff is a limited purpose public figure. Simply put, that Plaintiff is a public figure is the law of the case. Pursuant to the law of the case doctrine, only "extraordinary circumstances" warrant a court's reconsideration of previously litigated issues, including when "(1) new evidence is available; (2) a supervening new law has been announced; or (3) the earlier decision was clearly erroneous and would create manifest injustice." Pub. Interest Research Grp. v. Magnesium

Elektron, Inc., 123 F.3d 111, 116 (3d Cir. 1997), *cert. denied*, 143 S. Ct. 2636 (2023).  None of those situations are present here.

In her Opposition, Plaintiff argues that the law of the case doctrine does not prevent the court from clarifying or correcting an earlier ambiguous ruling.  Simply put, there was nothing ambiguous about the Court's ruling that Plaintiff was a public figure.  To the contrary, the Court held, unequivocally, that Plaintiff was a limited purpose public figure with respect to the identification of the MOVE remains because she "voluntarily injected herself into this public controversy when she published her online course to the Coursera platform in 2019."  Id. at 13.  In addition to using the remains on a public platform, Plaintiff injected herself into the controversy by voluntarily getting involved in the investigation into the remains, conducting research and trying to contact MOVE family members with respect to the remains, and storing the remains.

Plaintiff further claims that the Court "issued inconsistent rulings" and "ambiguous orders" without pointing to any specific ruling or order that was inconsistent or ambiguous.  Instead, Plaintiff contends that "there was no analysis of the issue in many of the decisions."  As is made clear by the above, and the Court's Order with respect to Moving Defendants' Motion, the Court fully analyzed the issue of whether Plaintiff is a limited purpose public figure and correctly held that she is. There is nothing inconsistent or ambiguous about the Court's holding in this regard.  Each and every opinion in which the Court analyzed the issue concluded that Plaintiff is a limited purpose public figure.   That rational, well-reasoned holding should not be disturbed.  Plaintiff is a limited purpose public figure and must plead actual malice.

### 2. **Plaintiff Does Not Plead Actual Malice**

Realizing the futility of the argument that she is not a limited purpose public figure, Plaintiff's Opposition argues that she has adequately pled actual malice.  However, the SAC

7

clearly fails to meet this arduous standard. Indeed, "[t]he Third Circuit has . . . held that the actual malice standard is higher in defamation by implication cases[.]" Pace v. Baker-White, 432 F. Supp. 3d 495, 513 (E.D. Pa. 2020). In this regard, the actual malice standard "is not met through a showing of ill will or malice in the ordinary sense." Joseph v. Scranton Times, LP, 129 A.3d 404, 437 (Pa. 2015). To the contrary, "such allegations of animosity or ill will . . . do not suffice to plead actual malice." Portnoy v. Insider, Inc., 2022 WL 16748583, at *6 (D. Mass. Nov. 7, 2022), *appeal dismissed*, 2023 WL 3444838 (1st Cir. Feb. 2, 2023).

In a desperate attempt to satisfy the rigorous actual malice standard, the SAC and Plaintiff's Opposition assert that Kassutto "assisted Defendant Paul Mitchell, in creating the defamatory 'Cancel Culture' movement." Plaintiff bases this assertion on the premise that Kassutto "held a grudge" against Plaintiff dating back to Plaintiff's time as a graduate student at UPenn. However, even if the allegations in the SAC are taken as true, they do not amount to actual malice. Indeed, pursuant to the above precedent, Plaintiff's allegations as to Kassutto's ill will toward her do not satisfy the stringent actual malice standard.

Plaintiff's Opposition fails to cite any precedent that supports her theory that such specious allegations constitute actual malice. Plaintiff argues only that "actual malice may be proven by and inferred from objective circumstantial evidence." See Plaintiff's Opposition at 26. However, the only "circumstantial evidence" that Plaintiff has presented is the nebulous allegation of Kassutto's ill will toward Plaintiff which is insufficient to establish actual malice. In this regard, the sole "factual" allegation in the SAC as to Kassutto's actual malice is that her relationship "soured" with Plaintiff when Kassutto left the biological anthropology program and Plaintiff revoked Kassutto's access to the Physical Anthropology section of the Penn Museum. See Dkt. 133 at ¶ 130.

8

Plaintiff's SAC and Opposition improperly focus on Kassutto's attitude toward Plaintiff rather than Kassutto's attitude toward the truth. See Patrick v. Daily Beast Co., LLC, 2023 WL 3627836, at *2 (E.D. Pa. May 24, 2023) ("Actual malice focuses on the defendants' attitude towards the truth, not towards the plaintiff."). Indeed, nothing in Plaintiff's pleading or Opposition suggests that Kassutto knew or had a high degree of awareness as to the falsity of her statements. To the contrary, it alleges that the information contained in the Article "was supplied by Mitchell." Plaintiff cannot point to any allegations in the SAC sufficient to allege actual malice. Plaintiff's failure to plead actual malice is fatal to her defamation by implication and false light causes of action.

### C. Plaintiff's Civil Aiding and Abetting Cause of Action Must be Dismissed

Plaintiff's civil aiding and abetting claim fails because, as argued above, her defamation by implication and false light claims fail to state a claim. This failure warrants dismissal of her civil aiding and abetting claim, which relies upon Plaintiff's allegations of underlying tortious behavior. See Daniel Boone Areas School District v. Lehman Bros., Inc., 187 F. Supp. 2d 400, 412 (W.D. Pa. 2002). ("The plain language of § 876(a) indicates that a concert of action claim will lie only if both persons who are alleged to have acted in concert each committed a tortious act."). Moreover, neither Plaintiff's Opposition nor her SAC allege any facts from which the Court could determine that Kassutto knew or should have known that the statements purportedly made by Mitchell regarding Plaintiff were false. This failure, which has remained uncured, led to the dismissal of Plaintiff's civil aiding and abetting cause of action in her First Amended Complaint. See Dkt. 124 at 17 (dismissing Plaintiff's civil aiding and abetting causes of action in First Amended Complaint and holding Plaintiff "fails to allege facts which establish that Ms. Kassutto knew or should have known that Mr. Mitchell's accusations regarding [Plaintiff] which purportedly served as the impetus of the Billy Penn article, were false or defamatory to

9

[Plaintiff]."). Consequently, because Plaintiff cannot cure the fatal deficiencies of her civil aiding and abetting cause of action, it must be dismissed with prejudice.

### D. Plaintiff's Claim for Punitive Damages is Insufficiently Pled

Plaintiff attempts to avoid dismissal of her punitive damages claim by arguing that it is a fact-specific inquiry. However, punitive damages are proper only when a person's actions are of such an outrageous nature as to demonstrate intentional, willful, wanton reckless conduct, and are awarded to punish that person for such conduct. S.H.V. Coal, Inc. v. Continental Grain Co., 587 A.2d 702 (Pa. 1991). As argued at length herein, Plaintiff does not allege any intentional, willful, wanton or reckless conduct on the part of Moving Defendants. Accordingly, the Court need not conduct any fact-specific inquiry, and, instead, can dismiss Plaintiff's punitive damages claim at the pleading stage.

### CONCLUSION

Therefore, for all of the foregoing reasons and as argued at length in Moving Defendants' moving papers, Moving Defendants respectfully requests that this Honorable Court enter an Order granting this Motion to Dismiss and dismissing Plaintiff's Second Amended Complaint with prejudice.

Respectfully submitted,

GORDON REES SCULLY MANSUKHANI

Dated: October 11, 2023

By: */s/ Ronald A. Giller*
Ronald A. Giller, Esquire
D. Wesley Meehan, Esquire