**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

|  |  |
|---|---|
| JANET MONGE, | : |
| | : |
| PLAINTIFF | : |
| | :  Civ. No. 2:22-cv-02942-GEKP |
| v. | : |
| | : |
| UNIVERSITY OF PENNSYLVANIA, et al., | : |
| | : |
| DEFENDANTS | : |

_____

**DEFENDANTS UNIVERSITY OF PENNSYLVANIA, DR. AMY GUTMANN, AND DR. WENDELL PRITCHETT'S REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

## TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................................ 1

II. ARGUMENT ....................................................................................................................... 2

    A. Plaintiff's Defamation Claims Are Premised On a Statement of Opinion ............ 2

    B. Plaintiff's Defamation and False Light Claims Against Defendants Also Fail Because Plaintiff is a Limited Purpose Public Figure and the SAC Does Not Sufficiently Allege Defendants Acted with Actual Malice. .................. 6

        1. Plaintiff is a Limited Purpose Public Figure Because She Voluntarily Injected Herself Into a Public Controversy – the MOVE Bombing ............................................................................................ 6

        2. Plaintiff's SAC Again Lacks the Factual Allegations Necessary to Plead that Defendants Acted with Actual Malice ...................................... 8

    C. Plaintiff's Purported Aiding and Abetting Claim Against Defendants Fails Again Because it is Based on Conclusory Allegations. ........................................ 10

III. CONCLUSION .................................................................................................................. 13

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Monge v. Univ. of Pennsylvania*,
   2023 WL 3594471 (E.D. Pa. May 22, 2023) .................................................................. *passim*

*Nothstein v. USA Cycling*,
   499 F. Supp. 3d 101 (E.D. Pa. 2020) ..............................................................................3, 4, 5

*Sarkees v. Warner–West Corp.*,
   37 A.2d 544 (Pa. 1944) ..........................................................................................................5

**I.     INTRODUCTION**

Plaintiff's defamation and false light claims against Defendants Trustees of the University of Pennsylvania ("Penn"), Dr. Amy Gutmann, and Dr. Wendell Pritchett focus on an April 26, 2021 statement issued by Defendants Gutmann and Pritchett to the University Community. Drs. Gutmann and Pritchett expressed their view, which was shared by many, that the retention of human remains from the 1985 MOVE bombing at the Penn Museum was insensitive, unprofessional and unacceptable. There was no implication that the statement was based on facts known uniquely to Drs. Gutmann and Pritchett. On the contrary, a simple and undisputed fact was tendered, followed by an opinion that mirrored broad public sentiment.

Plaintiff argues that this statement accuses her of professional misconduct and, when combined with Penn's alleged removal of Plaintiff from teaching and demotion of Plaintiff, aided and abetted other defendants (not specifically identified) in publishing false and defamatory statements about her. She cannot seem to accept that, to many people, the simple and undisputed facts about the retention of human remains and the use of those remains as a teaching exhibit in the wake of a horrifying tragedy were just wrong.

In May 2023, this Court dismissed Plaintiff's claims, holding that Plaintiff is a limited purpose public figure and that Plaintiff's Amended Complaint failed to adequately plead that Defendants acted with actual malice in issuing the April 26, 2021 statement. The Court also pointed out that there were no allegations suggesting that Defendants substantially assisted other defendants in publishing defamatory statements about Plaintiff. The Court gave Plaintiff the opportunity to cure the deficiencies in her claims against Defendants, and Plaintiff responded with an amended complaint. But, instead of adding factual allegations that would actually support her claims, Plaintiff returns with virtually identical allegations against Defendants. Her claims should be dismissed, again, for largely the same reasons this Court dismissed them in

May 2023. Beyond the reasons previously recited by this Court, the amended defamation claims suffer from another fundamental defect. Even a cursory review of the April 26, 2021 statement by Defendants Gutmann and Pritchett reveals that it is nothing more than a statement of opinion about facts that are both disclosed and uncontroverted. That opinion cannot be the basis of a defamation claim.

## II.   ARGUMENT

### A.   Plaintiff's Defamation Claims Are Premised On a Statement of Opinion

In their opening brief, Defendants Penn, Gutmann, and Pritchett explained that the defamation claims against them in Plaintiff's Second Amended Complaint ("SAC") fail because the challenged statement is nothing more than opinion based on disclosed facts. *See* Defendants' Penn, Gutmann, and Pritchett Memorandum of Law in Support of Motion to Dismiss Second Amended Complaint, Dkt. No. 141- 1 at 5-11 ("Mot."). In response, Plaintiff argues that: (1) the statement is a false statement of fact, not an opinion; (2) even if the statement is an opinion, a statement from high level employees about another employee necessarily implies that the opinion is premised upon undisclosed facts; and (3) the statement defamed Plaintiff by implication by "condemn[ing]" her as an "incompetent racist." *See* Plaintiff's Opposition, Dkt. No. 159 at 23-25 ("Pl. Opp. SAC"). None of these arguments is persuasive.

*First*, as Defendants have already established, the statement by Defendants Gutmann and Pritchett that the retention and handling of human remains from the MOVE site was "insensitive, unprofessional and unacceptable" cannot be objectively determined or verified as true or false, but instead conveys a subjective belief. It is, therefore, a statement of opinion. *See* Mot. at 12-14. Plaintiff's only response is that "whether Dr. Monge acted unprofessionally is provable as false" given that "it has already been found by three separate investigations that Dr. Monge did

not violate any professional standards." Pl. Opp. SAC at 29. Notably, however, the case Plaintiff cites in support of this argument – *Nothstein v. USA Cycling*, 499 F. Supp. 3d 101, 124 (E.D. Pa. 2020) – holds the opposite.

In *Nothstein*, the plaintiff was a local politician and former Olympic cyclist who sued the national governing body of cycling in the United States for defamation, false light, and intrusion upon seclusion. *Id.* at 109. In 2018, the defendant learned of sexual assault allegations involving the plaintiff and, as a mandatory reporter, reported those allegations to the United States Center for SafeSport, suspended the plaintiff's cycling license (which placed him on a list of suspended riders that was available to members of the cycling community), and gave a local newspaper a statement that: (1) defendant received a complaint of sexual misconduct about the plaintiff; (2) defendant reported the complaint to SafeSport; (3) before reporting the complaint, defendant gathered "enough specificity to allege a policy has been violated"; and (4) when defendant receives such a complaint, defendant makes no determination of validity before reporting it to the Center. *Id.* at 111-114, 123. In evaluating the plaintiff's defamation claim, the Court held that the first, second and fourth portions of the statement were objectively true and, therefore, could not be defamatory. *Id.* at 123. With respect to the third portion of the statement, the Court held that it was not capable of defamatory meaning because "finding 'enough specificity to allege a policy had been violated' is a subjective metric that cannot be evaluated for its truth" and, therefore, it is a statement of opinion that is not provable as false. *Id.* at 124-125. Additionally, the Court held that the statement was one of opinion based on disclosed fact because, when read in context with the other portions of the statement (specifically the fourth portion), no reasonable person could read it to mean that there were undisclosed defamatory facts rendering the allegations credible. *Id.* at 124.

*Second*, when Defendants Gutmann and Pritchett's statement is read in its entirety, it is clear that it is not based on undisclosed facts. *See* Mot. at 14-15. Defendants Gutmann and Pritchett specifically identified the basis for their opinion – the fact that human remains had been kept at the Penn Museum for many decades, which Plaintiff admits in the SAC. *See* Mot. at 13, 15-16. Plaintiff does not rebut the wealth of case law cited by Defendants supporting a finding that the challenged statement is one of opinion based on disclosed facts. *Compare* Mot. at 13-16 *with* Pl. Opp. SAC at 29. At most, she argues – without any legal support – that a statement of an employer or high-level employee that may imply that an employee was insensitive or unprofessional will always be perceived as being based on undisclosed facts. But, as Defendants explained in their opening brief, such an argument is not supported by the facts as pleaded or the law. *See* Mot. at 14. And, if that is not enough, the Court in *Nothstein* found that a statement indicating an investigation had not yet taken place – which was included in Defendants' statement – forecloses a finding that a statement alleged to imply unprofessionalism or violation of policy could be read to be based upon undisclosed facts. *See Nothstein*, 499 F. Supp. 3d at 124. Indeed, Plaintiff admits in her opposition that Penn did not conduct an investigation into the underlying facts before Drs. Gutmann and Pritchett issued their statement. *See* Pl. Opp. SAC at 30.

*Third*, Plaintiff's focus on whether the challenged statement is capable of defamatory meaning or can underlie a defamation by implication claim is misplaced. The law is clear – as demonstrated in Defendant's opening brief and in *Nothstein* – that a court should only analyze whether a statement is capable of defamatory meaning if the court concludes that the statement is <u>not</u> an opinion based on disclosed facts. *See* Mot. at 12-14; *Nothstein*, 499 F. Supp. 3d at 121-125. Since the challenged statement by Defendants Gutmann and Pritchett is clearly an opinion

-4-

based on disclosed facts, whether it is defamatory per se or has a defamatory implication is irrelevant. *See id.*[1]

Had Drs. Gutmann and Pritchett not disclosed the basis for their opinion, Plaintiff's claim might get more traction. For example, had they simply said that Plaintiff was being removed from her position at the museum or that her teaching duties were being reduced because she acted unprofessionally and insensitively, without explaining why, it might have implied that the speakers were aware of facts that had not surfaced publicly. But that is not the case. After articles appeared in the Guardian, the Daily Mail, the New York Post, the New York Times, Smithsonian Magazine, the Philadelphia Inquirer and other national media, Drs. Gutmann and Pritchett issued a statement on behalf of Penn that plainly disclosed the factual predicate. The statement said: "We were profoundly disturbed to learn this past week that human remains, provided to a faculty member by the medical examiner many decades ago in an effort to identify a victim from the 1985 bombing of the MOVE house, had been kept at the University, for much of that time." *See* SAC ¶ 150; Mot., Ex. A. This, Drs. Gutmann and Pritchett said without actually identifying Plaintiff, was insensitive, unprofessional and unacceptable. Truthful facts were recited in a single sentence, and an opinion was stated based on those facts. Nothing about that was defamatory, as there was no implication of undisclosed facts.

---

[1] As Defendants also explained in their opening brief, and Plaintiff failed to address or rebut, the fact that the challenged April 26, 2021 statement is not actionable (because it is a statement of opinion based on disclosed facts) means that any defamation by implication claim based upon this statement fails for the same reason. *See Sarkees v. Warner–West Corp.*, 37 A.2d 544, 546 (Pa. 1944) ("If the publication complained of is not in fact libelous, it cannot be made so by an innuendo which puts an unfair and forced construction on the interpretation of the publication."). And, even if this were not dispositive of her defamation by implication claim against Defendants, Plaintiff's assertion that the April 26, 2021 statement falsely implies she is a racist is completely unsupported by the statement. Instead, it is a paradigmatic example of an unfair and forced construction, which is insufficient to support a defamation by implication claim as a matter of law. *See* Mot. at 20 n.3. Because the challenged statement simply is not susceptible to the innuendo alleged by Plaintiff, it fails for that reason as well. *Sarkees*, 37 A.2d at 546.

### B. Plaintiff's Defamation and False Light Claims Against Defendants Also Fail Because Plaintiff is a Limited Purpose Public Figure and the SAC Does Not Sufficiently Allege Defendants Acted with Actual Malice.

This Court already concluded that Plaintiff is a limited purpose public figure who failed to plead facts suggesting that Defendants acted with the requisite level of fault – actual malice – to state a defamation, defamation by implication, and false light claim against Defendants. *See* Mot. at 18-21; *see also Monge v. Univ. of Pennsylvania*, 2023 WL 3594471, at *6-8 (E.D. Pa. May 22, 2023). Plaintiff responded with some conclusory assertions in her SAC, and she now recycles *the same arguments* she made during the briefing that led to the prior dismissal of her defamation claims. *Compare* Plaintiff's Opposition to Defendants' Motion to Dismiss, Dkt. No. 78 at 25-27, 29-30 ("Pl. Opp. Am. Compl.") *with* Pl. Opp. SAC at 11-13, 19-21, 31-33. Plaintiff's SAC, and her arguments attempting to save her SAC, are legally insufficient for the same reasons this Court rejected them in its opinion granting Defendants' motion to dismiss Plaintiff's Amended Complaint. They should be rejected again here.

#### 1. Plaintiff is a Limited Purpose Public Figure Because She Voluntarily Injected Herself Into a Public Controversy – the MOVE Bombing

In May 2023, this Court correctly held that Plaintiff is a limited purpose public figure because: (1) the MOVE bombing and efforts to identify human remains from the MOVE bombing are public controversies since they affect the public (as demonstrated by the sheer number of articles discussing both); and (2) Plaintiff injected herself into these public controversies when, at least, she voluntarily published a publicly available educational course addressing the MOVE remains. *See Monge*, 2023 WL 3594471, at *6. In their opening brief, in this second round of motion to dismiss briefing, Defendants established that Plaintiff's SAC fails to plead additional factual allegations that require a different result. *See* Mot. at 18-21.

In response, Plaintiff argues that she cannot be found to be a limited purpose public figure because: (1) the Court's prior opinions finding that Plaintiff is a limited purpose public figure do not constitute the law of the case; instead, she contends that this Court's findings lacked analysis and contained unidentified ambiguities; (2) she cannot be a limited purpose public figure if she was simply doing her job; (3) it was the media defendants' articles, not Plaintiff's own actions, that thrust her into the public spotlight and created the public controversy; (4) Plaintiff's publicly available Coursera course is not enough to show she voluntarily injected herself into a public controversy because Plaintiff alleges that attendees had to enroll in the course and only 450 did so; and (5) the MOVE bombing does not remain a public controversy to this day. *See* Pl. Opp. SAC at 11-13, 19-21, 31-33. Plaintiff's renewed arguments fail for several reasons.

As a preliminary matter, Plaintiff again cites an incorrect legal standard. *See* Pl. Opp. SAC at 25 ("To be a limited purpose public figure, the Court must find that she (1) had greater access to the media; and (2) voluntarily assumed the risk of public life by 'thrusting' herself into the public controversy."); Plaintiff's Opposition to Defendants' Motion to Dismiss, Dkt. No. 78 at 13 (same). This Court already rejected Plaintiff's attempt to apply the wrong standard, explaining that an individual becomes a public figure for a limited range of issues when she voluntarily injects herself or is drawn into a public controversy. As this court noted, the Third Circuit considers the following factors in evaluating this status: "(1) whether the alleged defamation involves a public controversy, and (2) the nature and extent of the plaintiff's involvement in that controversy." *Monge*, 2023 WL 3594471, at *5. Plaintiff's attempts to argue she is not a limited purpose public figure should be rejected for this reason alone.

Additionally, Plaintiff fails to provide *any* legal support for her arguments that she is not a limited purpose public figure because she was merely doing her job; she claims to have been thrust into the public spotlight by others, not herself; and the publicly available Coursera course was only viewed by 450 people. *See* Pl. Opp. SAC at 31-32. Nor does she provide any explanation as to why this Court should accept *the same* failed arguments she made during the first round of motion to dismiss briefing, when this Court has already rightfully rejected them. *Compare* Pl. Opp. Am. Compl. at 15-18, *with* Pl. Opp. SAC at 19-21, 31-33 and *Monge*, 2023 WL 3594471, at *5-6.

Further, Plaintiff has no response to Defendant's argument, and supporting caselaw, showing that her own allegations, coupled with publicly available information, demonstrate that she is well known within her field, voluntarily assumed a position that invited attention, and thrust herself into the public controversy of the MOVE bombing and handling of the MOVE remains through the Coursera course. *Compare* Mot. at 18-21 Pl. Opp. SAC at 31-33. Because Plaintiff fails to explain why the Court's prior decisions finding Plaintiff is a limited purpose public figure are wrong and continues to allege the same facts demonstrating that she is a limited purpose public figure, this Court should again reject her argument that she is a private figure for purposes of assessing Plaintiff's defamation and false light claims.

      2.    <u>Plaintiff's SAC Again Lacks the Factual Allegations Necessary to Plead that Defendants Acted with Actual Malice</u>

As Defendants explained in their opening brief, and as Plaintiff agrees, a pleading of actual malice requires factual allegations showing that Defendants issued the April 26, 2021 statement "with knowledge of its falsity or with reckless disregard of whether it was false." Mot. at 21-22; Pl. Opp. SAC at 34-35. And, as this Court previously held, and as Plaintiff agrees, to satisfy the "reckless disregard" element, Plaintiff must plead factual allegations showing that

-8-

Defendants "entertained serious doubts as to the truth of the published statements." *See* Mot. at 22 (citing *Monge*, 2023 WL 3594471 at *6); Pl. Opp. SAC at 34, 36.

Plaintiff argues that she meets this high standard because, when read as a whole, the SAC alleges that: (1) Paul Mitchell and Maya Kasutto harbored a grudge against Plaintiff; (2) Kathleen Morrison was aware of the grudge because Plaintiff reported Paul Mitchell's alleged misconduct to her; (3) Defendants should have been aware that Plaintiff always followed protocol and, therefore, the statements by Paul Mitchell and made in the articles were false; and (4) instead of investigating the statements made about Plaintiff, Defendants issued the April 26, 2021 statement and locked her out of her lab, removed her from teaching, and demoted her. *See* Pl. Opp. SAC at 33-36. Her arguments are unpersuasive.

*First*, even a quick comparison demonstrates that the wholly unsupported arguments put forth by Plaintiff are *the same* arguments she made, and this Court rejected, in opposition to the motions to dismiss the Amended Complaint. *Compare* Pl. Opp. SAC at 33-36 *with Monge*, 2023 WL 3594471 at *7. Plaintiff fails to explain why the Court's rejection of these arguments was legally incorrect, nor does she identify new factual allegations that would change the analysis. *See* Pl. Opp. at 33-36.

*Second*, Plaintiff has no response to Defendants' well-supported arguments that: (1) there are no factual allegations demonstrating that Defendants knew or should have known that any statements of Paul Mitchell or others were false; (2) Plaintiff's attempts to impute alleged malice of Paul Mitchell to Defendants fails because Paul Mitchell has no authority to speak on behalf of Defendants and, regardless, this Court has already evaluated the same allegations and concluded they were insufficient to demonstrate Paul Mitchell acted with actual malice (i.e., that he had a high degree of awareness of the probable falsity of his statements); (3) pleading "actual

-9-

malice buzzwords," as Plaintiff does, is not enough; (4) mere allegations of failure to investigate, without more, is not enough to establish reckless disregard for the truth; (5) the timing of the various media articles belies any finding of actual malice by Defendants because it is clear that the April 26, 2021 statement was based on information provided in articles published by reputable sources; and (6) subsequent alleged adverse employment actions, remote in time from the challenged statement, cannot reflect the state of mind of Defendants when they made the April 26, 2021 statement. *Compare* Mot. at 22-27 *with* Pl. Opp. SAC at 33-36.

### C. Plaintiff's Purported Aiding and Abetting Claim Against Defendants Fails Again Because it is Based on Conclusory Allegations.

In their opening brief, Defendants Penn, Gutmann, and Pritchett pointed out that Plaintiff's SAC repeats the same factual allegations that this Court found insufficient to state an aiding and abetting clam. *See* Mot. at 29-30. In response, Plaintiff argues that: (1) she can state a claim merely by pleading "the identities of the wrongdoers and those who acted in concert"; and (2) it suffices to allege that Defendants knew or should have known that Plaintiff was a good employee yet failed to investigate the statements in the articles before locking her out of her lab, reducing her compensation, restricting her teaching responsibilities and taking other employment actions in response to reports that she had kept human remains in her office over a period of many years. She contends that these alleged employment actions lent credibility to media reports allegedly accusing her of racism and professional misconduct. *See* Pl. Opp. SAC at 38-39. Critically, however, she does not offer a single factual averment suggesting that Defendants aided, abetted, assisted, supported or facilitated the publication of the articles that Plaintiff considers to be defamatory. Her arguments attempting to save her legally insufficient civil aiding and abetting claim fail for four reasons.

*First*, Plaintiff's articulation of the applicable standard for pleading a civil aiding and abetting claim is wrong. Plaintiff is well aware that she is misstating the standard, as she argued this standard in response to Defendants' Motion to Dismiss the First Amended Complaint and this Court properly rejected it. *See* Pl. Opp. Am. Compl. at 30; *Monge*, 2023 WL 3594471, at *8. As Defendants and this Court previously explained, Plaintiff must do more than simply identify the alleged wrongdoers and those who alleged acted in concert. *See* Mot. at 27-28 (citing *Monge*). The Second Amended Complaint must contain factual allegations showing that Defendants "knew of or could reasonably foresee the underlying bad actor's misdeed" or that they "exhibited intentional ignorance as to the underlying actor's bad deeds" and took "some affirmative action which cause[d] the tortious actor to conduct himself inappropriately." Mot. at 28 (citing cases).

*Second,* this Court has already rejected Plaintiff's argument that she can sustain a claim based on allegations that Defendants knew or had reason to know the media accounts were false because Penn employed Plaintiff and/or Defendants Gutmann and Pritchett are Penn employees and nevertheless took alleged employment actions against her. *Compare* Pl. Opp. SAC at 38-39 *with Monge*, 2023 WL 3594471, at *8-9. As Defendants highlighted in their opening brief, the Second Amended Complaint contains *no new or additional factual allegations* supporting Plaintiff's purported aiding and abetting claim against Defendants Penn, Gutmann and Pritchett. *See* Mot. at 29-30. Plaintiff's Opposition fails to address this, let alone explain how a repleading of the same allegations that this Court already rejected is now enough to state her claim. *Compare* Pl. Opp. SAC at 38-39 *with* Pl. Opp. Am. Compl. at 30-31 and *Monge*, 2023 WL 3594471, at *8-9.

*Third*, as Defendants noted in their opening brief, Plaintiff's allegations do not reveal the basis for an accusation of actual knowledge of falsity on the part of Defendants Penn, Gutmann and Pritchett and they fail to show substantial assistance by these Defendants to other parties who allegedly defamed Plaintiff. Indeed, there is nothing in the Second Amended Complaint showing that Defendants Penn, Gutmann or Pritchett had any reason to believe that Paul Mitchell was the alleged source of any of the media articles, or that the statements made in the media articles were false. *See* generally SAC. Mere allegations that Defendants are Plaintiff's employer and/or high-level employees within Penn are insufficient to plead that they knew or should have known that the statements made in the articles were false. *Compare* SAC ¶¶ 26-27, 150 *with* Pl. Opp. SAC at 38-39. And, again, Plaintiff does not even address this argument, let alone rebut it. *See generally* Pl. Opp. SAC.

*Fourth,* the law is clear that to adequately plead a civil aiding and abetting clam, Plaintiff must aver sufficient facts indicating that Defendants took "some affirmative action which cause[d] the tortious actor to conduct himself inappropriately." *See* Mot. at 30-31. Plaintiff's SAC does not contain one factual allegation connecting the alleged employment actions to any tortious conduct of other defendants. *See generally* SAC. There is no allegation in the SAC that Defendants informed other defendants of the alleged adverse employment actions, that any of the defendants were aware of the alleged adverse employment actions before publishing their articles, or that the alleged adverse employment actions caused any of the defendants to publish alleged defamatory statements about Plaintiff. *See generally* SAC. In fact, most of the articles at issue were published *before* Plaintiff claims these alleged adverse actions occurred. *Compare* SAC ¶¶ 132-145, 147-148 *with* ¶¶ 151-154. And it was Plaintiff, not Defendants, who has publicized the alleged employment actions through this litigation. Without any factual

allegations demonstrating a causal link between the alleged adverse employment actions and certain defendants' alleged defamatory statements, Plaintiff fails to show substantial assistance. *See* Mot. at 29-32.[2]

## III. **CONCLUSION**

For the foregoing reasons, Plaintiff's claims against Defendants Penn, Dr. Gutmann, and Dr. Pritchett fail as a matter of law. As a result, the Court should dismiss Counts I-IV of the Second Amended Complaint against Penn, Dr. Gutmann, and Dr. Pritchett in their entirety, with prejudice, and not permit further amendment.

Dated: October 11, 2023              MORGAN, LEWIS & BOCKIUS LLP

By: */s/ Michael L. Banks*

Michael L. Banks (PA ID No. 35052)
Ali M. Kliment (PA ID No. 318988)
Alexis Caris (PA ID No. 330623)
1701 Market Street
Philadelphia, PA 19103
Tel: 215.963.5387/4614
Fax: 215.963.5001
Email: michael.banks@morganlewis.com
          ali.kliment@morganlewis.com
          alexis.caris@morganlewis.com

*Counsel for Defendants University of Pennsylvania, Amy Gutmann, Wendell Pritchett, Kathleen Morrison, Deborah Thomas, and Christopher Woods*

---

[2] Plaintiff also suggests that Defendants Gutmann and Pritchett's statement lent credibility to Teen Vogue's allegedly defamatory statement. Pl. Opp. SAC at 33. While Defendants disagree with this articulation, it is of no legal import. The SAC contains no allegations to support a finding that Defendants acted in concert with Teen Vogue, knowingly gave substantial assistance to Teen Vogue alleged tortious acts, or that Penn breached a duty owed to Plaintiff in providing substantial assistance to Teen Vogue, as is necessary for this claim to be viable. *See Monge*, 2023 WL 3594471, at *8 (stating standard for civil aiding and abetting).

-13-

## **CERTIFICATE OF SERVICE**

I, Michael L. Banks, hereby certify that on this 11th day of October, 2023, a true and correct copy of the foregoing Defendants Trustees of the University of Pennsylvania, Dr. Amy Gutmann, and Dr. Wendell Pritchett's Reply Memorandum of Law in Support of Defendants' Motion to Dismiss the Second Amended Complaint was electronically filed and is available for viewing and downloading from the Court's ECF system.

                                                */s/ Michael L. Banks*
                                                Michael L. Banks