IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JANET MONGE,

    PLAINTIFF

v.

UNIVERSITY OF PENNSYLVANIA et al.,

    DEFENDANTS

Civ. No. 2:22-cv-02942-GEKP

**DEFENDANTS DR. CHRISTOPHER WOODS AND DR. KATHLEEN MORRISON'S REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

## I. INTRODUCTION

This Court afforded Plaintiff another opportunity to cure her deficient aiding and abetting claim against Defendants Christopher Woods and Kathleen Morrison. In its prior opinion, the Court properly found that threadbare allegations of aiding and abetting by Defendants Woods and Morrison were insufficient to state a claim for relief. Recitations in the original complaint that Plaintiff was a good employee and was locked out of her office, removed from certain teaching responsibilities, and demoted did not suffice to suggest that Defendants Woods and Morrison aided and abetted others who are accused of defaming Plaintiff.

Now, Plaintiff returns with virtually identical allegations against Defendants Woods and Morrison and tries yet again to muster a claim that is legally implausible. And in response to a motion pointing out that she has done nothing to cure the deficiencies in her claim, Plaintiff essentially reiterates the same factual averments that were previously held to be insufficient. Her opposition brief does nothing to inject even the slightest doubt into the issues at hand. With no new factual allegations or legal authority demonstrating that she is entitled to relief, Plaintiff's civil aiding and abetting claim against Defendants Woods and Morrison should be dismissed for the same reasons this Court dismissed it in January 2023.

## II. ARGUMENT

In their opening brief in this second round of motions to dismiss, Defendants Woods and Morrison pointed out that Plaintiff's Second Amended Complaint ("SAC") repeats the same factual allegations that this Court found insufficient to state an aiding and abetting claim. *See* Defendants' Motion to Dismiss Second Amended Complaint, Dkt. No. 142 ("Mot."). In response, Plaintiff argues that: (1) she can state a claim merely by pleading "the identities of the wrongdoers and those who acted in concert"; and (2) it suffices to allege that Defendant Woods and Morrison knew or should have known that Plaintiff was a good employee yet failed to

investigate the statements in the articles before locking her out of her lab, reducing her compensation, restricting her teaching responsibilities and taking other employment actions in response to reports that she had kept human remains in her office over a period of many years. She contends that these alleged employment actions lent credibility to media reports allegedly accusing her of racism and professional misconduct. *See* Plaintiff's Opposition, Dkt. No. 153 at 17-19 ("Pl. Opp. SAC"). Critically, however, she does not offer a single factual averment suggesting that Defendants Woods and Morrison aided, abetted, assisted, supported or facilitated the publication of the articles that Plaintiff considers to be defamatory. Her arguments attempting to save her legally insufficient civil aiding and abetting claim fail for four reasons.

*First*, Plaintiff's articulation of the applicable standard for pleading a civil aiding and abetting claim is wrong. Plaintiff is well aware that she is misstating the standard, as she argued this standard in response to Defendants' Motion to Dismiss the First Amended Complaint and this Court properly rejected it. *See* Plaintiff's Opposition to Woods and Morrison Motion to Dismiss Amended Complaint, Dkt. No. 70 at 24-25 ("Pl. Opp. Am. Compl."); *Monge v. Univ. of Pennsylvania*, 2023 WL 366213, at *3 (E.D. Pa. Jan. 23, 2023). As Defendants and this Court previously explained, Plaintiff must do more than simply identify the alleged wrongdoers and those who allegedly acted in concert. *See* Mot. at 10 (citing *Monge v. Univ. of Pennsylvania*, 2023 WL 366213, at *3 (E.D. Pa. Jan. 23, 2023). The Second Amended Complaint must contain factual allegations showing that Defendants Woods and Morrison "knew of or could reasonably foresee the underlying bad actor's misdeed" or that they "exhibited intentional ignorance as to the underlying actor's bad deeds" and took "some affirmative action which cause[d] the tortious actor to conduct himself inappropriately." Mot. at 11 (citing cases).

*Second,* this Court has already rejected Plaintiff's argument that she can sustain a claim based on allegations that Defendants Woods and Morrison knew or had reason to know the media accounts were false based on their employment with Penn and nevertheless took alleged employment actions against her. *Compare* Pl. Opp. at 18-19 *with Monge*, 2023 WL 366213, at *3. As Defendants highlighted in their Opening Motion, the Second Amended Complaint contains *no new or additional factual allegations* supporting Plaintiff's purported aiding and abetting claim against Defendants Woods and Morrison. *See* Mot. at 6-10, 12-13. Plaintiff's Opposition fails to address this, let alone explain how a repleading of the same allegations that this Court already rejected is now enough to state her claim. *Compare* Pl. Opp. SAC at 17-19 *with* Pl. Opp. Am. Compl. at 24-26 and *Monge*, 2023 WL 366213, at *3.

*Third*, as Defendants noted in their opening brief, the allegations Plaintiff relies upon are insufficient because they are not specifically tied to alleged knowledge or conduct of Defendants Woods and Morrison and they fail to show substantial assistance by these Defendants to the alleged defamers. Indeed, there is nothing in the Second Amended Complaint showing that Defendants Woods or Morrison had any reason to believe that Paul Mitchell was the alleged source of any of the media articles, or that the statements made in the media articles were false. *See* generally SAC. Mere allegations that Defendant Woods was the Director of the Penn Museum and that Defendant Morrison was the Chair of the Anthropology Department are insufficient to plead that they knew or should have known that the statements made in the articles were false. *Compare* SAC ¶¶ 28-29, 146 *with* Pl. Opp. at 19. And, again, Plaintiff does not even address this argument, let alone rebut it. *See generally* Pl. Opp.

*Fourth,* the law is clear that to adequately plead a civil aiding and abetting clam, Plaintiff must aver sufficient facts indicating that Defendants Woods and Morrison took "some

affirmative action which cause[d] the tortious actor to conduct himself inappropriately." *See* Mot. at 11. Plaintiff's SAC does not contain one factual allegation connecting the alleged employment actions to any tortious conduct of other defendants. *See generally* SAC. There is no allegation in the SAC that Defendants Woods or Morrison informed other defendants of the alleged adverse employment actions, that any of the defendants were aware of the alleged adverse employment actions before publishing their articles, or that the alleged adverse employment actions caused any of the defendants to publish alleged defamatory statements about Plaintiff. *See generally* SAC. In fact, most of the articles at issue were published *before* Plaintiff claims these alleged adverse actions occurred. *Compare* SAC ¶¶ 132-145, 147-148 *with* ¶¶ 151-154. And it was Plaintiff, not Defendants Woods or Morrison, who has publicized the alleged employment actions through this litigation. Without any factual allegations demonstrating a causal link between the alleged adverse employment actions and certain defendants' alleged defamatory statements, Plaintiff fails to show substantial assistance. *See* Mot. at 10-13.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's civil aiding and abetting claim against Defendants Woods and Morrison fail as a matter of law. As a result, the Court should dismiss Count IV of the Second Amended Complaint against Defendants Woods and Morrison in its entirety, with prejudice, and not permit further amendment.

Dated: October 11, 2023                    MORGAN, LEWIS & BOCKIUS LLP

By: */s/ Michael L. Banks*

Michael L. Banks (PA ID No. 35052)
Ali M. Kliment (PA ID No. 318988)
Alexis Caris (PA ID No. 330623)
1701 Market Street
Philadelphia, PA 19103
Tel: 215.963.5387/4614
Fax: 215.963.5001
Email: michael.banks@morganlewis.com
　　　　ali.kliment@morganlewis.com
　　　　alexis.caris@morganlewis.com

*Counsel for Defendants University of Pennsylvania, Amy Gutmann, Wendell Pritchett, Kathleen Morrison, Deborah Thomas, and Christopher Woods*

## CERTIFICATE OF SERVICE

I, Michael L. Banks, hereby certify that on this 11th day of October, 2023, a true and correct copy of the foregoing Defendants Dr. Christopher Woods and Dr. Kathleen Morrison's Rely Memorandum of Law in Support of Defendants' Motion to Dismiss the Second Amended Complaint was electronically filed and is available for viewing and downloading from the Court's ECF system.

                                                 */s/ Michael L. Banks*
                                                  Michael L. Banks