**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JANET MONGE,** | |
| **Plaintiff,** | |
| **v.** | Civil Action No: 2:22-cv-02942 |
| **UNIVERSITY OF PENNSYLVANIA, et al.,** | |
| **Defendants.** | |

**REPLY OF DEFENDANTS AL DIA NEWS AND BRITTANY VALENTINE
IN FURTHER SUPPORT OF MOTION TO DISMISS SECOND AMENDED
COMPLAINT**

Michael K. Twersky, Esquire (ID # 80568)
Alberto M. Longo, Esquire (ID # 328893)
**FOX ROTHSCHILD LLP**
980 Jolly Road
Suite 110
Blue Bell, PA 19422
(215) 299-2923 (tel)
(610) 397-0450 (fax)

*Attorneys for Defendants*
*Al Dia Newspaper, Inc. d/b/a Al Dia News Media*
*and Brittany Valentine*

## TABLE OF CONTENTS

**Page**

Plaintiff Fails to Allege Defamation by Implication........................................................................ 2

Plaintiff is a Limited Purpose Public Figure who has Failed to Allege Actual Malice ................. 4

Plaintiff's Civil Aiding and Abetting Claim Fails as a Matter of Law .......................................... 7

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)........................................................................................5, 7

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007)........................................................................................5, 8

*Beverly Enters., Inc. v. Trump,*
    182 F.3d 183 (3d Cir. 1999)............................................................................3

*Biro v. Conde Nast,*
    807 F.3d 541 (2d Cir. 2015).............................................................................6

*Bogash v. Elkins,*
    176 A.2d 677 (Pa. 1962) ................................................................................3

*Earley v. Gatehouse Media Pennsylvania Holdings, Inc.,*
    2015 WL 1163787 (M.D. Pa. Mar. 13, 2015).................................................5, 7

*Harte-Hanks Commc'n, Inc. v. Connaughton,*
    491 U.S. 657 (1989).........................................................................................6

*Kendall v. Daily News Publ'g Co.,*
    716 F.3d 82 (3d Cir. 2013)...............................................................................5

*Lee v. TMZ Prod., Inc.,*
    710 F. App'x. 551 (3d Cir. 2017) ...................................................................6

*Livingston v. Murray,*
    612 A.2d 443 (Pa. Super. Ct. 1992).................................................................3, 4

*Manning v. WPXI, Inc.,*
    886 A.2d 1137 (Pa. Super. 2005).....................................................................6

*Mayfield v. NASCAR,*
    674 F.3d 369 (4th Cir. 2012) ..........................................................................7

*McDowell v. Paiewonsky,*
    769 F.2d 942 (3d Cir. 1985).............................................................................5

*Michel v. NYP Holdings, Inc.,*
    816 F. 3d 686 (11th Cir. 2016) .......................................................................6

ii

*Pace v. Baker-White*,
    432 F. Supp. 3d 495 (E.D. Pa. 2020) ........................................................................5

*Pace v. Baker-White*,
    850 F. App'x 827 (3d Cir. 2021) ........................................................................5, 6

*Pippen v. NBCUniversal Media, LLC*,
    734 F.3d 610 (7th Cir. 2013) ........................................................................6

*Sarkees v. Warner West Corp.*,
    37 A.2d 544 (Pa. 1944) ........................................................................3, 4

*Snook v. Midd-W Sch. Dist.*,
    2015 WL 1209756 (M.D. Pa. Mar. 16, 2015) ........................................................................7

*St. Amant v. Thompson*,
    390 U.S. 727 (1968) ........................................................................6

*Tucker v. Fischbein*,
    237 F.3d 275 (3d Cir. 2001) ........................................................................6

## Other Authorities

Fed. R. Civ. P. 12(b)(6) ........................................................................6

Defendants, Al Dia Newspaper, Inc. d/b/a Al Dia News Media and Brittany Valentine (collectively "Defendants" or "Al Dia"), by and through their attorneys, Fox Rothschild LLP, respectfully submit this reply brief to address the deficiencies in Plaintiff's Opposition to Defendants' Motion to Dismiss the Second Amended Complaint ("Pl. Opp.") [ECF No. 154].

The Court allowed Plaintiff to amend her Complaint as to Al Dia to address the two claims not previously dismissed with prejudice: defamation by implication and civil aiding and abetting. Jan. 22, 2023 Order [ECF No. 104]. Accordingly, Plaintiff filed a Second Amended Complaint ("SAC") asserting those two claims against Al Dia. Like the prior two versions of the Complaint, the SAC contained only a passing reference to Al Dia and the article it published on May 3, 2021 (the "Article").

In response to Al Dia's Motion to Dismiss the SAC, Plaintiff offers nothing by way of new argument, new facts or new theories. Rather, Plaintiff recycles her prior arguments and facts that the Court already rejected. In that regard, Plaintiff's Opposition was just like her previously filed Complaints – devoid of anything even remotely actionable against Al Dia. Like the SAC, Plaintiff's Opposition to Al Dia's Motion to Dismiss rarely mentions Al Dia or the Article. Instead, Plaintiff goes on for pages about the alleged smear campaign orchestrated against her by her former students, co-defendants Paul Mitchell and Maya Kasutto. Pl. Opp. at 7-10. While the Statement of Facts covers more than ten pages in her Opposition Brief, the **_only_** time it specifically mentions Al Dia or the Article is on a quarter of a page at the very end of the fact section.[1]  *Id.* at 12.  And

---

[1] It appears that Plaintiff simply cut and pasted her Opposition to Al Dia's Motion to Dismiss from her oppositions to other Defendants' Motions to Dismiss. For example, Plaintiff's Opposition briefs defamation and false light – two of the claims dismissed *with prejudice* as to Al Dia and not asserted in the SAC, demonstrating a lack of particularized allegations about Al Dia.

that reference is only to quote the sub-headline of the Article, which Plaintiff claims – without any support – implies defamatory facts.

In dismissing two of the First Amended Complaint claims against Al Dia without prejudice, the Court gave Plaintiff an opportunity to plead *facts* to support her allegations. She offers none in the SAC. Accordingly, the Court should dismiss the SAC with prejudice as it is clear Plaintiff cannot meet her burden of pleading any cause of action against Al Dia.

<u>**Plaintiff Fails to Allege Defamation by Implication**</u>

The facts set forth in Plaintiff's Opposition and the SAC demonstrate that Al Dia's Article was accurate, truthful and published without actual malice. Plaintiff alleges only that Al Dia "falsely accuses Drs. Monge and Mann of racially motivated professional misconduct" through the Article's sub-headline, which states that "bombshell reports revealed the universities shuttled the remains back and forth, and used them in educational settings without ever contacting next of kin." Pl. Opp. at p. 12. That is the extent of the allegations against Al Dia. Nothing else was alleged about the Al Dia Article. As this Court found, those statements "are true" and, therefore, "they are not, as a matter of law, capable of defamatory meaning." Jan. 22, 2023 Memo. [ECF No. 103] at p. 8.

The facts set forth in Plaintiff's Opposition confirm that Al Dia's reporting was 100% accurate and truthful, with no defamatory implications whatsoever:

- Plaintiff admits she moved the bones from Penn to Princeton. Pl. Opp. [ECF No. 154] at p. 4;

- Plaintiff admits she did not obtain permission from any family member to use the bones. *Id.* at pp. 4-5;

- Plaintiff admits she displayed the bones to her students and for an on-line course. *Id.* at pp. 5-6.

That should end the Court's inquiry.[2]

Plaintiff fails to show how anything in the Al Dia Article can imply "racially motivated professional misconduct …." – the only implication claim she makes as to Al Dia.  *Id.* at p. 12.  In fact, the Article does not contain such an implication, notwithstanding how hard Plaintiff argues to the contrary.  Plaintiff seeks to justify her claims because the course in which the remains were displayed was not "mass-produced" and she was not paid to teach it.  *Id.* at p. 6.  But that is entirely irrelevant to any of the elements of her two remaining causes of action.

A defamation by implication claim cannot be based on an "unfair and forced construction . . . of the publication." *Bogash v. Elkins*, 176 A.2d 677, 679 (Pa. 1962) (citation omitted). But that is all Plaintiff offers.  Consequently, the Court must reject Plaintiff's attempt "to enlarge the natural meaning of the words [to] give to the language a construction which it will not bear."  *Livingston v. Murray*, 612 A.2d 443, 449 (Pa. Super. Ct. 1992).  The law is clear that, as is the case here, when the implication advanced by the plaintiff is not reasonable, it must be rejected, and the plaintiff must be held to have "failed to state a claim" as a matter of law.  *Beverly Enters., Inc.* v. *Trump*, 182 F.3d 183, 191 (3d Cir. 1999); *see also Sarkees v. Warner West Corp.*, 37 A.2d 544, 546 (Pa. 1944) (explaining that court must reject a defamation claim "[i]f the words are not susceptible of the meaning ascribed to them by the plaintiff").

The Court did just that in dismissing the defamation by implication claim in the First Amended Complaint, albeit without prejudice.  As the Court found: "The implication that Dr.

---

[2] Perhaps most troubling with Plaintiff's allegations, whether in her Complaints or briefing, is that she appears unable to comprehend why MOVE members are upset that the remains of their loved ones were used in a such a manner by Plaintiff.  Instead of understanding her own actions and how they impact others, she blames Defendants for reporting truthfully.  Even if the remains did not belong to Katricia and Delishia Africa (of which there is a scientific, medical and/or anthropological difference of opinion), they belong to someone's family who was never contacted by Plaintiff to use them in her public displays.

Monge engaged in professional misconduct is simply not 'warranted, justified or supported by the publication' when read as a whole … and the language used in the article cannot 'reasonably be construed to have the meaning imputed in the innuendo.'" Jan. 22, 2023 Memo [ECF No. 103] at p. 9 (quoting *Livingston*, 612 A.2d at 449 and *Sarkees*, 37 A.2d at 546).

Plaintiff offers no additional facts (or anything else for that matter) to "cure the claim's shortcomings" as the Court allowed. *Id.* Even a cursory review of Plaintiff's argument reveals absolutely nothing to counter this Court's prior finding that the implication ascribed to the Al Dia Article is not warranted. Pl. Opp. at pp. 21-22. Rather, Plaintiff simply disagrees with the Court's determination. Consequently, Plaintiff's defamation by implication claim should now be dismissed with prejudice.

**<u>Plaintiff is a Limited Purpose Public Figure who has Fails to Allege Actual Malice</u>**

The Court found that Plaintiff "is a limited public figure with respect to the MOVE bombing and the identification of the MOVE remains and that she became a limited public figure in 2019 when she published her course 'Real Bones:  Adventures in Forensic Anthropology' on the Coursera online platform." May 18, 2023 Memo [ECF No. 120] at 28-29. Although the Court made this finding in its decision on the Motion to Dismiss filed by the Media Defendants, all of the other defendants – including Al Dia – argued in their respective Motions to Dismiss the First Amended Complaint that Plaintiff is a public figure who must plead and prove actual malice. Al Dia Motion to Dismiss First Amended Complaint [ECF No. 37] at pp. 20-22. Thus, the Court's finding as to Plaintiff's status as a limited public figure applies to all Defendants and is the law of the case as Plaintiff acknowledges. Pl. Opp. [ECF No. 154] at p. 13.

Nevertheless, Plaintiff asks this Court to reconsider that decision. *Id.* The Court should decline to do so as its prior ruling was correct under the law and the facts. Plaintiff suggests that "she was thrust into the public spotlight" only following the publication of Defendants' articles.

4

*Id.* But, as this Court found, Plaintiff "put herself" into the public spotlight when she voluntarily took on a very public-facing role in the MOVE bombing investigation. May 18, 2023 Memo [ECF No. 120] at p. 30. Thus, at the very least, she "'voluntarily assumed a position that invited attention' when she published a course concerning the identification of the MOVE remains and the MOVE bombing, an event which has received substantial media attention since 1985." *Id.* (quoting *McDowell v. Paiewonsky*, 769 F.2d 942, 950 (3d Cir. 1985).

"As a limited public figure, Dr. Monge 'must allege *facts* to support an inference of actual malice' at the pleading stage." *Id.* (quoting *Pace v. Baker-White*, 850 F. App'x 827, 831 (3d Cir. 2021)) (emphasis in original); *see also Kendall v. Daily News Publ'g Co.*, 716 F.3d 82, 90 (3d Cir. 2013) (public figure asserting defamation by implication must meet actual malice standard). "In the wake of *Iqbal* and *Twombly*, 'adequately pleading actual malice is an onerous task[.]'" *Pace v. Baker-White*, 432 F. Supp. 3d 495, 514 (E.D. Pa. 2020) (quoting *Earley v. Gatehouse Media Pennsylvania Holdings, Inc.*, 2015 WL 1163787, at *2 (M.D. Pa. Mar. 13, 2015)). Al Dia set forth in its Motion to Dismiss the legal requirements to plead actual malice. Motion to Dismiss [ECF 37] at pp. 12-15. Plaintiff has not, and cannot, meet that "onerous" standard.

Plaintiff did not plead any facts in her SAC that even remotely suggests that Al Dia published the Article with knowledge that it was false or with reckless disregard of the truth (*i.e.,* actual malice). Plaintiff argues that she has, in fact, adequately pled actual malice based on the "more individualized paragraphs" of the SAC. Pl. Opp. [ECF No. 154] at p. 24. But there is only one substantive paragraph of the 197 in the SAC that even mentions Al Dia. *See* SAC [133] at ¶142(d). That paragraph only recites the sub-headline of the Al Dia Article and summarily concludes that it accuses Plaintiff of "professional misconduct." *Id.* As explained above, the sub-

headline cannot, as a matter of law, be read to imply that Plaintiff committed professional malpractice or that she is a racist.

Plaintiff argues that she "alleged in extensive detail the grudge harbored by [her] former students, Defendants Mitchell and Kasutto, their retaliatory scheme to create a defamatory 'Cancel Culture' movement, and the fact that they provided false information that the Moving Defendants used to publish their stories."  Pl. Opp. [ECF No. 154] at p. 24.  But Al Dia had no connection to Mitchell and Kasutto.  They are not quoted in the Al Dia Article.  In fact, there is no connection at all between Al Dia and Mitchell or Kasutto, and Plaintiff alleges nothing to the contrary.

In essence, Plaintiff argues that Al Dia failed to properly investigate – a negligence (not actual malice) concept.  It is well settled that a failure to investigate does not, as a matter of law, meet the actual malice standard.  *See, e.g., St. Amant v. Thompson*, 390 U.S. 727, 731 (1968); *Manning v. WPXI, Inc.*, 886 A.2d 1137, 1144 (Pa. Super. 2005); *see also Harte-Hanks Commc'n, Inc. v. Connaughton*, 491 U.S. 657, 663-64 (1989) ("highly unreasonable conduct constituting an extreme departure from the standards of investigation and reporting ordinarily adhered to by responsible publishers" will not meet the standard of proof for actual malice); *Tucker v. Fischbein*, 237 F.3d 275, 286 (3d Cir. 2001) ("an extreme departure from professional standards" does not constitute actual malice); *Manning*, 886 A.2d at 1144 (suggestion that defendants "could have employed a higher degree of journalistic responsibility does not constitute actual malice.").

Where, as here, a public figure plaintiff fails to plead actual malice in her complaint, it must be dismissed.  *See, e.g., Pace*, 850 F. App'x. at 831-32 (affirming Rule 12(b)(6) dismissal of defamation action for failure to adequately allege actual malice); *Lee v. TMZ Prod., Inc.*, 710 F. App'x. 551, 560 (3d Cir. 2017) (same); *Michel v. NYP Holdings, Inc.*, 816 F. 3d 686, 701-02 (11th Cir. 2016) (same); *Biro v. Conde Nast*, 807 F.3d 541, 546 (2d Cir. 2015) (same); *Pippen v.*

*NBCUniversal Media, LLC*, 734 F.3d 610, 614-16 (7th Cir. 2013) (same); *Mayfield v. NASCAR*,

674 F.3d 369, 377-78 (4th Cir. 2012) (same); *Schatz*, 669 F.3d at 57 (same); *Reese*, 158 F. Supp.

3d at 289 (same); *Snook v. Midd-W Sch. Dist.*, 2015 WL 1209756, at *13 (M.D. Pa. Mar. 16, 2015)

(same); *Earley*, 2015 WL 1163787, at *4 (same).

### Plaintiff's Civil Aiding and Abetting Claim Fails as a Matter of Law

Plaintiff argues that her civil aiding and abetting claim against Al Dia survives because:

> [The SAC] identifies all of the wrongdoers and principal players in Defendants' falsified "Cancel Culture" Movement, and it further adequately alleges they each hopped onto that movement by publishing their own defamatory stories despite the fact that the sole source of the information for those stories was a scorned former student of Dr. Monge with a grudge against her. Despite being put on notice that their source was flimsy at best and a blatant liar at worst, the Defendants conducted no investigations as to the allegations made by Mitchell and the other Defendants' articles, nor did they care to do so.

Pl. Opp. [ECF No. 154] at p. 27.

As an initial matter, if Plaintiff's only other remaining claim for defamation by

implication is dismissed, her aiding and abetting claims fails as a matter of law. *See* Al

Dia Motion to Dismiss SAC [ECF No. 136-2] at pp. 15-16. But on its own this claim fails

as well, as there is nothing alleged (or that in fact exists) tying Al Dia to Mitchell, Kasutto

or any other Defendant. Further, there is not a single allegation in the SAC that Mitchell

or Kassuto was Al Dia's "source" for the Article, or that Al Dia was "put on notice" that

Mitchell and Kasutto were unreliable. It is thus not surprising that Plaintiff's Opposition

does not cite to any paragraph of the SAC or the Article to support her argument for keeping

the aiding and abetting claim alive.

That failure is fatal, as Plaintiff must plead factual content that allows the court to

draw the reasonable inference that Al Dia is liable for aiding and abetting any other

defendant in publishing allegedly defamatory statements about Plaintiff. *See, e.g., Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); Jan. 22, 2023 Memo [ECF No. 103] at p. 11.  That is precisely what the Court found in dismissing the same claim in Plaintiff's First Amended Complaint.  Jan. 22, 2023 Memo [ECF No. 103] at p. 11.  As nothing has changed, and nothing new has been alleged, the same result should follow, but now the dismissal should be with prejudice as Plaintiff has shown she cannot allege facts sufficient to defeat a Motion to Dismiss.

For all of these reasons, as well as those in Al Dia's principal brief, the Court should dismiss the remaining claims against the Al Dia Defendants with prejudice.

Respectfully submitted,

Dated:  October 11, 2023

/s/ Michael K. Twersky
Michael K. Twersky, Esquire (ID # 80568)
Alberto M. Longo, Esquire (ID # 328893)
**FOX ROTHSCHILD LLP**
980 Jolly Road
Suite 110
Blue Bell, PA 19422
(215) 299-2923 (tel)
(610) 397-0450 (fax)

*Attorneys for Defendants*
*Al Dia Newspaper, Inc. d/b/a Al Dia News Media and Brittany Valentine*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 11th day of October, 2023, I caused a true and correct copy of

the foregoing Al Dia Defendants' Reply In Further Support of Their Motion to Dismiss Complaint

to be filed with this Court, where it is available for viewing and downloading from the Court's

ECF system, and that such electronic filing automatically generates a Notice of Electronic Filing

constituting service of the filed document, upon all counsel of record.


/s/ Michael K. Twersky
Michael K. Twersky
FOX ROTHSCHILD LLP