IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JANET MONGE,** | : | **CIVIL ACTION** |
| | : | |
| *Plaintiff,* | : | **NO.: 2:22-cv-02942-GEKP** |
| | : | |
| v. | : | |
| | : | |
| **UNIVERSITY OF PENNSYLVANIA,** *et al.*, | : | |
| | : | |
| *Defendants.* | : | |

**REPLY IN SUPPORT OF THE PHILADELPHIA INQUIRER, PBC,
ABDUL-ALIY MUHAMMAD, AND JENICE ARMSTRONG'S
<u>MOTION TO DISMISS THE SECOND AMENDED COMPLAINT</u>**

For the reasons set forth in the motion to dismiss (Doc. 145) filed by The Philadelphia Inquirer, PBC, Abdul-Aliy Muhammad, and Jenice Armstrong (collectively, "The Inquirer Defendants"), the only two counts of the Second Amended Complaint ("SAC") asserted against The Inquirer Defendants—defamation by implication (Count II) and civil aiding and abetting (Count IV) (*see* Doc. 133 (SAC) ¶¶ 173-183, 192-197)—should be dismissed with prejudice.

By Memorandum Opinion and Order (Docs. 116-17), this Court dismissed plaintiff's prior effort to assert the same claims against The Inquirer Defendants but provided her with the opportunity to "cure" those identified "shortcomings" if she did so in a timely matter.[1] *See* Doc. 116 (Mar. 24, 2023 Mem. Op.) at 14. In response, plaintiff inexplicably chose to re-assert the *same* two claims against The Inquirer Defendants, based entirely on the *same* alleged implications and actions that the Court already found to be non-actionable, and failed to

---

[1] The Court dismissed plaintiff's defamation by implication and civil aiding and abetting claims without prejudice as against The Inquirer Defendants but dismissed the claims of defamation and false light with prejudice. *See* Doc. 117 (Mar. 23, 2023 Order) ¶¶ 1-2.

undertake *any* effort to remediate—or even address—the numerous "shortcomings" the Court identified in dismissing the claims. Thus, for the same reasons that the Court previously dismissed the defamation by implication and civil aiding and abetting claims against The Inquirer Defendants, it should do so again. And this time with prejudice.

A.  **Plaintiff's defamation by implication claim (Count II) should be dismissed with prejudice because it is premised solely upon the same alleged implications that this Court already ruled are non-actionable.**

As set forth in The Inquirer Defendants' supporting memorandum,[2] plaintiff's current "defamation by implication" claim is premised upon the same alleged implications that this Court previously found to be non-actionable. *Compare* Doc. 116 (Mar. 24, 2023 Mem. Op.) at 12-14 (identifying and rejecting four alleged implications from Muhammad Op-Ed and one from Armstrong Opinion Column) *with* Doc. 133 (SAC) ¶¶ 136 (relying on the same four alleged implications of Muhammad Op-Ed) and 142(g) (relying on same alleged implication from Armstrong Opinion Column). In other words, despite being given the opportunity to "cure" the prior "shortcomings" of her prior claim, plaintiff chose to regurgitate the same legally insufficient claim, based upon the same legally insufficient bases, that this Court already carefully considered and rejected in its Memorandum Opinion of March 24, 2023 (Doc. 116).

In her opposition brief, plaintiff fails to identify any purported difference between her current defamation by implication claim and the previously dismissed claim; instead, she simply argues that the "law of the case" doctrine is permissive rather than mandatory and then repeats the same arguments that she previously unsuccessfully raised in the first go-round. *See* Doc. 155 (Plaintiff's Opposition Memorandum ("Pl. Mem.")) at 22-24. The Court has already considered

---

[2] *See* Doc. 145-1 (Memorandum of Law in Support of Defendants The Philadelphia Inquirer, PBC, Abdul-Aliy Muhammad, and Jenice Armstrong's Motion to Dismiss the Second Amended Complaint ("Def. Mem.")) at 3-4.

2

and rejected all of the alleged bases for plaintiff's defamation by implication claim against The Inquirer Defendants and plaintiff has presented no reason for the Court to reconsider that prior well-reasoned ruling. Regardless of how the "law of the case" doctrine should apply, plaintiff's decision to present the same legally deficient claim premised upon the same legally deficient bases should result in dismissal, but this time with prejudice.

**B.        Plaintiff's civil aiding and abetting claim (Count IV) should be dismissed with prejudice for the same reasons that the Court previously dismissed the claim.**

Plaintiff's civil aiding and abetting claim should also be dismissed with prejudice. The Court previously dismissed the claim, concluding that plaintiff's allegations failed to include sufficient factual matter to state a plausible claim for relief. Doc. 116 (Mar. 24, 2023 Mem. Op.) at 16 (internal quotation and citation omitted). Rather than addressing the identified deficiencies, plaintiff again chose to regurgitate the same claim, apparently in the hope of achieving a different result.

As set forth in The Inquirer Defendants' earlier memorandum (Doc. 145-1 (Def. Mem.) at 6-7), plaintiff failed to include any new allegations in her Second Amended Complaint that alter the viability of the civil aiding and abetting count against The Inquirer Defendants. Even after the opportunity to re-plead her claim, plaintiff failed to identify *any* way in which The Inquirer Defendants allegedly provided "substantial assistance or encouragement" to a third party to engage in tortious conduct. Plaintiff equally failed to explain how The Inquirer Defendants' *subsequent* publication of two articles could possibly have "caused" Paul Mitchell and others to engage in allegedly tortious acts *prior to* the publication of the articles. *See id*.

Plaintiff avoids addressing that critical issue in her opposition brief, instead arguing that the publishing defendants "hopped onto" the "Cancel Culture" movement by "publishing their own defamatory stories" and that Muhammad purportedly was a "close associate" of Mitchell.

3

Doc. 155 (Pl. Mem.) at 27-28. But neither of those arguments comes close to saving plaintiff's claim. To start, the Court already dismissed plaintiff's civil aiding and abetting claim based upon defendants' ongoing publications of stories (Doc. 116 (Mar. 24, 2023 Mem. Op.) at 15-16) and plaintiff provides no basis for reconsidering that prior ruling. Moreover, nothing about. Muhammad's purported relationship with Mitchell—even if assumed true for these purposes— provides any plausible allegation of "substantial assistance" necessary to state a cognizable claim against Muhammad or any of the other Inquirer Defendants. Simply put, plaintiff fails to allege any non-conclusory facts sufficient to plausibly show that The Inquirer Defendants provided "substantial assistance" to Mitchell and, as such, plaintiff cannot state a cognizable claim for civil aiding and abetting. For the reasons the Court already expressed in its earlier Memorandum Opinion, Count IV should be dismissed with prejudice as to The Inquirer Defendants.

C.     **In the alternative, plaintiff's defamation by implication claim (Count II) should be dismissed with prejudice because plaintiff has not plausibly alleged that The Inquirer Defendants published the Muhammad Op-Ed or the Armstrong Opinion Column with "actual malice."**

Finally, plaintiff's defamation by implication claim also should be dismissed with prejudice because plaintiff is a limited purpose public figure and she has not plausibly alleged— and cannot plausibly allege—that The Inquirer Defendants published the Muhammad Op-ed or the Armstrong Opinion Column with "actual malice." *See* Doc. 145-1 (Def. Mem.) at 4-5.

Although the Court did not address this issue in dismissing all prior claims against The Inquirer Defendants, it subsequently ruled that plaintiff is a limited purpose public figure "with respect to the MOVE events, including the identification of the MOVE remains, at least beginning in 2019." *See* Doc. 120 (May 19, 2023 Mem. Op.) at 30. As a result, "actual malice" is the fault standard that governs plaintiff's defamation by implication claims against all defendants in the case. *Id*. at 27.

In her opposition—without citing to any particular paragraphs in her Second Amended Complaint—plaintiff contends that she adequately alleged "actual malice" because, she maintains, there were "obvious reasons to doubt" the information that The Inquirer Defendants published. Doc. 155 (Pl. Mem.) at 26-27. According to plaintiff, those "obvious reasons" were that: (1) plaintiff "had never been charged with any professional misconduct in her decades of service as an anthropologist" and (2) "the information [that The Inquirer Defendants published] came directly from two scorned former students [i.e., Mitchell and Katsutto] seeking retribution against her." *Id.* Both arguments fail.

As to the first, plaintiff does not plead in her Second Amended Complaint that she had never been charged with professional misconduct—let alone that The Inquirer Defendants knew this was the case. Moreover, even if The Inquirer Defendants did know that plaintiff had never been charged with professional misconduct, it would not amount to an "obvious reason to doubt" the veracity of anything that The Inquirer Defendants included in the Muhammad Op-Ed or the Armstrong Opinion Column.

As to plaintiff's second argument, despite alleging in the Second Amended Complaint that Muhammad was a "close associate[]" of Mitchell's (Doc. 133 (SAC) ¶¶ 136), plaintiff does not allege that any of The Inquirer Defendants knew that either Mitchell or Katsutto was seeking retribution against her or otherwise held a grudge against her. Moreover, relying on an allegedly biased source does not amount to actual malice anyway. *See Tucker v. Phila. Daily News*, 848 A.2d 113, 127, 135 (Pa. 2004) (dismissing public figures' defamation claim for insufficient allegations of actual malice, despite allegation that defendants relied on biased source for information at issue). Because plaintiff has not plausibly alleged facts sufficient to meet the

constitutionally mandated "actual malice" standard, plaintiff's defamation by implication count should be dismissed with prejudice as to The Inquirer Defendants.

## CONCLUSION

For the foregoing reasons, as well as those expressed in the earlier supporting memorandum (Doc. 145-1), The Inquirer Defendants respectfully request that the Court dismiss all claims of the Second Amended Complaint asserted against them, in their entirety and with prejudice.

Respectfully submitted,

Date: October 11, 2023

**LeVAN STAPLETON SEGAL COCHRAN LLC**

*/s/ Eli Segal*
Eli Segal (Id. No. 205845)
Peter H. LeVan, Jr. (Id. No. 83456)
1760 Market Street, Suite 403
Philadelphia, PA 19103
(215) 561-1500
esegal@levanstapleton.com
plevan@levanstapleton.com

*Attorneys for Defendants The Philadelphia Inquirer, PBC, Abdul-Aliy Muhammad, and Jenice Armstrong*

## **CERTIFICATE OF SERVICE**

I certify that on October 11, 2023, I caused a true and correct copy of the foregoing to be filed through the Court's electronic filing system and to be sent electronically to all counsel of record.

*/s/ Eli Segal*
Eli Segal