IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANET MONGE, | : |
| Plaintiff, | : |
| v. | : CASE NO. 2:22-CV-02942-GEKP |
| UNIVERSITY OF PENNSYLVANIA, et al. | : |
| Defendant. | : |

**DEFENDANTS KINJAL DAVE AND JAKE NUSSBAUM'S REPLY BRIEF
IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S
SECOND AMENDED COMPLAINT**

Defendants Kinjal Dave and Jake Nussbaum, (collectively "Defendants"), by and through their undersigned counsel, hereby submit the following reply brief in support of the underlying Motion of Defendants Kinjal Dave and Jake Nussbaum to Dismiss Plaintiff's Second Amended Complaint, ECF No. 143 (the "Motion"), and in response to Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss, ECF No. 151 (the "Opposition").

**I.      INTRODUCTION**

Plaintiff Janet Monge ("Plaintiff") was given a second chance to specifically cure the shortcomings in her Complaint as outlined by this Court in its Memorandum Opinion, ECF No. 108 (the "Memorandum Opinion"), however, Plaintiff has failed to do so. Instead, Plaintiff misguidedly uses her Opposition as a means to relitigate issues that have already been conclusively decided by this Honorable Court. This Court has previously determined that Plaintiff's claims for defamation and false light were dismissed with prejudice against Ms. Dave and Mr. Nussbaum. Further, this Court has conclusively found the statements at issue in Ms. Dave and Mr. Nussbaum's article to be literally true or to be pure opinions that are not capable of a defamatory meaning. Moreover, this Court has conclusively determined Plaintiff to

1

be a limited purpose public figure, and accordingly that she is required to sufficiently allege actual malice in order to state a claim for defamation by implication, of which Plaintiff has failed to do.  Finally, this Court has already determined that Plaintiff had not alleged sufficient facts to establish a civil aiding and abetting claim.  Plaintiff's Second Amended Complaint fails to cure these deficiencies that were outlined by the Court.

First, Plaintiff's Second Amended Complaint does not set forth a plausible claim of defamation by implication against Defendants because she does not plausibly allege any ***defamatory*** implications made by Defendants.

Moreover, as noted, this Court has already found Plaintiff to be a limited purpose public figure with respect to the MOVE bombing and the identification of the MOVE remains, and, thus, Plaintiff is required to allege actual malice.  See Doc. 127, pp. 12 and 19.  Plaintiff's Second Amended Complaint, like its predecessor, fails to do so.

Finally, as a result of Plaintiff's failure to sufficiently establish an underlying tort as well as her failure to adequately allege that Defendants breached any duty owed to Plaintiff or that Defendants provided substantial assistance to any other Defendant in accomplishing a tortious result, Plaintiff's civil aiding and abetting claim also fails. Thus, given these failures, Plaintiff's Second Amended Complaint should be dismissed, with prejudice.[1]

---

[1] Hyperallergic filed Defendant, Hyperallergic Media's Motion to Dismiss Plaintiff's Second Amended Complaint Pursuant to F.R.C.P. 12(b)(6) on August 4, 2023.  Hyperallergic filed its Reply Brief in Support of its Motion to Dismiss on October 5, 2023.  Because the claims against Hyperallergic and Mr. Nussbaum and Ms. Dave are identical, Mr. Nussbaum and Ms. Dave rely on and incorporate herein the arguments set forth in Hyperallergic's motion to dismiss and its reply brief in support of its motion to dismiss.

**II.      ARGUMENT**

      **A.      Plaintiff Fails to Establish the Requisite Element of Actual Malice Under Her Claim for Defamation By Implication**

Plaintiff, in her Opposition, acknowledges that this Court has found Plaintiff to be a limited purpose public figure, yet she dedicates a significant portion of her Opposition arguing the opposite. See Opposition at pp. 13-15. Plaintiff claims, without any support, that the "law of the case doctrine does not preclude Plaintiff from repleading these issues given the ambiguities in the Court's prior Orders and the fact that the Court explicitly requested that Plaintiff replead her claims." Opposition at p. 13. In at least four of this Court's decisions on the motions to dismiss Plaintiff's First Amended Complaint, the Court provides a thorough analysis as to whether Plaintiff was a limited purpose public figure. See Monge v. Univ. of Pennsylvania, No. CV 22-2942, 2023 WL 3571935, at *13-*14 (E.D. Pa. May 19, 2023); Monge v. Univ. of Pennsylvania, No. CV 22-2942, 2023 WL 3594471, at *5-*6 (E.D. Pa. May 22, 2023); Monge v. Univ. of Pennsylvania, No. CV 22-2942, 2023 WL 3692935, at *6-*7 (E.D. Pa. May 26, 2023); Monge v. Univ. of Pennsylvania, No. CV 22-2942, 2023 WL 4032661, at *6 (E.D. Pa. June 14, 2023). In each of these opinions, this Court unambiguously holds that "Dr. Monge is a limited public figure with respect to the MOVE bombing and the identification of the MOVE remains—both of which are public controversies—and she became a limited public figure in 2019 when she published her course on the Coursera online platform." Id.

Further, while Plaintiff is correct that the Court allowed Plaintiff the opportunity to replead some her claims, the Court was unequivocal in its holdings that, because Plaintiff was a limited public figure, she was provided leave to amend if to plead actual malice, not to replead her status as a private figure. Id.

"Under the law of the case doctrine, once an issue is decided, it will not be relitigated in the same case, except in unusual circumstances." Hayman Cash Reg. Co. v. Sarokin, 669 F.2d 162, 165 (3d Cir. 1982). "The purpose of this doctrine is to promote the 'judicial system's interest in finality and in efficient administration.'" Id. (internal citation omitted). This doctrine ensures that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." In re Cont'l Airlines, Inc., 279 F.3d 226, 233 (3d Cir. 2002); see also, In re Pharmacy Benefit Managers Antitrust Litigation, 582 F.3d 432, 439 (3d Cir. 2009) (The "[l]aw of the case rules have developed 'to maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit.'") (citations omitted). Courts should "be loathe to [reverse prior rulings] in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would make a manifest injustice." In re Pharmacy Benefit Managers Antitrust Litigation, 582 F.3d at 439 (quoting Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 816 (1988)). In addition to that narrow class of cases where the prior ruling was "manifestly unjust," the type of "extraordinary circumstances" that warrant a court's reconsideration of an issue decided earlier in the course of litigation typically exist only where (1) new evidence is available, or (2) a supervening new law has been announced. Id. (citing Pub. Interest Research Group of N.J., Inc. v. Magnesium Elektron, Inc., 123 F.3d 111, 117 (3d Cir. 1997)).

Plaintiff has not identified any "unusual circumstances" or any manifest injustices that would prevent the application of the law of the case doctrine here. Sarokin, 669 F.2d at 165; Kim v. Villanova Univ., No. CV 21-1879, 2022 WL 3913547, at *8 (E.D. Pa. Aug. 30, 2022), dismissed, No. 22-2820, 2023 WL 3272408 (3d Cir. Feb. 6, 2023). She has not pointed to newly discovered evidence suggesting that she is not a limited purpose public figure. United Artists

Theatre Cir., Inc. v. Twp. of Warrington, 316 F.3d 392, 397 n.4 (3d Cir. 2003).  Plaintiff has also not identified a supervening new law or demonstrated that the Court's earlier decision was "clearly erroneous and would create manifest injustice."  Id.  Therefore, the law of the case applies and the Court's prior finding that Plaintiff's is a limited purpose public figure governs.

Because Plaintiff is a limited purpose public figure, Plaintiff's failure to plead facts suggesting that Defendants acted with actual malice necessitates dismissal of Plaintiff's defamation by implication claim.  See Mzamane v. Winfrey, 693 F. Supp. 2d 442, 505-10 (E.D. Pa. 2010); ); McCafferty v. Newsweek Media Grp, Ltd., 955 F.3d 352, 360 (3d Cir. 2020); Pace v. Baker-White, 432 F. Supp. 3d 495, 510 (E.D. Pa. 2020), aff'd, 850 F. App'x 827 (3d Cir. 2021); see also Monge v. Univ. of Pennsylvania, No. CV 22-2942, 2023 WL 3594471, at *7 (E.D. Pa. May 22, 2023).  Plaintiff fails to allege any facts that suggest that Ms. Dave and Mr. Nussbaum had doubts as to the truth of their statements prior to making them let alone knowledge that the statements were false.  See Second Amended Complaint; Masson v. New Yorker Magazine, 501 U.S. 496, 510 (1991).  Instead, Plaintiff, in her Opposition, argues that when the Defendants received the "false and defamatory information" regarding Plaintiff, there were "obvious reasons to doubt its veracity" given that Plaintiff "had never been charged with any professional misconduct" and "the information came directly from two scorned former students seeking retribution against her."  See Opposition at p. 25.  These allegations are insufficient to establish actual malice.

First, Plaintiff has not sufficiently pled that Defendants were aware that Plaintiff had never been charged with any professional misconduct.  See Second Amended Complaint. Further, in Defendants' article, Defendants cite to the report created by the Tucker Law Group which found, after an investigation that Plaintiff's behavior showed "extremely poor judgment"

5

and "gross insensitivity to human dignity," and they reference the findings of an investigation conducted by Princeton University that is "more damning of [Plaintiff's] actions." <u>See</u> "How the Possession of Human Remains Led to a Public reckoning at the Penn Museum," authored by Kinjal Dave and Jake Nussbaum, attached to Plaintiff's Second Amended Complaint at Exhibit O.  Thus, Defendants, after conducting their own review of two credible sources, had independent support for the information they set forth in their article, which is the opposite of actual malice.  <u>Id</u>.

Second, Plaintiff has not alleged how or why Defendants should have been aware of the alleged "flawed source for their articles." <u>See</u> Second Amended Complaint.  Plaintiff argues that reckless disregard for the truth may be found, "where there are obvious reasons to doubt the veracity of the informant or the accuracy of his reports." <u>See</u> Opposition at p. 25 (citing <u>Gertz v. Robert Welch, Inc.</u>, 418 U.S. 323, 332(1974) and <u>Harte-Hanks Communications, Inc. v. Connaughton,</u> 491 U.S. 657, 688.  Plaintiff's Second Amended Complaint, however, is devoid of any plausible, non-conclusory, allegations that Defendants had any reason to doubt the veracity of their "informant[s]."  <u>See</u> Second Amended Complaint.  In fact, this Court has previously held that many of the assertions in this article are true.  <u>See</u> Memorandum Opinion at p. 8 (finding that it is literally true that Plaintiff did not obtain consent from Consuewella Dotson to use the remains for research, and also that it is literally true that Plaintiff used the remains for teaching). Similarly, the Second Amended Complaint fails to provide any facts from which one could conclude that Defendants were aware or had any knowledge pertaining to Defendants Paul Mitchell and/or Maya Kasutto's purported grudge against Plaintiff or of their alleged retaliatory scheme to create a 'Cancel Culture' movement.  <u>Id</u>.  There is no plausible allegation that

Defendants relied on sources they knew were unreliable. This failure to plead actual malice is the death knell to Plaintiff's claims. St. Amant v. Thompson, 390 U.S. 727, 730 (1968).

### B. Plaintiff Fails to Establish any Defamatory Implication in Defendants' Alleged Statements

As acknowledged by Plaintiff, a claim for defamation by implication requires a finding that "the challenged language can 'fairly and reasonably be construed' to imply the ***defamatory*** meaning alleged by a plaintiff." See Opposition at p. 18 (citing Sarkees v. Warner-W Corp., 37 A.2d 544, 546 (Pa. 1944) (emphasis added). The implications that Plaintiff alleges can be inferred from Defendants' article, however, are not defamatory because they have already been found to be true or mere opinions based on disclosed facts. See Memorandum Opinion at p. 11.

"The question of whether innuendo is actionable as defamatory is a question of law." ToDay's Housing v. Times Shamrock Communications Inc., 21 A.3d 1209, 1215 (Pa. Super. Ct. 2011) (citation omitted). The Court must "view the statement[ ] in context" and ask whether the "impression it would naturally engender, in the minds of the average persons among whom it is intended to circulate," is capable of defamatory meaning. Tucker v. Fischbein, 237 F.3d 275, 282 (3d. Cir. 2001) (cleaned up). "When the implication alleged by the plaintiff is not 'reasonably susceptible of a defamatory meaning,' the plaintiff has failed to state a claim." Pace v. Baker-White, 432 F. Supp. 3d 495, 510 (E.D. Pa. 2020), aff'd, 850 F. App'x 827 (3d Cir. 2021) (internal citation omitted).

The implications alleged in Plaintiff's Second Amended Complaint, that the articles "held Plaintiff out to public scorn and ridicule, attributed improper conduct to Plaintiff and cast doubt on Plaintiff's ability to properly carry out the responsibilities of her job and chosen profession" are identical to the allegations in her First Amended Complaint, that supported her defamation by implication claim, which was dismissed by this Court. See Second Amended Complaint, ¶ 175;

First Amended Complaint, Docket No. 1, Exhibit A, ¶ 194; and Memorandum Opinion, p. 11. Plaintiff's addition of a single sentence that reads "[s]pecifically, all of the above articles can be read by the average reader as carrying the implication that Dr. Monge was an unethical racist whose work could not be trusted," does not change the analysis. See Second Amended Complaint, ¶ 175.

As noted above, the implications Plaintiff alleges can be inferred from Defendants' article are opinions based on disclosed facts. This alone distinguishes this matter from Menkowitz v. Peerless Publications, Inc., 176 A.3d 968 (Pa. Super. 2017), vacated and remanded on other grounds, 653 Pa. 573 (2019). In Menkowitz, a front-page article was published about the plaintiff, a well-known surgeon. Menkowitz, 653 Pa. 577. The headline of the article was "PMMC Suspends Physician," and the operative statements in the article state that "[Plaintiff's] sudden absence from the hospital has spawned rampant rumors of professional misconduct regarding his treatment of an older female patient. Yet hospital spokesperson [] has declined numerous requests form The Mercury for comment" Menkowitz, 176 A.3d at 984. The court found that this passage, when read as a whole could constitute defamation per se because "[i]t cannot be said as a matter of law that the cumulative effect of this passage may not suggest that [Plaintiff] engaged in improper sexual or physical conduct with an older female patient." Id. The court found that the passage specifically referred to plaintiff's professional misconduct with regard to his treatment of an older female patient and that the suggestion of sexual or physical misconduct may be inferred from the allegation of professional misconduct. Id. Thus, the court held that the language used could fairly and reasonably be construed by implication in a defamatory manner. Id. at 985. The basis for the plaintiff's suspension in Menkowitz, however, was due to the plaintiff's disruptive behavior of yelling at staff and doctors, not sexual or

physical misconduct.  Id. at 972-73.  This information was not disclosed in the article at issue.  Id. at 974.  Thus, in Menkowitz, the implication of sexual misconduct was a defamatory implication, as it was an untrue non-opinion that was formed based on critical, undisclosed facts.  Thus, Menkowitz is clearly distinguishable from Defendants' article at issue because this Court previously held that "the statements at issue in the Hyperallergic article are literally true and are pure opinions that are not capable of defamatory meaning."  See Memorandum Opinion at p. 11.

Further, Plaintiff's argument that Defendants "falsely implied a racially motivated investigation of the unidentified bone fragments" is futile as this Court previously determined that any implication of racial motivation on the part of Plaintiff is not actionable because it is a non-defamatory, pure opinion.  See Memorandum Opinion, p. 11.  Because the statements in Defendants' article do not imply any hidden defamatory facts, Plaintiff's defamation by implication claim fails and must be dismissed.

### C. Plaintiff Fails to State a Claim of Civil Aiding and Abetting as to Defendants

Plaintiff, in her Opposition, clarifies that she is asserting her civil aiding and abetting claim against Defendants pursuant to Section 876(c) of the Restatement (Second) of Torts.  See Opposition at pp. 21 and 26.  Pennsylvania courts, however, have not recognized whether a cause of action exists under subsection (c).[2]  See Stanco v. Sekelsky, No. 3:22-CV-00573, 2023 WL 2577240 at *8, n.2 (M.D. Pa. Mar. 20, 2023).  Additionally, even if a Pennsylvania court would recognize a cause of action under subsection (c), Plaintiff's claim still fails because

---

[2]   Plaintiff cites to Sovereign Bank v. Valentino, 2006 Pa. Super. 338 (2006) for the proposition that the Pennsylvania Superior Court noted that Pennsylvania has adopted Section 876 of the Restatement (Second) of Torts addressing the tort of civil aiding and abetting.  See Opposition p. 20.  The Court in Valentino, however, focuses on Section 876 subsection b, not subsection c.

Plaintiff does not allege facts from which it could be inferred that Ms. Dave and Mr. Nussbaum provided substantial assistance or encouragement to the other Defendants in accomplishing a tortious result and that Ms. Dave and Mr. Nussbaum's conduct, separately considered, constituted a breach of duty to Plaintiff.

As an initial matter, Plaintiff has not sufficiently pled that any of the defendants caused a "tortious result" See Second Amended Complaint. As such, Plaintiff's aiding and abetting claim fails for that reason. Second, Plaintiff has not alleged that Ms. Dave or Mr. Nussbaum owed a duty to Plaintiff, let alone breached it. See Second Amended Complaint; Restatement (Second) of Torts §876(c). Finally, Plaintiff has also failed to plausibly allege that Ms. Dave or Mr. Nussbaum provided "substantial assistance or encouragement" to the other defendants.

After this Court dismissed Plaintiff's aiding and abetting claim, Plaintiff added to her Second Amended Complaint allegations that Ms. Dave and Mr. Nussbaum, along with all other defendants, in publishing their article "lent legitimacy on the false narrative being pushed, and allowed that false narrative to be read by a much wider audience, thereby assisting in the initial tortious actions taken by Mitchell and his then-girlfriend and associate." See Second Amended Complaint at ¶ 195. This in no way establishes any duties owed to Plaintiff nor any breach of duty to Plaintiff. Moreover, this allegation is insufficient to allege **substantial** assistance.

When evaluating whether a defendant provided substantial encouragement or assistance, courts look to "the nature of the act encouraged, the amount of assistance given by the defendant, his presence or absence at the time of the tort, his relation to the other and his state of mind." Restatement (Second) of Torts § 876(b), cmt on clause (b); see also Jackson v. T&N Van Serv., 117 F. Supp. 2d 457, 465 (E.D. Pa. 2000). In support of her aiding and abetting claim, Plaintiff's Opposition claims that Defendants "were determined to assist in amplifying Mitchell's 'Cancel

10

Culture' movement against [Plaintiff]" and that Defendants did so by "publishing their own knowingly false stories to lend legitimacy to the false narrative being pushed and allowing that false narrative to be read by a much wider audience." See Opposition at pp. 26-27.  As discussed at length above and in their underlying Motion and accompanying brief, Plaintiff has not set forth plausible facts to establish that Defendants published knowingly false stories, that they were "on notice that their source was flimsy," nor that they had knowledge of Mitchell's alleged "cancel culture" plot.  Further, Defendants' article was the last-published article of all the articles at issue in this matter.  Thus, Defendants could not have provided purported "assistance" let alone substantial assistance, as is required.  Restatement of Torts § 876, Comment b.  Accordingly, Plaintiff's allegations regarding her civil aiding and abetting claim against Ms. Dave and Mr. Nussbaum still do not "contain sufficient factual matter … to state a claim to relief that is plausible on its face."  See Memorandum Opinion at p. 12 (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  As such, Plaintiff's claim of civil aiding and abetting should be dismissed as to Defendants because Plaintiff's allegations are insufficient to state a claim for relief and, therefore, must fail, as a matter of law.

### III. CONCLUSION

For the foregoing reasons and those set forth at length in its underlying Motion, as well as its supporting Brief, Defendants Kinjal Dave and Jake Nussbaum respectfully request that Plaintiff's Second Amended Complaint be dismissed in its entirety as to Defendants Kinjal Dave and Jake Nussbaum, with prejudice.

                                                **FISHER & PHILLIPS LLP**

Date:  October 11, 2023                By:  */s/Ivy Waisbord*
                                                          Todd Alan Ewan, Esquire
                                                          Michael R. Galey, Esquire
                                                          Ivy Waisbord
                                                          Two Logan Square
                                                          100 N. 18th Street, 12th Floor
                                                          Philadelphia, PA 19103
                                                          (610) 230-2150 – Telephone
                                                          (610) 230-2151 – Facsimile
                                                          tewan@fisherphillips.com
                                                          mgaley@fisherphillips.com
                                                          iwaisbord@fisherphillips.com

                                                          *Attorneys for Defendants Jake*
                                                          *Nussbaum and Kinjal Dave*

FP 48456928.1

## CERTIFICATE OF SERVICE

I, Ivy Waisbord, Esquire, hereby certify that on the 11 day of October 2023, a true and correct copy of the foregoing Defendants Kinjal Dave and Jake Nussbaum's Reply Brief in Support of their Motion to Dismiss Plaintiff's Second Amended Complaint was filed electronically with the Clerk of the Court using the Court's ECF system, which will send notification of such filing to counsel of record at the e-mail address on file with the Court.

                                               */s/Ivy Waisbord*
                                               Ivy Waisbord, Esquire