IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANET MONGE, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : CASE NO. 2:22-CV-02942-GEKP |
| | : |
| UNIVERSITY OF PENNSYLVANIA, et al. | : |
| | : |
| Defendant. | : |

**DEFENDANT PAUL MITCHELL'S REPLY BRIEF IN SUPPORT OF**
**HIS MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendant Paul Mitchell, by and through his undersigned counsel, hereby submits the following reply brief in support of the Motion of Defendant Paul Mitchell to Dismiss Plaintiff's Second Amended Complaint, ECF No. 144 (the "Motion"), and in response to Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint, ECF No. 149 (the "Opposition").

I.     **INTRODUCTION**

Plaintiff Janet Monge, Ph.D. ("Plaintiff") was given a second opportunity, by this Court, to replead her dismissed claims against Mr. Mitchell if: 1) she could establish that Mr. Mitchell acted with actual malice when publishing the challenged statements; and 2) if she could allege sufficient factual matter to state a clam of civil aiding and abetting that is plausible on its face. See ECF No. 127, Memorandum Opinion ("Memorandum Opinion") at pp. 12-22.  Plaintiff, in her Second Amended Complaint, failed to accomplish either directive.

Moreover, instead of availing herself of the opportunity to meaningfully replead her claims, Plaintiff misguidedly devotes the bulk of her Opposition, and a large portion of her Second Amended Complaint, to her attempt to relitigate her status as a public figure. See

FP 48464801.1

generally Opposition. This Court, in its ruling on Mr. Mitchell's motion to dismiss Plaintiff's first complaint, conclusively determined that Plaintiff was a limited purpose public figure. See Memorandum Opinion at p. 12. Plaintiff's attempts to relitigate her status are futile and improper.

As such, Plaintiff has, again, failed to state a claim for relief against Mr. Mitchell because Plaintiff has failed to establish actual malice or to support her claim for civil aiding and abetting. Accordingly Plaintiff's Second Amended must be dismissed against Mr. Mitchell, with prejudice.

## II. ARGUMENT

### A. Plaintiff's Opposition Establishes That Mr. Mitchell's Statement at Issue is Not Capable of Defamatory Meaning

Plaintiff's Opposition completely ignores the early April 2021 statements Mr. Mitchell allegedly made to Dr. Christopher Woods and ignores the paper Mr. Mitchell wrote regarding the human remains in Plaintiff's possession from the MOVE bombing. See Opposition at pp. 26-28. Instead, Plaintiff's Opposition focuses exclusively on her conclusory allegations that it was "Mitchell, assisted by Kasutto, who made up the false information supplied to the other defendants." See Opposition at p. 28. The false information Plaintiff claims Mr. Mitchell shared was a declaration that Plaintiff "harbors racist animus against persons of African descent despite the fact that [he] know[s] – as her former mentee[] – that she had spent her entire career seeking to bring respect and humanity to identify remains of persons of all races. Id.

This alleged false declaration is not capable of a defamatory meaning because claiming that someone has racist tendencies is a non-actionable opinion because it "convey[s the] subjective belief of the speaker" and is based on disclosed facts. See Meyers v. Certified Guar. Co., 221 A.3d 662, 670 (Pa. Super. Ct. 2019); see also McCafferty v. Newsweek Media Grp.,

Ltd., 955 F.3d 352, 357 (3d. Cir. 2020) (holding that characterizations that "they are defending raw racism and sexual abuse" were non-defamatory pure opinions). Additionally, this Court has already found that any insinuations of racist motives stemming from Ms. Kasutto's article at issue are, as a matter of law, non-actionable pure opinions. See ECF No. 124 at pp. 9-10. The Court held that "[t]his implication is based on […] substantially true, and thus, non-defamatory facts which were disclosed in the Billy Penn article." Id. at p. 10. See also Memorandum Opinion at pp. 18-19 (holding that "[a]ny implication that [Plaintiff's] actions were motivated by a racially based animus is a non-actionable pure opinion" and that "[w]hether or not Dr. Monge's conduct was racially motivated is an opinion, and that opinion does not imply the allegation of undisclosed defamatory facts."). Accordingly, Plaintiff's argument that Mr. Mitchell and Ms. Kasutto's purported declaration that Plaintiff "harbors racist animus against persons of African descent" is insufficient to establish Plaintiff's claims. Thus, Mr. Mitchell is entitled to judgment in his favor as to Plaintiff's defamation claims.

> **B.      Plaintiff Fails to Establish the Requisite Element of Actual Malice Under Her Claims for Defamation, Defamation by Implication and False Light**

Plaintiff, in her Opposition, acknowledges that this Court has found Plaintiff to be a limited purpose public figure, yet she dedicates a significant portion of her Opposition to arguing the opposite. See Opposition at pp. 15-17, 24-26. Plaintiff claims, without any support, that the "law of the case doctrine does not preclude Plaintiff from repleading these issues given the ambiguities in the Court's prior Orders and the fact that the Court explicitly requested that Plaintiff replead her claims." Opposition at p. 13. In this Court's decision on Mr. Mitchell's Motion to Dismiss Plaintiff's Amended Complaint and in at least three of this Court's other decisions on co-defendants' motions to dismiss Plaintiff's First Amended Complaint, the Court provides a thorough analysis as to whether Plaintiff was a limited purpose public figure. See

Memorandum Opinion at pp. 11-13; Monge v. Univ. of Pennsylvania, No. CV 22-2942, 2023 WL 3571935, at *13-*14 (E.D. Pa. May 19, 2023); Monge v. Univ. of Pennsylvania, No. CV 22-2942, 2023 WL 3594471, at *5-*6 (E.D. Pa. May 22, 2023); and Monge v. Univ. of Pennsylvania, No. CV 22-2942, 2023 WL 3692935, at *6-*7 (E.D. Pa. May 26, 2023).  In the Memorandum Opinion, this Court unambiguously holds that "Dr. Monge is a limited public figure with respect to the MOVE bombing and the identification of the MOVE remains—both of which are public controversies—and she became a limited public figure in 2019 when she published her course on the Coursera online platform." See Memorandum Opinion at p. 12.

Further, while Plaintiff is correct that the Court allowed Plaintiff the opportunity to replead some of her claims, the Court was unequivocal in its holding that, because Plaintiff was a limited public figure, she was provided leave to replead her defamation, false light, and defamation by implication claims against Mr. Mitchell *only* where she could allege actual malice, not to rehash her status as a private figure. Id. at p. 13, 15, 18-20.

"Under the law of the case doctrine, once an issue is decided, it will not be relitigated in the same case, except in unusual circumstances." Hayman Cash Reg. Co. v. Sarokin, 669 F.2d 162, 165 (3d Cir. 1982).  "The purpose of this doctrine is to promote the 'judicial system's interest in finality and in efficient administration.'" Id. (internal citation omitted).  This doctrine ensures that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." In re Cont'l Airlines, Inc., 279 F.3d 226, 233 (3d Cir. 2002); see also, In re Pharmacy Benefit Managers Antitrust Litigation, 582 F.3d 432, 439 (3d Cir. 2009) (The "[l]aw of the case rules have developed 'to maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit.'") (citations omitted).  Courts should "be loathe to [reverse prior rulings] in the absence

4

of extraordinary circumstances such as where the initial decision was clearly erroneous and would make a manifest injustice." In re Pharmacy Benefit Managers Antitrust Litigation, 582 F.3d at 439 (quoting Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 816 (1988)). In addition to that narrow class of cases where the prior ruling was "manifestly unjust," the type of "extraordinary circumstances" that warrant a court's reconsideration of an issue decided earlier in the course of litigation typically exist only where (1) new evidence is available, or (2) a supervening new law has been announced. Id. (citing Pub. Interest Research Group of N.J., Inc. v. Magnesium Elektron, Inc., 123 F.3d 111, 117 (3d Cir. 1997)).

Plaintiff has not identified any "unusual circumstances" or any manifest injustices that would prevent the application of the law of the case doctrine here. Sarokin, 669 F.2d at 165; Kim v. Villanova Univ., No. CV 21-1879, 2022 WL 3913547, at *8 (E.D. Pa. Aug. 30, 2022), dismissed, No. 22-2820, 2023 WL 3272408 (3d Cir. Feb. 6, 2023). She has not pointed to newly discovered evidence suggesting that she is not a limited purpose public figure. United Artists Theatre Cir., Inc. v. Twp. of Warrington, 316 F.3d 392, 397 n.4 (3d Cir. 2003). Plaintiff has also not identified a supervening new law or demonstrated that the Court's earlier decision was "clearly erroneous and would create manifest injustice." Id. Therefore, the law of the case applies, and the Court's prior finding that Plaintiff's is a limited purpose public figure governs.

Plaintiff was directed by this Court that, if she endeavored to revive her defamation, defamation by implication, and false light claims against Mr. Mitchell, she was required to allege facts, in her Second Amended Complaint, that would support an inference of actual malice. Plaintiff failed to follow this Court's directive, however, because the only additions to her Second Amended Complaint were allegations concerning Mr. Mitchell's dislike of Plaintiff and threadbare conclusory statements that are insufficient to survive the 12(b)(6) pleading hurdle.

Plaintiff's failure to allege sufficient facts that support an inference of actual malice is due to Plaintiff's inability to establish actual malice against Mr. Mitchell because Mr. Mitchell did not publish any defamatory statements with knowledge that they were untrue. Instead, as set forth in the Motion, Mr. Mitchell's conclusions were well-researched and accompanied by citation to various third-party resources. Thus, Plaintiff's defamation, defamation by implication, and false light claims must fail.

As noted above, Plaintiff's Opposition tacitly concedes that Mr. Mitchell did not publish either the early April 2021 statements allegedly made to Dr. Christopher Woods or the paper Mr. Mitchell wrote with actual malice because Plaintiff fails to put forth ***any*** argument as to these two categories of statements identified in Plaintiff's Second Amended Complaint. See Opposition at pp. 26-28. Instead, Plaintiff's Opposition focuses solely on her conclusory allegations that it was "Mitchell, assisted by Kasutto, who made up the false information supplied to the other defendants." See Opposition at p. 28. The false information Plaintiff claims Mr. Mitchell shared was a declaration that Plaintiff "harbors racist animus against persons of African descent despite the fact that [he] know[s] – as her former mentee[] – that she had spent her entire career seeking to bring respect and humanity to identify remains of persons of all races. Id. Plaintiff concludes that "[t]hese allegations make clear that at all times, Mitchell knew the allegations he made were false, and he made those allegations for the purposes of lifting himself up, while destroying Dr. Monge." Id. Contrary to Plaintiff's assertions, these allegations are not sufficient to establish actual malice for three reasons: 1) Plaintiff's claims that Mr. Mitchell knew the allegations he made were false are conclusory, and are thus insufficient to state a claim for relief; 2) as set forth in the Motion, Plaintiff's allegations and references to the paper that Mr. Mitchell prepared undermine her conclusion that the allegations Mr. Mitchell

made were knowingly false; and 3) Plaintiff's allegations of Mr. Mitchell's disdain for Plaintiff do not establish "textbook actual malice."

In her Opposition, Plaintiff argues, in conclusory fashion, that "Mitchell knew the allegations he made were false[.]"  See Opposition at p. 28.  This and similar allegations made in Plaintiff's Second Amended Complaint are the same conclusory recital of "actual-malice buzzwords" that were found to be insufficient by this Court in its Memorandum Opinion.  See Memorandum Opinion at pp. 12-13, 15, 18, 20.  Specifically, this Court held that allegations that Mr. Mitchell acted with knowledge that he was falsifying information is a conclusory allegation that is "insufficient to establish that Mr. Mitchell acted with reckless disregard for the truth, or that he entertained a 'high degree of awareness of [the] probable falsity' of the statements because Plaintiff provides no factual support for the[] allegation[s]."  See Memorandum Opinion at p. 13 (citing Gertz v. Robert Welch, Inc., 418 U.S. 323, 332 (1974)).  Accordingly, Plaintiff's conclusory allegations in her Second Amended Complaint also cannot overcome Mr. Mitchell's motion to dismiss.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Further, Plaintiff's conclusory allegations that Mr. Mitchell made knowingly false statements about Plaintiff are completely contradicted by the record.  Tellingly, Plaintiff, in her Opposition, fails to make any argument related to the paper that was drafted by Mr. Mitchell and that is the subject of multiple allegations in Plaintiff's Second Amended Complaint.  See generally Opposition.  As detailed in Mr. Mitchell's brief in support of his Motion, the paper drafted by Mr. Mitchell was prepared based on copious research that Mr. Mitchell conducted.  The paper also directly references and cites to numerous newspaper articles as well as documents that were archived and are stored at Temple University's Special Collections Research Center, Charles Library, relating to the Philadelphia Special Investigative Commission for the Move

7

Bombing.  See ECF No. 144, Exhibit A. The Paper includes a linked bibliography which provided links to primary sources that Mr. Mitchell relied upon.  Id.  Plaintiff completely fails to address how Mr. Mitchell, in his well-researched, well-cited paper upon which Plaintiff relies to assert her claims for defamation and false light, could possibly support her claim that Mr.  Mitchell knowingly made false claims about Plaintiff.  See generally Opposition.  Thus, not only are Plaintiff's threadbare, conclusory allegations insufficient, but they are also belied by the very document upon which she rests those claims.  Thus, Plaintiff has failed to meet her high burden of establishing actual malice.  See Masson v. New Yorker Mag., Inc., 501 U.S. 496, 510 (1991); Gertz 418 U.S. at 332.

In a last-ditch attempt to revive her defamation, defamation by implication, and false light claims against Mr. Mitchell, Plaintiff amended her complaint to include allegations of Mr. Mitchell's bias towards her.  Plaintiff's Opposition doubles-down on this strategy, and Plaintiff merely argues that Mitchell made false allegations against Plaintiff "to ruin her reputation the way he felt she had tried to [ruin his]" and "for the purposes of lifting himself up while destroying Dr. Monge."  See Opposition at p. 28.[1]  These allegations, however, are insufficient to establish actual malice because the heightened standard is not met through a showing of ill will in the ordinary sense.  Joseph v. Scranton Times, LP, 129 A.3d 404, 437-37

---

[1] Plaintiff, throughout this litigation, has included a significant amount of detail regarding untrue and harmful allegations made against Mr. Mitchell.  Many of these claims attack not only Mr. Mitchell's personal character, but also allege professional and criminal misconduct.  See Second Amended Complaint at ¶¶ 120-26; and Opposition at pp. 7-8, 12-13.  These allegations have been reproduced by Plaintiff in dozens of public filings.  As alleged by Plaintiff, she made these allegations in or around April of 2021 (outside of the litigation process) and admits that these allegations against Mr. Mitchell were determined to be unfounded.  See Second Amended Complaint at ¶¶ 124-25; Opposition at 12-13.  This conduct constitutes defamation *per se*.  See Syngy, Inc. v. Scott-Levin, Inc., 51 F. Supp. 2d 570, 580 (E.D. Pa. 1999).  Thus, while Plaintiff claims Mr. Mitchell had an axe to grind, Plaintiff is the only party who has admittedly made false statements about another party.

(Pa. 2015).  While it cannot be said that evidence concerning motive or care never bears any relation to the actual malice inquiry, the Supreme Court of the United States has emphasized that the "actual malice standard is ***not*** satisfied merely through a showing of ill will or 'malice' in the ordinary sense of the term."  Harte-Hanks Commc'ns, Inc. v. Connaughton, 491 U.S. 657, 667-68 (1989) (emphasis added).  Moreover, the Supreme Court specifically advised that courts must be careful not to place too much reliance on factors such as motive.  Id. at 668.  Accordingly, Plaintiff's factual allegations concerning Plaintiff's intent, without more, are insufficient to establish actual malice, and, accordingly, Plaintiff's claims must be dismissed.

### C. Plaintiff Fails to State a Claim of Civil Aiding and Abetting as to Mr. Mitchell

Plaintiff fails to state an actionable claim for civil aiding and abetting because her conclusory and threadbare allegations in the Second Amended Complaint are insufficient to state a claim for relief.  Plaintiff's Opposition clarifies that she is asserting her civil aiding and abetting claim against Mr. Mitchell pursuant to Section 876(c) of the Restatement (Second) of Torts.  See Opposition at pp. 22-23 and 29.  Pennsylvania courts, however, have not recognized whether a cause of action exists under subsection (c).[2]  See Stanco v. Sekelsky, No. 3:22-CV-00573, 2023 WL 2577240 at *8, n.2 (M.D. Pa. Mar. 20, 2023).  Further, even if a Pennsylvania court would recognize a cause of action under subsection (c), Plaintiff's claim still fails because Plaintiff does not sufficiently allege that any of the defendants caused a "tortious result," let alone that all defendants did.  Equally fatal to Plaintiff's aiding and abetting claim brought under

---

[2]    Plaintiff cites to Sovereign Bank v. Valentino, 2006 Pa. Super. 338 (2006) for the proposition that the Pennsylvania Superior Court noted that Pennsylvania has adopted Section 876 of the Restatement (Second) of Torts addressing the tort of civil aiding and abetting.  See Opposition at p. 20.  The Court in Valentino, however, focuses on Section 876 subsection b, not subsection c, which Plaintiff claims is at issue here.

Section 876(c), is Plaintiff's inability to establish that Mr. Mitchell owed a duty to Plaintiff, and that Mr. Mitchell breached such duty. See Second Amended Complaint; Restatement (Second) of Torts §876(c). Moreover, Plaintiff fails to allege more than mere conclusory allegations regarding the additional requisite element of "substantial assistance" because, like with Plaintiff's First Amended Complaint, her Second Amended Complaint fails to allege facts demonstrating *how* Mr. Mitchell aided the publication of the many articles at issue in this litigation. Accordingly, Plaintiff's allegations regarding her civil aiding and abetting claim against Mr. Mitchell still do not "contain sufficient factual matter … to state a claim to relief that is plausible on its face." See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). As such, Plaintiff's claim of civil aiding and abetting must be dismissed.

### III. CONCLUSION

For the foregoing reasons and for those set forth at length in his underlying Motion, as well as its supporting Brief, Defendant Paul Mitchell respectfully requests that Plaintiff's Second Amended Complaint be dismissed in its entirety as to Defendant Paul Mitchell, with prejudice.

**FISHER & PHILLIPS LLP**

Date: October 11, 2023

By: */s/Ivy Waisbord*
Todd Alan Ewan, Esquire
Michael R. Galey, Esquire
Ivy Waisbord, Esquire
Two Logan Square
100 N. 18th Street, 12th Floor
Philadelphia, PA 19103
(610) 230-2150 – Telephone
(610) 230-2151 – Facsimile
tewan@fisherphillips.com
mgaley@fisherphillips.com
iwaisbord@fisherphillips.com

*Attorneys for Defendant Paul Mitchell*

**CERTIFICATE OF SERVICE**

    I, Ivy Waisbord, Esquire, hereby certify that on the 11th day of October 2023, a true and correct copy of the foregoing Defendant Paul Mitchell's Reply Brief in Support of his Motion to Dismiss Plaintiff's Second Amended Complaint was filed electronically with the Clerk of the Court using the Court's ECF system, which will send notification of such filing to counsel of record at the e-mail address on file with the Court.

                                                */s/Ivy Waisbord*
                                                Ivy Waisbord, Esquire