IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANET MONGE,<br><br>PLAINTIFF,<br><br>v.<br><br>UNIVERSITY OF PENNSYLVANIA, et. al,<br><br>DEFENDANTS. | Civil Action No.: 2:22-cv-02942-MRP |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS UNIVERSITY OF PENNSYLVANIA, DR. AMY GUTMANN, AND DR. WENDELL PRITCHETT'S MOTION FOR RECONSIDERATION**

## TABLE OF CONTENTS

                                                                  **Page**

I.     INTRODUCTION ................................................................................................................ 1

II.    ARGUMENT ...................................................................................................................... 2

        A.     Legal Standard. ....................................................................................................... 2

        B.     The Opinion Contains Clear Error By Applying the Wrong Legal Standard in Evaluating Whether The Penn Defendants' Statement Was Capable of Defamatory Meaning. ............................................................................................. 2

III.   CONCLUSION .................................................................................................................. 5

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Braig v. Field Communications*,
   456 A.2d 1366 (Pa. Super. 1983)......................................................................................4

*Jones v. City of Philadelphia*,
   893 A.2d 837 (Pa. Commw. 2006) ...................................................................................4

*Mallory v. S & S Publishers*,
   260 F. Supp. 3d 453 (E.D. Pa. 2017) ................................................................................3

*Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*,
   176 F.3d 669 (3d Cir. 1999)..............................................................................................2

*McCafferty v. Newsweek Media Group LLC*,
   955 F.3d 352 (3d Cir. 2020)..........................................................................................4, 5

*Milkovich v. Lorrain Journal Co.*,
   497 U.S. 1 (1990)..............................................................................................................5

*Monge v. Univ. of Pa.*,
   2023 WL 3594471 (E.D. Pa. 2023) ..................................................................................2

*Moore v. Cobb-Nettleton*,
   889 A.2d 1262 (Pa. Super. 2005)......................................................................................3

*Pace v. Baker-White*,
   432. F. Supp 3d 495 (E.D. Pa. 2020) ............................................................................2, 3

*Veno v. Meredith*,
   515 A.2d 571 (Pa. Super. 1986)........................................................................................3

I. **INTRODUCTION**

Defendants University of Pennsylvania (the "University" or "Penn"), Dr. Amy Gutmann, and Dr. Wendell Pritchett (collectively, the "Penn Defendants") request that the Court reconsider a critical aspect of its Memorandum Opinion ("Op.") and Order. Dkt. 173-74. Mindful that motions for reconsideration should be filed sparingly, the Penn Defendants seek reconsideration on a single issue: the question of whether a challenged statement by Defendants Gutmann and Pritchett was an opinion, rather than a statement of fact. Under Pennsylvania law, opinions that do not imply undisclosed facts cannot form the basis of a defamation claim.

Plaintiff Janet Monge ("Plaintiff") has asserted claims for defamation, defamation by implication, false light, and civil aiding and abetting. The claims against the Penn Defendants are based on an April 26, 2021 public statement released by Defendants Gutmann (Penn's former President) and Pritchett (Penn's former Provost). Following widespread media reports about Penn's retention of human remains from the 1985 MOVE tragedy in which multiple adults and children died as a result of a police bombing of a house in West Philadelphia, Drs. Gutmann and Pritchett issued a statement declaring that:

> We were profoundly disturbed to learn this past week that human remains, provided to a faculty member by the medical examiner many decades ago in an effort to identify a victim from the 1985 bombing of the MOVE house, had been kept at the Penn Museum for much of that time. Simply said, this was insensitive, unprofessional and unacceptable.

Dkt 141-2. The statement noted that Penn had apologized to the family of the deceased, and that it had retained a law firm to conduct an investigation. Plaintiff contends that the statement was defamatory and portrayed her in a false light.

The Penn Defendants initially moved to dismiss all of Plaintiff's claims, which the Court granted without prejudice. Dkt. 47, 122-23. Plaintiff then filed a Second Amended Complaint, which the Penn Defendants again moved to dismiss. On May 15, 2024, this Court denied that

Motion, finding that the Penn Defendants' statement was capable of defamatory meaning and not an opinion because "[b]ased on the[] facts, the statement appears to be an official declaration issued on behalf of the University of Pennsylvania by its President and its Provost, rather than a statement expressing the subjective opinions of Drs. Gutmann and Pritchett." Op. at 9 n.2 (quoting *Monge v. Univ. of Pa.*, 2023 WL 3594471, at *4 (E.D. Pa. 2023)). The Penn Defendants respectfully contend that this portion of the Opinion, and the rationale for reviving the defamation claims, is legally erroneous and should be reconsidered.

## II.     ARGUMENT

### A.     Legal Standard.

A party moving for reconsideration must show "at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . .; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677-78 (3d Cir. 1999) (reversing district court's denial of motion for reconsideration and noting that "reconsideration is the appropriate means of bringing to the court's attention manifest errors of fact or law").

### B.     The Opinion Contains Clear Error By Applying the Wrong Legal Standard in Evaluating Whether The Penn Defendants' Statement Was Capable of Defamatory Meaning.

In evaluating whether the Penn Defendants' statement was capable of defamatory meaning, the Court relied on the standard laid out in *Pace v. Baker-White*, 432. F. Supp 3d 495, 510 (E.D. Pa. 2020). The Court considered "(1) whether the communication was reasonably capable of conveying the particular meaning ascribed to it by the plaintiff; and (2) whether that meaning is defamatory in character." *Monge*, 2023 WL 3594471, at *3-5. The *Pace* court had answered the first question in the affirmative, finding that the challenged statements were capable of conveying

2

the meaning the plaintiff suggested. The Court next considered whether the statements at issue were opinions, as opposed to factual statements. *Pace*, 432. F. Supp 3d at 512. The court recognized that "[o]nly statements of fact, not expressions of opinion, can support an action for defamation." *Id.* (quoting *Moore v. Cobb-Nettleton*, 889 A.2d 1262, 1267 (Pa. Super. 2005)). This requires a threshold inquiry into whether the challenged statement is a non-actionable opinion based on disclosed facts. *See, e.g.*, *Mallory v. S & S Publishers*, 260 F. Supp. 3d 453, 459 (E.D. Pa. 2017), *aff'd sub nom. Mallory v. Simon & Schuster, Inc.*, 728 F. App'x 132 (3d Cir. 2018) ("In order for an opinion to be deemed capable of defamatory meaning under Pennsylvania law, it must reasonably be understood to imply the existence of undisclosed defamatory facts justifying the opinion."); *Veno v. Meredith*, 515 A.2d 571, 575 (Pa. Super. 1986), *appeal denied*, 616 A.2d 986 (Pa. 1992) ("A statement in the form of an opinion is actionable only if it 'may reasonably be understood to imply the existence of undisclosed defamatory facts justifying the opinion.'. . . A simple expression of opinion based on disclosed . . . facts is not itself sufficient for an action of defamation.").

The District Court found that the statement by Drs. Gutmann and Pritchett was made on behalf of Penn, as opposed to a purely personal statement. But that does not resolve the question of whether the statement was an opinion. Companies, universities and other institutions, acting through their executives and leaders, regularly voice opinions, policy statements, and social messages. They comment on issues such as climate change, diversity, politics, and any number of issues that are part of an important social dialogue. Similarly, newspapers publish editorials which speak for the publication as a whole and which express protected opinions about the conduct of public actors. These kinds of pronouncements are not factual statements, but rather expressions of thought about matters of public concern.

3

The same is true here. The statement by Drs. Gutmann and Pritchett that the retention of human remains in storage in a museum was "insensitive, unprofessional and unacceptable" did not convey any new facts. It was merely an expression of an opinion, regardless of whether it was made personally or on behalf of the University. Such statements of opinion are not capable of defamatory meaning where the underlying facts are disclosed. As the Third Circuit pointed out in *McCafferty v. Newsweek Media Group LLC*, 955 F.3d 352, 357 (3d Cir. 2020), "opinions based on disclosed facts are 'absolutely privileged' no matter 'how derogatory they are.'" (quoting *Braig v. Field Communications,* 456 A.2d 1366, 1373 (Pa. Super. 1983))*; see also Jones v. City of Philadelphia,* 893 A.2d 837, 845 (Pa. Commw. 2006) (same). When the facts are disclosed, the Third Circuit noted, "readers can easily judge the facts for themselves." *McCafferty*, 966 F.3d at 357.

The Court's opinion denying the Penn Defendants' Motion to Dismiss did not address the critical question of whether the allegedly defamatory statement implied that the speakers were in possession of undisclosed facts. The answer to that question, however, is easily discerned from the statement itself. The factual basis for the statement is revealed in the first sentence, without even naming Dr. Monge. Drs. Gutmann and Pritchett note their dismay at learning that human remains from the MOVE tragedy were kept at the Penn Museum. No additional disparaging facts are recited, nor is there any suggestion that Drs. Gutmann and Pritchett were in possession of additional facts. The authors of the statement then offered their opinion – whether on behalf of themselves, the University or both – that this was insensitive, unprofessional and unacceptable. Any suggestion that the statement may have been based on undisclosed facts is belied by the further statement that Penn was retaining a law firm to conduct an investigation on the possession and retention of the remains. Keeping the human remains at the museum was insensitive and wrong,

4

in the eyes of Drs. Gutmann and Pritchett, but the factual background had not yet been fully explored.

The opinions voiced by Drs. Gutmann and Pritchett cannot be viewed as statements of objective fact. They cannot be proved right or wrong, and therefore cannot be a basis for defamation liability given the finding that Plaintiff is a limited purpose public figure. *See Milkovich v. Lorrain Journal Co.,* 497 U.S. 1, 20 at n.6 (1990). Quite obviously, many members of the community, professional groups, and the media formed the same opinions, as reflected in the widespread media reports. And perhaps others held a different view. But that is the hallmark of any situation in which a matter of public concern provokes competing opinions. The issue in a defamation case is not whether one side is correct and the other wrong. That is because as a matter of black letter law, "pure opinions cannot be defamatory." *McCafferty*, 955 F.3d at 357.

### III. CONCLUSION

For all these reasons, the Penn Defendants request that the Court grant their Motion for Reconsideration and dismiss Plaintiff's defamation, defamation by implication, and false light claims.

Dated: May 29, 2024

/s/ Michael L. Banks
MORGAN, LEWIS & BOCKIUS LLP
Michael L. Banks
Ali M. Kliment
Alexis Caris
2222 Market Street
Philadelphia, PA 19103-3007
Tel: 215.963.5000
michael.banks@morganlewis.com
ali.kliment@morganlewis.com
alexis.caris@morganlewis.com
*Attorneys for Penn Defendants*