IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JANET MONGE,** | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| **UNIVERSITY OF PENNSYLVANIA** *et al.*, | : | |
| | : | NO. 2:22-cv-2942-MRP |
| Defendants. | : | |

# ORDER

**AND NOW,** this 31st day of May, 2024, upon consideration of the Motion for Reconsideration filed by Defendants Amy Gutmann, Wendell Pritchett, and the University of Pennsylvania (ECF No. 177), it is hereby **ORDERED** that the Motion (ECF No. 177) is **DENIED**.[1]

BY THE COURT:

_____
Hon. Mia R. Perez

---

[1] "The purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (quotation omitted). The party seeking reconsideration "must show that (1) there has been 'an intervening change in controlling law,' (2) new evidence is available, and/or (3) there is a 'need to correct a clear error of law or fact to prevent manifest injustice.'" *Davender v. Warden Fairton FCI*, 757 F. App'x 74, 77 (3d Cir. 2018) (quoting *Max's Seafood Café*, 176 F.3d at 677).

Here, the Penn Defendants argue that the Court committed clear error when analyzing whether their statements were capable of defamatory meaning. ECF No. 177 at 2. In its most recent Opinion, the Court found that the statements were capable of defamatory meaning "for the same reasons discussed and analyzed in its previous memorandum[.]" May 14, 2024 Mem. Op. 9 n.2, ECF No. 173. In its previous Opinion filed over one year ago, the Court thoroughly analyzed why the Penn Defendants' statements were capable of defamatory meaning and constituted defamation *per se*. May 22, 2023 Mem. Op. 5-9, ECF No. 122. Because there is no clear error of law, the Motion is denied.