UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JANET MONGE,**<br><br>　　　　　Plaintiff,<br><br>v.<br><br>**UNIVERSITY OF PENNSYLVANIA,** *et al.***,**<br><br>　　　　　Defendants. | CIVIL ACTION<br><br>No. 22-cv-02942 (MRP) |

**SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT NORA MCGREEVY'S MOTION TO DISMISS
JANET MONGE'S SECOND AMENDED COMPLAINT**

Defendant Nora McGreevy ("Defendant McGreevy") submits this brief pursuant to the Court's July 3, 2024 Order (Dkt. 185) and in further support of her Motion to Dismiss the Second Amended Complaint (Dkt. 137).

Defendant McGreevy joins the Media Defendants' Supplemental Memorandum of Law in Support of Media Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint ("Media Defendants' Supplemental Brief"). The Media Defendants' arguments apply with at least equal force to Defendant McGreevy, an author at the relevant time for Smithsonian Magazine. As the Media Defendants point out, application of the actual malice standard certainly dooms Plaintiff's claims; however, Plaintiff has also failed to make any plausible allegations of negligence. That is particularly so as to Defendant McGreevy, whose article is a news aggregation piece, meaning it relies entirely on information from other reputable news organizations and provides citations to those articles. *See Appleby v. Daily Hampshire Gazette*, 478 N.E.2d 721, 725 (Mass. 1985) ("[I]n ordinary circumstances, no jury could reasonably find that a newspaper had acted negligently in relying on the accuracy of a story from a reputable

wire service."); *Nelson v. Assoc. Press, Inc.*, 667 F. Supp. 1468, 1479 (S.D. Fla. 1987) (adopting holding of *Appleby* that "republications could not constitute negligence, as a matter of law, unless the article appears on its face to be inherently unreliable"); *McKinney v. Avery J., Inc.*, 393 S.E.2d. 295, 297 (N.C. Ct. App. 1990) (holding that, "[a]s a matter of law," claims against an author who "relied on reputable wire services and daily newspapers" in writing newspaper articles could not "constitute negligence on her part"); *Reader's Digest Ass'n v. Marin Cnty. Sup. Ct.*, 690 P.2d 610, 619 (Cal. 1984) ("A publisher does not have to investigate personally, but may rely on the investigation and conclusions of reputable sources.").[1]

Date: July 19, 2024

Respectfully submitted,

/s/ Michael E. Baughman
Michael E. Baughman
Julian Newton Weiss
Troutman Pepper Hamilton Sanders LLP
3000 Two Logan Square
18th and Arch Streets
Philadelphia, PA 19104
Tel: 215.981.4000
Michael.Baughman@troutman.com
Julian.Weiss@troutman.com

*Attorneys for Defendant Nora McGreevy*

---

[1] As explained in the Memorandum of Law in Support of Defendant Nora McGreevy's Motion to Dismiss the Second Amended Complaint (Dkt. 137-1), Plaintiff has also failed to offer a single new allegation as to McGreevy, so there is no basis for disturbing the Court's prior ruling, including the Court's conclusion that the article was not defamatory and there was no basis for finding aiding and abetting liability (Dkt. 118). McGreevy also has a federal immunity defense which this Court can and should resolve in her favor. Since the claims against McGreevy are the only basis for federal jurisdiction, if the claims against McGreevy are dismissed, the Court may decline to exercise supplemental jurisdiction over the entire case and remand it to the Court of Common Pleas.

## CERTIFICATE OF SERVICE

I, Julian Newton Weiss, attorney for Nora McGreevy, Defendant in this matter, certify that a copy of the foregoing Supplemental Memorandum in Support of Nora McGreevy's Motion to Dismiss Plaintiff Janet Monge's Second Amended Complaint was served via this Court's electronic filing system upon all counsel of record this 19th day of July, 2023.

/s/ Julian Newton Weiss
Julian Newton Weiss
