## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JANET MONGE, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| UNIVERSITY OF PENNSYLVANIA *et al.*, | : | |
| | : | NO. 2:22-cv-2942-MRP |
| Defendants. | : | |

### <u>ORDER</u>

**AND NOW,** this 29th day of October, 2024, upon consideration of the Defendants Al Dia News and Brittany Valentine's Motion to Dismiss (ECF No. 136), and the response thereto, it is hereby **ORDERED** that the Motion is **GRANTED** and the claims against these Defendants are **DISMISSED** with prejudice.[1]

---

[1] Dr. Monge brings defamation by implication and civil aiding and abetting claims against Defendants Al Dia News and Brittany Valentine (the "Al Dia News Defendants"), alleging they "falsely accused Drs. Monge and Mann of professional misconduct, stating '[b]ombshell reports revealed the universities shuttled the remains back and forth, and used them in educational settings without ever contacting next of kin.'" ECF No. 133 at ¶ 142(d). Dr. Monge asserts that these statements imply she engaged in racially motivated professional misconduct. The Al Dia News Defendants respond that these statements are not capable of a defamatory meaning because they are literally true and have no defamatory implication.

The law governing defamation by implication and civil aiding and abetting claims is fully set forth in the Court's October 28, 2024 opinion regarding the Hyperallergic Media Defendants. Here, it is literally true that Dr. Monge transported the bone fragment remains from the University of Pennsylvania to Princeton University, that she used the remains in her Coursera course, that she did not contact the next of kin of the remains, and that she did not obtain consent to use the bone fragment remains. *See id.* at ¶¶ 99, 102-05, 113. Moreover, the implication that Dr. Monge engaged in racially motivated professional misconduct is *not* "warranted, justified, and supported by the publication." *See ToDay's Housing v. Times Shamrock Commc'ns, Inc.*, 21 A.3d 1209, 1215 (Pa. 2011). Only through an "unfair and forced construction" of the article could this Court find such an implication. *See Bogash v. Elkins*, 176 A.2d 677, 679 (Pa. 1962). The Court therefore finds that the challenged statements are not capable of a defamatory meaning and dismisses the defamation by implication claims with prejudice.

As for the civil aiding and abetting claims, the Second Amended Complaint does not plausibly allege that the Al Dia News Defendants were working with or seeking to aid another in publishing the article. Rather, they acted on their own accord. As such, these claims are also dismissed with prejudice.

BY THE COURT:

_____
Hon. Mia R. Perez