IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JANET MONGE,** | : | |
| | : | **CIVIL ACTION** |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| **UNIVERSITY OF PENNSYLVANIA *et al.*,** | : | |
| | : | **NO. 2:22-cv-2942-MRP** |
| Defendants. | : | |

# ORDER

**AND NOW,** this 29th day of October, 2024, upon consideration of the Defendant Nora McGreevy's Motion to Dismiss (ECF No. 137), and the response thereto, it is hereby **ORDERED** that the Motion is **GRANTED** and the claims against Defendant McGreevy are **DISMISSED** with prejudice.[1]

---

[1] Dr. Monge brings defamation by implication and civil aiding and abetting claims against Defendant Nora McGreevy, alleging she wrote an article that "implied that Dr. Monge acted unprofessionally and her actions were driven by a racist animus." ECF No. 133 at ¶ 142(b). The article stated:

> What's more, the remains appear to have been used as a 'case study' in an online course presented by Princeton University and hosted on Coursera. Titled 'Real Bones: Adventures in Forensic Anthropology,' the class was recorded in 2019 and includes footage of Janet Monge, an adjunct professor in anthropology at the University of Pennsylvania and former student of Mann, picking up bones and describing them in graphic detail. She makes no reference to the fact that the families of probable victims Tree and Delisha never provided consent for their daughters' bones to be used in this way, the Guardian notes.

*Id.* Dr. Monge also asserts that the article "falsely asserted that the unidentified remains are those of Katricia and Delisha and it suggests that a failure to contact their families constituted professional misconduct on the part of Dr. Monge." *Id.*

At the outset, the Court declines to find that Ms. McGreevy is entitled to immunity at this stage. Ms. McGreevy bases her federal immunity argument on a contract that is neither mentioned in nor attached to the Second Amended Complaint. On a motion to dismiss, courts are limited to the complaint and matters integral to the claims alleged in the complaint. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). The Court therefore proceeds with addressing whether Dr. Monge adequately pled defamation by implication and civil aiding and abetting claims against Ms. McGreevy.

BY THE COURT:

_____
Hon. Mia R. Perez

---

The law governing defamation by implication and civil aiding and abetting claims is fully set forth in the Court's October 28, 2024 opinion regarding the Hyperallergic Media Defendants. Here, it is literally true that Dr. Monge used the bone fragment remains in her online Coursera course; that she handled, described, and displayed the bones during one of her online classes; and that the MOVE family never consented to her using the bone fragment remains for research or teaching. ECF No. 133 at ¶¶ 102-05, 113. Any opinions based on disclosed facts are not actionable as a matter of law. *McCafferty v. Newsweek Media Grp.,* 955 F.3d 352, 360 (3d Cir. 2020).

Additionally, the Court finds that the challenged statements are not capable of a defamatory meaning because the implication that Dr. Monge acted unprofessionally and with a racist motivation is not "warranted, justified, and supported by the publication." *See ToDay's Housing v. Times Shamrock Commc'ns, Inc.*, 21 A.3d 1209, 1215 (Pa. 2011). Only through an "unfair and forced construction" of the article could this Court find such an implication. *See Bogash v. Elkins*, 176 A.2d 677, 679 (Pa. 1962). The Court therefore dismisses the defamation by implication claim with prejudice.

As for the civil aiding and abetting claim, the Second Amended Complaint does not plausibly allege that Ms. McGreevy was working with or seeking to aid another in publishing the challenged statements. Thus, this claim is also dismissed with prejudice.