IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JANET MONGE,** | : | |
| | : | **CIVIL ACTION** |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| **UNIVERSITY OF PENNSYLVANIA** *et al.*, | : | |
| | : | **NO. 2:22-cv-2942-MRP** |
| Defendants. | : | |

## ORDER

**AND NOW,** this 29th day of October, 2024, upon consideration of the Defendant American Anthropological Association's Motion to Dismiss (ECF No. 138), and the response thereto, it is hereby **ORDERED** that the Motion is **GRANTED** and the claims against this Defendant are **DISMISSED** with prejudice.[1]

---

[1] Dr. Monge brings defamation by implication and civil aiding and abetting claims against Defendant American Anthropological Association (the "Association"). The Association, in a collective statement with the Association of Black Anthropologists, the Society of Black Archaeologists, and the Black in Bioanthropology Collective, stated that it "condemn[ed] in the strongest possible language the University of Pennsylvania, Princeton University, Coursera, along with Professors Alan Mann and Janet Monge, for their horrific treatment of remains of Tree and Delisha Africa, and for the unfathomable heartlessness and disrespect shown towards the Africa family." ECF No. 133 at ¶ 147.

The statement continued: "We are outraged by the stunning ethical indifference shown by all parties involved to both Tree and Delisha and to the Africa family, but also by the fact that these entities effectively monetized the remains of Black children murdered in a state terrorist attack – a fact made all the more painful given the heightened public awareness of brutal murders of Black children and youth by police over the past few years." *Id.* at ¶ 148; Ex. P. Dr. Monge alleges these statements falsely imply that she "had an unethical and illegal racially motivated animus towards the remains she works with." *Id.* at ¶ 147. The Association responds that these statements are not capable of a defamatory meaning because they are substantially true and pure opinions.

The law governing defamation by implication and civil aiding and abetting claims is fully set forth in the Court's October 28, 2024 opinion regarding the Hyperallergic Media Defendants. Here, the Association's statements are substantially true. Dr. Monge admits that the Penn Museum "provided Dr. Monge with the latest scientific technologies and capabilities for the identification of bone fragments[,]" and that she filmed an online class titled "MOVE – An Analysis of the Remains" in a Penn Museum lab. *Id.* at ¶¶ 100, 113. With respect to Princeton University and Coursera, Dr. Monge admits that she was approached by members

BY THE COURT:

_____
Hon. Mia R. Perez

---

of Princeton's anthropology department to create the Coursera course, which displayed the MOVE remains. *Id.* at ¶¶ 107-13. As for Professor Mann, Dr. Monge admits that she assisted him with his courses at Princeton and transferred the remains between the University of Pennsylvania and Princeton several times. *Id.* at ¶¶ 97-99.

It is substantially true that these entities benefitted from the use of the remains, given the role they played in facilitating Dr. Monge's handling of the remains for research and teaching purposes. It is also substantially true that the remains were "of Black children murdered in a state terrorist attack." *See id.* at ¶¶ 73-74 (admitting that the then-Mayor of Philadelphia dropped a bomb on the MOVE residence after "increased tensions between . . . MOVE . . . and the Philadelphia police."); 90 (admitting that Dr. Hameli concluded the remains belonged to 14-year-old Katricia Africa). As a result, any implication that Dr. Monge acted unethically and with racial animus is not "reasonably susceptible of a defamatory meaning." *Pace v. Baker-White*, 432 F. Supp. 3d 495, 510 (E.D. Pa. 2020). Moreover, the statements regarding the "horrific treatment of the remains," "the unfathomable heartlessness and disrespect shown," and "the stunning ethical indifference shown" are opinions based on disclosed facts that are not actionable as a matter of law. *McCafferty v. Newsweek Media Grp.,* 955 F.3d 352, 360 (3d Cir. 2020). The Court therefore dismisses the defamation by implication claim with prejudice.

As for the civil aiding and abetting claims, the Second Amended Complaint does not plausibly allege that the Association worked with or sought to aid any other Defendants in publishing its statements. Rather, it, along with the other above-mentioned organizations, acted on their own accord. Accordingly, these claims are also dismissed with prejudice.