IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JANET MONGE,** | : | |
| | : | **CIVIL ACTION** |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| **UNIVERSITY OF PENNSYLVANIA** *et al.*, | : | |
| | : | **NO. 2:22-cv-2942-MRP** |
| Defendants. | : | |

## ORDER

**AND NOW,** this 31st day of October, 2024, upon consideration of Defendants Christopher Woods and Kathleen Morrison's Motion to Dismiss (ECF No.142), and the response thereto, it is hereby **ORDERED** as follows:

1. The Motion is **GRANTED** to the extent it seeks to dismiss the civil aiding and abetting claim against Dr. Woods. As a result, Dr. Woods is dismissed from this action.

2. The Motion is **DENIED** to the extent it seeks to dismiss the civil aiding and abetting claim against Dr. Morrison.[1]

---

[1] Dr. Monge brings civil aiding and abetting claims against Drs. Christopher Woods and Kathleen Morrison, specifically alleging they "aided and abetted the tortious misconduct of each of the other defendants by giving rise to false and defamatory information against Dr. Monge in a concerted effort to accomplish the particular result of branding [Dr.] Monge as incompetent in her chosen field and as a racist." ECF No. 133 at ¶ 193. Dr. Monge further alleges that Drs. Woods and Morrison, along with the other Defendants, "assist[ed] in the initial tortious actions taken by Mitchell and his then-girlfriend and associate." *Id.* at ¶ 195.

The law governing civil aiding and abetting claims is fully set forth in the Court's October 28, 2024 opinion regarding the Hyperallergic Media Defendants. Here, Dr. Monge sufficiently pled a civil aiding and abetting claim against Dr. Morrison but not against Dr. Woods. According to the Second Amended Complaint, Mr. Mitchell met with Dr. Woods to accuse Dr. Monge of mishandling the bone fragment remains. *Id.* at ¶ 127. Dr. Monge also alleges that none of the Defendants investigated Mr. Mitchell's allegations. *Id.* at ¶ 195. These allegations fail to demonstrate that Dr. Woods took some affirmative action that caused Mr. Mitchell or other Defendants to conduct themselves inappropriately. Dr. Morrison, on the other hand, informed Dr. Monge she was being placed on a "work pause" after declining to investigate Mr. Mitchell's allegations and taking no disciplinary action against Mr. Mitchell, despite Dr. Monge notifying her that Mr. Mitchell

BY THE COURT:

_____
Hon. Mia R. Perez

---

engaged in "unlawful and disturbing activities" at Penn Museum. *Id.* at ¶¶ 124, 151, 195. In contrast to the allegations against Dr. Woods, the allegations against Dr. Morrison sufficiently show that she took affirmative acts that caused Mr. Mitchell or other Defendants to conduct themselves inappropriately. The Court therefore dismisses the claim against Dr. Woods, but the claim against Dr. Morrison survives.