IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JANET MONGE,** | : | |
| | : | **CIVIL ACTION** |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| **UNIVERSITY OF PENNSYLVANIA** *et al.*, | : | |
| | : | **NO. 2:22-cv-2942-MRP** |
| Defendants. | : | |

### ORDER

**AND NOW,** this 1st day of November, 2024, upon consideration of Defendants Billy Penn and Maya Kassutto's Motion to Dismiss (ECF No. 139), and the response thereto, it is hereby **ORDERED** that the Motion is **GRANTED** and the claims against these Defendants are **DISMISSED** with prejudice.[1]

---

[1] Dr. Monge brings defamation by implication, false light, and civil aiding and abetting claims against Defendants Billy Penn and Maya Kassutto ("the Billy Penn Defendants"). Dr. Monge alleges that Ms. Kasutto:

> [K]nowingly made the false assertion that the unidentified fragments were conclusively established to be the remains of Katricia Africa, and she further implied serious and criminal scientific misconduct by Dr. Monge in her retention and handling of the Jane Doe Fragments, defaming Dr. Monge as a 'chipper science' teacher who used the remains of a black girl as 'props' out of disrespect for this young black woman."

ECF No. 133 at ¶ 133. Dr. Monge further alleges that Ms. Kasutto implied Dr. Monge acted with racial animus by stating, "[t]he absence of ethics, void of communication, and abdication of responsibility regarding these remains mirror the circumstances that led to the 1985 disaster." *Id.* at ¶ 134. The Billy Penn Defendants contend the challenged statements are not capable of a defamatory meaning.

The law governing defamation by implication and civil aiding and abetting claims is fully set forth in the Court's October 28, 2024 opinion regarding the Hyperallergic Media Defendants. Here, the Court finds that Dr. Monge did not identify any false statements. The challenged article does not assert that the remains "were conclusively established" as belonging to Katricia Africa. Rather, it acknowledges that Dr. Hameli identified the remains as belonging to Katricia Africa but notes that "there was some uncertainty about that finding." ECF No. 133, Ex. A. Dr. Monge also displayed the bone fragment remains during her Coursera course and compared them to other bone fragment remains, making it literally true that she "used the remains of a black girl as 'props.'" *Id.* at ¶ 113. In the Second Amended Complaint, Dr. Monge admits that

BY THE COURT:

_/s/ Mia R. Perez_

_____
Hon. Mia R. Perez

---

she is an anthropologist who taught a course dealing with "the scientific investigation of boney remains." *Id.* at ¶ 146; 111. Therefore, it is also literally true that Dr. Monge is a science teacher.

The remaining allegedly defamatory statements are pure opinion. Stating that Dr. Monge was "chipper" is merely pure opinion based on Ms. Kassuto's subjective belief. The same is true for the statement that "the absence of ethics, void of communication, and abdication of responsibility . . . mirror the circumstances that led to the" bombing. Prior to making this statement, the article overviews the details of the MOVE bombing and notes that none of the officials at the time faced consequences for their actions. ECF No. 133, Ex. A. Similarly, any implication that Dr. Monge's actions were motivated by racial animus is non-actionable pure opinion. The implication that Dr. Monge engaged in "serious and criminal scientific misconduct" is also not warranted or supported by the article, as it does not discuss any criminal laws or potential for criminal prosecution. *See* ECF No. 133, Ex. A. Thus, the challenged statements and alleged implications are not capable of a defamatory meaning, mandating dismissal of the defamation by implication claim.

To sustain a false light claim, Dr. Monge must prove that the Billy Penn Defendants published "material that is not true, is highly offensive to a reasonable person, and is publicized with knowledge or in reckless disregard of its falsity." *Graboff v. Colleran Firm*, 744 F.3d 128, 136 (3d Cir. 2014) (internal quotations omitted). As discussed, the challenged statements are literally true. The false light claim fails as a matter of law.

As for the civil aiding and abetting claims, because the Court has concluded that the defamation by implication and false light claims fail, so too must the claim that Ms. Kasutto acted in concert with Mr. Mitchell. Dr. Monge also fails to allege facts that establish Ms. Kassuto knew or should have known that Mr. Mitchell's actions were potentially tortious. Because Ms. Kassuto was unaware of Mr. Mitchell's allegedly tortious conduct, she did not substantially assist Mr. Mitchell in it. Therefore, the civil aiding and abetting claim must be dismissed as well.