IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JANET MONGE,** | : | |
| | : | **CIVIL ACTION** |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| **UNIVERSITY OF PENNSYLVANIA** *et al.*, | : | |
| | : | **NO. 2:22-cv-2942-MRP** |
| Defendants. | : | |

# ORDER

**AND NOW,** this 8th day of November, 2024, upon consideration of Defendant Paul Mitchell's Motion to Dismiss (ECF No. 144), and the response thereto, it is hereby **ORDERED** as follows:

1. The Motion is **GRANTED** to the extent it seeks to dismiss the false light claims.

2. The Motion is otherwise **DENIED**.[1]

---

[1] Dr. Monge brings defamation, defamation by implication, false light, and civil aiding and abetting claims against Defendant Paul Mitchell. First, Dr. Monge alleges that Mr. Mitchell met with Christopher Woods "to accuse (without any foundation) Dr. Monge of mishandling the unidentified bone fragments and engaging in other professional misconduct in reference to the issue of the MOVE bombing investigation." ECF No. 133 at ¶ 127. Dr. Monge also alleges that Mr. Mitchell accused her "of lacking professionalism in connection with the Coursera course." *Id.* Next, Dr. Monge alleges that Mr. Mitchell "instigated" the Billy Penn article by contacting Maya Kasutto "to discuss his unfounded and untruthful accusations against Dr. Monge." *Id.* at ¶ 128. According to Dr. Monge, Mr. Mitchell and Ms. Kasutto "declare[d] she harbors racist animus against persons of African descent." *Id.* at ¶ 131. Additionally, "all of the false and defamatory information contained [in the article] was supplied by Mitchell[.]" *Id.* at ¶ 132.

Dr. Monge also alleges that Abdul-Aliy Muhammad published the Philadelphia Inquirer article "[a]t the suggestion of Paul Mitchell," and the article "was also based almost entirely on the false, defamatory narrative that Mitchell had created to 'cancel' Dr. Monge." *Id.* at ¶¶ 135-36. Even further, Dr. Monge alleges that Mr. Mitchell, in his own paper, argued "without foundation that the remains are indisputably those of Katricia and Delisha Africa." *Id.* at ¶ 138. Dr. Monge contends that Mr. Mitchell "widely distributed this paper to Penn employees, MOVE members, and several larger media outlets with the hopes of lending further credibility to the false stories his associates had published and broadening the reach of his lies against Dr. Monge." *Id.*

The law governing defamation by implication and civil aiding and abetting claims is fully set forth in the Court's October 28, 2024 opinion regarding the Hyperallergic Media Defendants. As an initial matter, the Court reiterates its previous conclusion that the challenged statements and alleged implications in the Billy Penn and Inquirer articles are not capable of a defamatory meaning. The Court also reiterates its decision to defer ruling on whether Dr. Monge is a limited purpose public figure. Thus, for the defamation and defamation by implication claims, Dr. Monge need only plead that Mr. Mitchell acted negligently.

Dr. Monge has sufficiently stated a defamation claim with respect to the statements made to Dr. Woods. "To survive dismissal, [Dr. Monge] must allege at least some specific statements identifying the speaker, the approximate date, the content, and the audience." *Lee v. Univ. of Pa. Sch. Of Dental Med.*, No. 19-835, 2019 WL 4060843, at *6 (E.D. Pa. Aug. 27, 2019). Dr. Monge's allegations satisfy this standard—she alleges Mr. Mitchell met with Dr. Woods in April 2021 to accuse Dr. Monge of mishandling the bone fragment remains, among other things. The Court finds that the statements to Dr. Woods are actionable mixed opinions because, by themselves, they imply that Mr. Mitchell has knowledge of undisclosed facts that are the basis of the opinions. And because Dr. Monge alleges that Mr. Mitchell's "plan was to create a Hobson's choice for Dr. Monge's employer," ECF No. 133 at ¶ 139, she has pled negligence.

The challenged statements in Mr. Mitchell's paper, however, do not support a defamation claim because they are substantially true. Dr. Monge admits that Dr. Hameli concluded that the bones belonged to Katricia Africa. *Id.* at ¶ 90. Moreover, Mr. Mitchell's paper only "allege[s]" that the remains belonged to Katricia and Delisha Africa. ECF No. 144, Ex. A. Because the challenged statements in Mr. Mitchell's paper are substantially true, only the statements made to Dr. Woods support Dr. Monge's defamation claim against Mr. Mitchell.

Next, the Court finds that Dr. Monge has sufficiently pled a defamation by implication claim. Dr. Monge alleges that "Mitchell's statements created a false narrative that Dr. Monge was an unethical racist whose work could not be trusted." *Id.* at ¶ 159; *see also id.* at ¶ 175. Mr. Mitchell allegedly met with Dr. Woods to accuse Dr. Monge of mishandling the remains and engaging in professional misconduct in the MOVE bombing investigation. Drawing all reasonable inferences in Dr. Monge's favor, the statements to Dr. Woods "could fairly and reasonably be construed to have the meaning imputed in the innuendo"—namely that Dr. Monge is unethical and her work cannot be trusted. Notwithstanding this finding, the implication that Dr. Monge is a racist is not warranted or supported by the challenged statements. Nevertheless, the defamation by implication claim survives in light of the other alleged implications and Dr. Monge's contention that Mr. Mitchell aimed "to create a Hobson's choice for Dr. Monge's employer." ECF No. 133 at ¶ 139.

As for the false light claim, the Court finds that Dr. Monge has failed to state a claim. To sustain a false light claim, Dr. Monge must prove that Mr. Mitchell published "material that is not true, is highly offensive to a reasonable person, and is publicized with knowledge or in reckless disregard of its falsity." *Graboff v. Colleran Firm*, 744 F.3d 128, 136 (3d Cir. 2014) (internal quotations omitted). As discussed, the challenged statements in his paper are substantially true. With regard to the statements made to Dr. Woods, there are insufficient facts suggesting Mr. Mitchell acted with knowledge of the falsity of the statements. Therefore, the false light claim fails.

Finally, the Court finds that Dr. Monge sufficiently pled a civil aiding and abetting claim against Mr. Mitchell. Dr. Monge alleges that Mr. Mitchell's "plan was to create a Hobson's choice for Dr. Monge's employer." ECF No. 133 at ¶ 139. The Court has also previously held that "Penn simply accepted Mr. Mitchell's statements as true without investigating their veracity." ECF No. 173 at 21. Taking Dr. Monge's allegations as true, she has plausibly alleged that Mr. Mitchell may have acted in concert with another

BY THE COURT:

_____
Hon. Mia R. Perez

---

Defendant or took affirmative acts that caused the other Defendants to conduct themselves inappropriately. As such, the civil aiding and abetting claim survives dismissal.