UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JANET MONGE,**<br><br>                 Plaintiff,<br><br>v.<br><br>**UNIVERSITY OF PENNSYLVANIA,** *et al.***,**<br><br>                 Defendants. | CIVIL ACTION<br><br>No. 22-cv-02942 (MRP) |

**DEFENDANT NORA MCGREEVY'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF JANET MONGE'S MOTION FOR RECONSIDERATION**

Defendant Nora McGreevy ("Defendant McGreevy"), through undersigned counsel, submits this brief in opposition to Plaintiff Janet Monge's ("Plaintiff") motion under Federal Rule of Civil Procedure 59(e), titled Plaintiff's Omnibus Motion for Reconsideration of the Court's Orders Relating to Defendants' Motions to Dismiss Plaintiff's Second Amended Complaint ("Motion for Reconsideration") (Dkt. 216), as it relates to this Court's Order dismissing Plaintiff's Second Amended Complaint against Defendant McGreevy ("Order of Dismissal") (Dkt. 200).

"Courts tend to grant motions for reconsideration sparingly and only upon the grounds traditionally available under Rule 59(e)." *Bridges v. Colvin*, 136 F. Supp. 3d 620, 629 (E.D. Pa. 2015) (quoting *A&H Sportswear Co. v. Victoria's Secret Stores, Inc.*, No. Civ.A. 94-7408, 2001 U.S. Dist. LEXIS 11488, at *1 (E.D. Pa. May 1, 2001)). Motions for reconsideration are designed to correct manifest errors of law or fact or to present newly discovered evidence to the Court. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985) (denying motion for reconsideration). This means that "[a] proper Rule 59(e) motion therefore must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence;

-2-

or (3) the need to correct clear error of law or prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010). A motion for reconsideration is not proper if it "advance[s] the same arguments" as in the "complaint and motions" at issue, and it is "appropriate[]" to deny such a motion. *Id*.

Here, Plaintiff's only argument in support of her Motion, couched under the language of clear error, is that the Court "patently misunderstood" Plaintiff's arguments, "made a decision outside of the adversarial issues presented to the Court by the parties," or "made an error not of reasoning but of apprehension." Dkt. 216-1 at 8 (quoting *Renyolds v. Barnhart*, 2005 WL 994620 (E.D. Pa. Apr. 27, 2005)). Plaintiff is wrong. The Court's Order of Dismissal was well-reasoned and sound, just as was the decision of the late Judge Gene E.K. Pratter at Docket No. 118 dismissing Plaintiff's First Amended Complaint. Plaintiff cites no new facts or changes in law. Plaintiff "advance[s] the same arguments" as in her Second Amended Complaint and prior briefing, which is not a proper basis to seek reconsideration. *Lazaridis*, 591 F.3d at 669. Plaintiff's argument "is in fact simply a disagreement between the Court and the litigant," and as such should be denied. *Smith v. City of Chester*, 155 F.R.D. 95, 97 (E.D. Pa. 1994) (quotations omitted).

Plaintiff's Motion is based on a fundamental mischaracterization of the Court's Order of Dismissal and McGreevy's article ("McGreevy Article"). Plaintiff alleges that the Court dismissed Plaintiff's defamation by implication claim because the Court believed "the remains <u>belonged to Katricia and/or Delisha Africa</u>," and thus found that Defendant McGreevy's statements were substantially true. Dkt. 216-1 at 9. This is false on two levels.

First, the Court never opined on the identity of the remains in its Order of Dismissal. The Court recognized that statements in McGreevy's article were "literally true," but

-3-

specifically as they related to Monge's use of the bones, and the fact that the MOVE family never consented to the use of the bones for research or teaching—*not*, as Plaintiff claims, related to the identity of the bones themselves. Dkt. 200 at 2 n.1. Plaintiff does not argue—because she cannot—that the article says anything false about how Plaintiff used the bones or the issue of consent. Based on those indisputably true facts, the Court cited black-letter Third Circuit law in denying that such statements amount to defamation by implication: "[a]ny opinions based on disclosed facts are not actionable as a matter of law." *Id.* (quoting *McCafferty v. Newsweek Media Grp.*, 955 F.3d 352, 360 (3d Cir. 2020)).

Second, McGreevy's article does not state that "the remains belonged to Katricia and/or Delisha Africa," as Plaintiff claims. To the contrary it states that the "remains [are] thought to belong to two of the victims—Tree and Delisha" but then goes on to note that the bones "were never conclusively identified." McGreevy Article, https://www.smithsonianmag.com/smart-news/outrage-over-penn-and-princetons-handling-move-bombing-victims-remains-180977583/. Plaintiff's entire motion is thus based on a false premise. Plaintiff identifies no reason, much less any "clear error of law" or "manifest injustice," for the Court to reject its well-reasoned decision regarding defamation by implication. *Lazaridis*, 591 F.3d at 669.

Plaintiff's arguments with regard to her civil aiding and abetting claim are even more specious. Plaintiff argues that the mere publication by multiple publishers and authors of articles discussing the same topic is enough to bring a civil aiding and abetting claim against all of them. Dkt. 216-1 at 12–13. Plaintiff argues that her only burden in pleading civil aiding and abetting is to "show the identities of the wrongdoers that acted in concert and the assistance each provided." *Id.* at 13. The ramifications of such an unhinged application of aiding and abetting

are dire, and would have a broad and chilling effect on free speech and raise substantial constitutional concerns.  Thankfully, the law requires more, as this Court recognized in holding that Plaintiff failed to "plausibly allege that Ms. McGreevy was working with or seeking to aid another in publishing the challenged statements."  Dkt. 200 at 2 n.1.  Plaintiff's citation to *Sovereign Bank v. Ganter* is distinguishable because the allegations in *Sovereign Bank* specifically identified that the wrongdoers there "met with" each other "on various dates" for the purpose of exchanging checks "in furtherance of an illegitimate agreement" between the wrongdoers "to misappropriate" plaintiff's funds.  914 A.2d 415, 423 (Pa. Super. Ct. 2006).  Here, however, Plaintiff did not allege that Defendant McGreevy ever met with or spoke to any other defendant, much less that she agreed with other defendants to harm Plaintiff.  Nor does Plaintiff allege any facts that would plausibly suggest any inference that Defendant McGreevy somehow colluded with any other defendant or had any motive to do so—why would she?  Therefore, the Court should reject Plaintiff's request, based on nothing more than disagreement with the Court's decision, to reconsider the Court's well-reasoned dismissal of Plaintiff's aiding and abetting claim.

WHEREFORE, for the foregoing reasons, the Court should deny Plaintiff's Motion for Reconsideration.

| | |
|---|---|
| Date: December 9, 2024 | Respectfully submitted, |
| | |
| | /s/ Michael Baughman |
| | Michael E. Baughman |
| | Julian Newton Weiss |
| | Troutman Pepper Hamilton Sanders LLP |
| | 3000 Two Logan Square |
| | 18th and Arch Streets |
| | Philadelphia, PA 19104 |
| | Tel: 215.981.4000 |
| | Michael.Baughman@troutman.com |
| | Julian.Weiss@troutman.com |
| | |
| | *Attorneys for Defendant Nora McGreevy* |

**CERTIFICATE OF SERVICE**

    I, Julian Newton Weiss, attorney for Nora McGreevy, Defendant in this matter, certify that a copy of the foregoing Memorandum of Law in Opposition to Plaintiff Janet Monge's Motion for Reconsideration was served via this Court's electronic filing system upon all counsel of record this 9th day of December, 2024.

/s/ Julian Newton Weiss
Julian Newton Weiss
