IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

| | |
|---|---|
| JANET MONGE,<br><br>     Plaintiff,<br><br> - against -<br><br>UNIVERSITY OF PENNSYLVANIA, AMY GUTMANN, WENDELL PRITCHETT, KATHLEEN MORRISON, DEBORAH THOMAS, and CHRISTOPHER WOODS, in their individual capacities, PAUL MITCHELL, BILLY PENN, MAYA KASUTTO, in her individual capacity, THE PHILADELPHIA INQUIRER, PBC, ABDUL ALIY MUHAMMAD, and JENICE ARMSTRONG, in their individual capacities, THE NEW YORKER, HEATHER ANN THOMPSON, in her individual capacity, ESPN, INC. d/b/a ANDSCAPE, NICOLE FROIO, and LINN WASHINGTON, in their individual capacities, THE AMERICAN ANTHROPOLOGICAL ASSOCIATION, THE SOCIETY OF BLACK ARCHAEOLOGISTS, THE GUARDIAN MEDIA GROUP d/b/a THE GUARDIAN, ED PILKINGTON, in his individual capacity, DAILY MAIL AND GENERAL TRUST, PLC d/b/a DAILY MAIL, ADAM SCHRADER, in his individual capacity, SLATE, ELAINE AYERS, in her individual capacity, NYP HOLDINGS, INC. d/b/a NEW YORK POST, JACKSON O' BRYAN, in his individual capacity, TEEN VOGUE, EZRA LERNER, in his individual capacity, HYPERALLERGIC MEDIA, KINJAL DAVE, and JAKE NUSSBAUM, in their individual capacities, NORA MCGREEVY, AL DIA NEWS, BRITTANY VALENTINE, in her individual capacity, NEW YORK TIMES, CO., and MICHAEL LEVENSON, in his individual capacity,<br><br>     Defendants. | No. 22-cv-2942-MRP<br><br>**MEDIA DEFENDANTS'<br>MEMORANDUM OF LAW<br>IN OPPOSITION TO<br>PLAINTIFF'S MOTION<br>FOR RECONSIDERATION** |

---

| | |
|---|---|
| Andrew A. Chirls<br>ROYER COOPER COHEN BRAUNFELD LLC<br>Two Logan Square<br>100 N. 18th Street, Suite 710<br>Philadelphia, PA 19103<br>Tel: (267) 546-0762<br>Email: achirls@rccblaw.com | Jeremy A. Chase (admitted *pro hac vice*)<br>Amanda B. Levine (admitted *pro hac vice*)<br>Alexandra M. Settelmayer (admitted *pro hac vice*)<br>DAVIS WRIGHT TREMAINE LLP<br>1251 Avenue of the Americas, 21st Floor<br>New York, NY 10020<br>Tel: (212) 489-8230<br>Email: jeremychase@dwt.com<br>    amandalevine@dwt.com<br>    alexandrasettelmayer@dwt.com |

Defendants Advance Magazine Publishers Inc. d/b/a The New Yorker and Teen Vogue, Ezra Lerner, Heather A. Thompson, Associated Newspapers Limited d/b/a The Daily Mail, Adam Schrader, ESPN Inc. d/b/a Andscape, Linn Washington, Nicole Froio, Guardian News & Media Limited d/b/a The Guardian, Ed Pilkington, NYP Holdings, Inc. d/b/a New York Post, Jackson O'Bryan a/k/a Blake Montgomery, The New York Times Company, Michael Levenson, The Slate Group, LLC, and Elaine Ayers (collectively, the "Media Defendants") respectfully submit this Memorandum of Law in Opposition to Plaintiff's "Omnibus Motion for Reconsideration of the Court's Orders Relating to Defendants' Motions to Dismiss Plaintiff's Second Amended Complaint" (the "Reconsideration Motion") (Dkt. 216), which seeks reconsideration of the Court's November 4, 2024 Order granting the Media Defendants' Motion to Dismiss with prejudice (the "Order") (Dkt. 205).[1]

**PRELIMINARY STATEMENT**

"Reconsideration is not permitted simply to allow a 'second bite at the apple.'" *Kreider v. United States*, 2013 WL 1438541, at *2 (E.D. Pa. Apr. 9, 2013) (citation omitted). However, that is precisely what Plaintiff's Reconsideration Motion attempts to do with respect to her twice-dismissed claims against the Media Defendants. Dkts. 120, 205. On this Reconsideration Motion, Plaintiff asks the Court to revisit its Order dismissing Plaintiff's "defamation by implication" claim against ESPN, Nicole Froio, Linn Washington, Teen Vogue, Ezra Lerner, Slate, and Elaine Ayers, and her "civil aiding and abetting" claim against all Media Defendants.[2] But Plaintiff wholly fails to raise any grounds warranting reconsideration. Plaintiff does not raise an intervening change in

---

[1] The Reconsideration Motion also requests that the Court revisit its Decisions and Orders dismissing claims against other Defendants in this case (*see* Dkts. 197–204, 208).

[2] The Court also dismissed with prejudice Plaintiff's "false light" claim asserted against all Media Defendants except The New York Times and New Yorker Defendants. Plaintiff's Reconsideration Motion, however, makes no reference to the false light claim, which was dismissed because of Plaintiff's failure to plead actual malice (Order at 3). As such, that claim is abandoned.

2

controlling law, as no such change has occurred. Plaintiff does not contend that new evidence is available to support her claims, as no such evidence exists. Nor does Plaintiff raise a bona fide clear error of law or a manifest injustice, as the Court followed the law and reached the only reasonable result. Instead, Plaintiff is simply dissatisfied with the Court's Order and now seeks to relitigate her same tired arguments for a *third* time. The Court should not indulge Plaintiff's improper and meritless motion.

## ARGUMENT

Because Plaintiff does not—and cannot—show that her Reconsideration Motion is the extraordinary one that merits this Court revisiting its Order, Plaintiff's Motion should be denied.

### I. THE STANDARD FOR RECONSIDERATION IS RIGOROUS AND STRICTLY ENFORCED

As an initial matter, Plaintiff's Motion gives short shrift to the rigorous standard that a moving party must meet in order to succeed on a motion for reconsideration, conveniently ignoring language from precedential cases that is unfavorable to her position. A court may grant a motion for reconsideration if the moving party demonstrates at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. LouAnn, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "Mere dissatisfaction with a court's ruling, however, is not a proper basis for reconsideration," *see Progressive Cas. Ins. Co. v. PNC Bank, N.A.*, 73 F. Supp. 2d 485, 487 (E.D. Pa. 1999), and such a motion should not be used "to merely attempt to convince the court to rethink a decision it has already made." *Colon ex rel. Disen-Colon v. Colonial Intermediate Unit 20*, 443 F. Supp. 2d 659, 667 (M.D. Pa. 2006). Furthermore, "[b]ecause federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Cont'l Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

None of the circumstances warranting reconsideration apply here, as Plaintiff offers no legal or factual basis for this Court to depart from its well-reasoned decision. Plaintiff's Reconsideration Motion should be denied.

## II. PLAINTIFF'S DEFAMATION BY IMPLICATION CLAIMS WERE PROPERLY DISMISSED

Plaintiff asserts that this Court improperly dismissed the defamation by implication claims against ESPN, Nicole Froio, Linn Washington, Teen Vogue, Ezra Lerner, Slate, and Elaine Ayers because, she argues, "it is indisputable that any statements related to the identity of the remains at issue being those of Katricia and/or Delisha Africa are materially false." Reconsideration Motion at 8. Put differently, she claims the Court erred because she pled that her scientific conclusion that the MOVE remains *did not* belong to Katricia and/or Delisha Africa was correct, and the MOVE Commission's scientific conclusion that the MOVE remains *did* belong to Katricia and/or Delisha Africa was incorrect. As such, Plaintiff argues that, once this "assumption that these were the bones of Black children" is corrected, the implication is necessarily false. Reconsideration Motion at 12. Plaintiff's argument does not hold water for three reasons.

*First*, Plaintiff misunderstands the Court's Order, suggesting that Plaintiff's claims were dismissed because the Court found that the challenged implications were substantially true. *See* Reconsideration Motion at 7, 9. The Court, however, did not dismiss the challenged implications against the remaining Media Defendants on substantial truth grounds. Rather, the Court dismissed these claims on the ground that the alleged implications were "non-actionable pure opinions based on disclosed facts." Order at 2 n.1. Plaintiff's argument, quite simply, does not even challenge the Court's holding. On this basis alone, the Court should deny Plaintiff's Reconsideration Motion.

*Second*, setting aside Plaintiff's mischaracterization of the Court's Order, her suggestion that it is a fact that the MOVE remains did not belong to Katricia or Delisha Africa or any Black

4

person for that matter, cannot transform the Media Defendants' non-actionable opinions into false statements of fact. This is because the scientific conclusion about to whom the bones belong is not a fact at all, but rather is itself a quintessential non-actionable opinion. In other words, even if Plaintiff were claiming that the disclosed facts upon which the Media Defendants based their opinions were false (something she did not do), the one "false fact" she identifies is itself an archetypal opinion.

Courts across the country have long recognized that, "as a matter of law, statements of scientific conclusions about unsettled matters of scientific debate cannot give rise to liability for damages sounding in defamation." *ONY, Inc. v. Cornerstone Therapeutics, Inc.*, 720 F.3d 490, 492 (2d Cir. 2013); *see also Pacira Biosciences, Inc. v. Am. Soc'y of Anesthesiologists, Inc.*, 583 F. Supp. 3d 654, 661 (D.N.J. 2022) ("[A] mere summary or repetition of an otherwise protected scientific opinion is not an independently defamatory statement."); *cf. United States v. Mitchell*, 365 F.3d 215, 252 (3d Cir. 2004) (holding that a scientific conclusion, which is subject to revision, is not a fact for purposes of Rule of Evidence 201). This is because "scientific controversies must be settled by the methods of science rather than by the methods of litigation." *Underwager v. Salter*, 22 F.3d 730, 736 (7th Cir. 1994). As the late Judge Jack Weinstein put it:

> [S]cience is, above all, an adversary process. It is an arena in which ideas do battle . . . . Any unnecessary intervention by the courts in the complex debate and interplay among the scientists that comprises modern science can only distort and confuse. Humility of judges is the *sine qua non* of the law's relation to science.

*McMillan v. Togus Reg'l Office, Dep't of Veterans Affairs*, 294 F. Supp. 2d 305, 317 (E.D.N.Y. 2003) (citation omitted), *aff'd*, 120 F. App'x 849 (2d Cir. 2005); *see also Joseph v. Springer Nature*, 2021 WL 1372952, at *3, *7 (S.D.N.Y. Apr. 12, 2021) (dismissing libel claim based on retraction of scientific journal article as non-actionable opinion; whether "life may exist on other planets . . . remains one of the great mysteries of our time, and one that the Court has no business

5

solving"), *aff'd sub nom. Joseph v. Springer Nature Am. Inc.*, 2021 WL 6105369 (2d Cir. Dec. 21, 2021).

Here, Plaintiff explicitly pleads that Dr. Hameli concluded that the bones did, in fact, belong to Katricia Africa. Second Amended Complaint ("SAC") ¶¶ 89–90. She then pleads *her opinion* that Dr. Hameli's conclusions were "unscientific" and issued solely to "limit the City's liability." *Id.* It is Plaintiff's right to opine that Dr. Hameli's methods and conclusions were wrong, just as it is everyone else's right to agree with or disagree with her opinion. Her pleading, however, does not turn her scientific opinion into an indisputable fact.[3] In sum, the fundamental premise of Plaintiff's argument is incorrect because, as a matter of law, scientific conclusions about the identity of the remains, particularly where, as here, there is a pronounced, public, and ongoing disagreement about those conclusions, are not factual statements that, if pled to be false, could undermine an opinion defense.

***Third***, this Court did not address the identity of the MOVE remains in assessing Plaintiff's defamation by implication claims. Instead, the Order discussed the Slate Article and Ms. Froio's Andscape Article's discussion of "historical examples of anthropologists using African American human remains for scientific study" and Plaintiff's "use and description of the bone fragment remains." Order at 2 n.1. The Order also cited Mr. Washington's Andscape Article and the Teen Vogue Article's reporting "that Dr. Monge stored the bone fragments remains for decades and used them in her online course without consent from the MOVE family,"[4] as well as Mr.

---

[3] Indeed, just last month, the Penn Museum announced that "an ongoing comprehensive inventory of [its] biological anthropology section has led to uncovering another set of human remains that match records for those of Delisha Africa." *Towards a Respectful Resolution*, Penn Museum (Dec. 2024), https://www.penn.museum/about-collections/statements-and-policies/towards-respectful-resolution. This demonstrates that disputed scientific conclusions are not facts, and it is the scientific process – not litigation – that should serve as the barometer for scientific truths.

[4] As Plaintiff explicitly acknowledges, "it was literally true that Plaintiff did not have permission from the MOVE family to utilize the unidentified remains." Reconsideration Motion at 10.

6

Washington's statement that the Coursera course was shut down. *Id.* In sum, none of the pure opinions were predicated on the identification of the remains, but instead on other facts pertaining to the controversy surrounding Plaintiff's use and handling of the remains.

Ultimately, Plaintiff has not, and cannot, justify why this Court should reconsider its dismissal of the defamation by implication claims. Accordingly, this Court should deny Plaintiff's Reconsideration Motion as to these claims.

### III.    PLAINTIFF'S CIVIL AIDING AND ABETTING CLAIMS WERE PROPERLY DISMISSED

Plaintiff's efforts to revive her civil aiding and abetting claims fare no better, as her argument is nothing more than a rehash of the same points the Court rejected from her Opposition to the Media Defendants' Motion to Dismiss (the "Opposition" or "Opp.") (Dkt. 150 at 24–25, 32–33). Citing the same case she relied upon in her Opposition (*see id.* at 24–25)—*Sovereign Bank v. Valentino*, 2006 Pa. Super. 338 (2006)—Plaintiff once again argues that she has plausibly pled a civil aiding and abetting claim against the Media Defendants because she "meticulously identifies all the key actors in the Defendants' fabricated 'Cancel Culture' movement." Reconsideration Motion at 13. This argument is no different than the one set forth in her Opposition, where she first contrived this new pleading standard. *See* Opp. at 33 ("Plaintiff's Second Amended Complaint identifies all of the wrongdoers and principal players in Defendants' falsified 'Cancel Culture' Movement."). But, as previously articulated by the Media Defendants, this standard is not the law. *See* Dkt. 167 at 15.

In order to state a civil aiding and abetting claim, Plaintiff must allege that the Media Defendants "(1) committed a tortious act in concert with another or pursuant to a common design [with another]; (2) knew that another's conduct constituted a breach of duty and then gave substantial assistance or encouragement to another; or (3) gave substantial assistance while their own conduct constituted a breach of duty to a third person." Dkt. 197 at 12. As this Court correctly

held, the SAC "does not plausibly allege that the Media Defendants substantially assisted or encouraged another in publishing defamatory statements." Order at 3 n.1 (citing *Doe v. Liberatore*, 478 F. Supp. 2d 742, 759 (M.D. Pa. 2007)). Plaintiff cannot credibly assert that the Media Defendants "provided substantial assistance" to one another by independently reporting on various issues pertaining to the MOVE remains. Such a determination would make every publisher responsible for the conduct of every other publisher when they report on the same set of events. Moreover, the law does not allow a plaintiff to cast a claim that sounds in defamation as one for aiding and abetting, as this would allow a plaintiff to skirt the First Amendment's protections. *See e.g.*, *Peschmann v. Quayle*, 2019 WL 4744814, at *3 (W.D. Pa. Sept. 30, 2019) (when the allegation is that "each of the Defendants said similar defamatory things," the "defamation claims against each named Defendant are the tort, not [a]iding and [a]betting.").

Plaintiff cannot simply repeat previous arguments in hopes of obtaining a different result. The Reconsideration Motion as to the civil aiding and abetting claims should be denied.

## CONCLUSION

For these reasons, the Media Defendants respectfully request that this Court deny Plaintiff's Reconsideration Motion in its entirety.

Dated: New York, New York
December 9, 2024

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

By:_____

Jeremy A. Chase (*pro hac vice*)
Amanda B. Levine (*pro hac vice*)
Alexandra M. Settelmayer (*pro hac vice*)

8

DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, NY 10020
Tel: (212) 489-8230
Email: jeremychase@dwt.com
          amandalevine@dwt.com
          alexandrasettelmayer@dwt.com

Andrew A. Chirls
ROYER COOPER COHEN BRAUNFELD LLC
Two Logan Square
100 N. 18th Street, Suite 710
Philadelphia, PA 19103
Tel: (267) 546-0762
Email: achirls@rccblaw.com

*Attorneys for Defendants Advance Magazine Publishers Inc. d/b/a The New Yorker and Teen Vogue, Ezra Lerner, Heather A. Thompson, Associated Newspapers Limited d/b/a The Daily Mail, Adam Schrader, ESPN Inc. d/b/a Andscape, Linn Washington, Nicole Froio, Guardian News & Media Limited d/b/a The Guardian, Ed Pilkington, NYP Holdings, Inc. d/b/a New York Post, Jackson O'Bryan a/k/a Blake Montgomery, The New York Times Company, Michael Levenson, The Slate Group, LLC, and Elaine Ayers*