**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JANET MONGE | : | |
| | : | Civil Action No: 22-cv-02942-MRP |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| UNIVERSITY OF PENNSYLVANIA, et al. | : | |
| | : | |
| Defendants. | : | |
| | : | |

**DEFENDANT, HYPERALLERGIC MEDIA, INC.'S ANSWER WITH AFFIRMATIVE DEFENSES TO PLAINTIFF, JANET MONGE'S SECOND AMENDED COMPLAINT**

Defendant, Hyperallergic Media, Inc. ("Defendant"), by and through its attorneys, hereby answers Plaintiff's Second Amended Complaint as follows:

**PRELIMINARY STATEMENT**

1.     Defendant admits, based upon information and belief, that Plaintiff is a physical anthropologist. Answering Defendant is currently without sufficient knowledge or information with which to form a belief regarding the truth of the remaining allegations contained in Paragraph 1 of the Complaint. Therefore, those allegations are denied. Strict proof of same is demanded at time of trial.

2.     Defendant admits, upon information and belief, that Plaintiff was previously a curator for the Penn Museum and a professor in the Anthropology Department of the University of Pennsylvania, as well as a consultant to the Philadelphia Medical Examiner's Office. Answering Defendant is currently without sufficient knowledge or information with which to form a belief regarding the truth of the remaining allegations contained in Paragraph 2 of the Complaint. Therefore, those allegations are denied. Strict proof of same is demanded at time of trial.

3.     Defendant admits that, upon information and belief, on May 13, 1985, the City of Philadelphia dropped an aerial explosive on the home of a group of individuals known as the Africa

1

family, tragically killing eleven people, and that Plaintiff assisted Dr. Mann with attempts to identify certain remains recovered by the City from the site. Answering Defendant is currently without sufficient knowledge or information with which to form a belief regarding the truth of the remaining allegations contained in Paragraph 3 of the Complaint. Therefore, those allegations are denied. Strict proof of same is demanded at time of trial.

4.      Defendant admits, upon information and belief, that Plaintiff assisted Dr. Mann in trying to identify the remains in 1986, and that, in 1995 and 2014, Plaintiff contacted two of the Africa family members. Answering Defendant is currently without sufficient knowledge or information with which to form a belief regarding the truth of the remaining allegations contained in Paragraph 4 of the Complaint. Therefore, those allegations are denied. Strict proof of same is demanded at time of trial.

5.      Denied. Answering Defendant is currently without sufficient knowledge or information with which to form a belief regarding the truth of the allegations contained in Paragraph 5 of the Complaint. Therefore, all allegations are denied. Strict proof of same is demanded at time of trial.

6.      Defendant admit upon information and belief that media reports in 2021 described Plaintiff's handling of remains recovered from the scene of the MOVE tragedy. It is denied that those reports were attacks on Plaintiff's reputation. Answering Defendant is currently without sufficient knowledge or information with which to form a belief regarding the truth of the remaining allegations contained in Paragraph 6 of the Complaint. Therefore, those allegations are denied. Strict proof of same is demanded at time of trial.

7.      Denied. Answering Defendant is currently without sufficient knowledge or information with which to form a belief regarding the truth of the allegations contained in Paragraph 7 of the Complaint. Therefore, all allegations are denied. Strict proof of same is demanded at time of trial.

8.    Denied. Answering Defendant is currently without sufficient knowledge or information with which to form a belief regarding the truth of the allegations contained in Paragraph 8 of the Complaint. Therefore, all allegations are denied. Strict proof of same is demanded at time of trial.

9.    Denied. Answering Defendant is currently without sufficient knowledge or information with which to form a belief regarding the truth of the allegations contained in Paragraph 9 of the Complaint. Therefore, all allegations are denied. Strict proof of same is demanded at time of trial.

10.    Defendant admits, upon information and belief, that the Billy Penn article was cited in subsequent articles published by other media organizations. The remaining allegations in Paragraph 10 of the Complaint are denied.

11.    Denied. Answering Defendant is currently without sufficient knowledge or information with which to form a belief regarding the truth of the allegations contained in Paragraph 11 of the Complaint. Therefore, all allegations are denied. Strict proof of same is demanded at time of trial. To the extent that the Plaintiff's allegations reflect a writing no response is required as the document(s) referred to are in writing and speaks for themselves. Strict proof of same is therefore demanded at time of trial.

12.    Denied. To the extent that the Plaintiff's allegations reflect a writing no response is required as the document referred to is in writing and speaks for itself. Strict proof of same is therefore demanded at time of trial.

13.    Denied. Answering Defendant is currently without sufficient knowledge or information with which to form a belief regarding the truth of the allegations contained in Paragraph 13 of the Complaint. Therefore, all allegations are denied. Strict proof of same is demanded at time of trial.

14.    Denied. Answering Defendant is currently without sufficient knowledge or information with which to form a belief regarding the truth of the allegations contained in Paragraph 14 of the Complaint. Therefore, all allegations are denied. Strict proof of same is demanded at time of trial.

15.     Denied. Answering Defendant is currently without sufficient knowledge or information with which to form a belief regarding the truth of the allegations contained in Paragraph 15 of the Complaint.  Therefore, all allegations are denied.  Strict proof of same is demanded at time of trial.

16.     Denied. Answering Defendant is currently without sufficient knowledge or information with which to form a belief regarding the truth of the allegations contained in Paragraph 16 of the Complaint.  Therefore, all allegations are denied.  Strict proof of same is demanded at time of trial.

17.     Denied.  To the extent that the Plaintiff's allegations reflect a writing no response is required as the document referred to is in writing and speaks for itself. Strict proof of same is therefore demanded at time of trial.

## THE PARTIES

### Plaintiff, Janet Monge, Ph.D.

18.     Admitted, upon information and belief.

19.     Admitted, upon information and belief.

20.     Defendant admits, upon information and belief, that Plaintiff was Keeper of the Penn Museum from 2012- 2023 and an Adjunct Professor employed by the Department of Anthropology of the University of Pennsylvania from 2003-2023. Answering Defendant is currently without sufficient knowledge or information with which to form a belief regarding the truth of the remaining allegations contained in Paragraph 20 of the Complaint.  Therefore, those allegations are denied.  Strict proof of same is demanded at time of trial.

21.     Defendant admits, upon information and belief, that Plaintiff was named "Best Museum Curator" by Philadelphia Magazine in 2014 and that she was well known in her field and a limited public figure. Answering Defendant is currently without sufficient knowledge or information with which to form a belief regarding the truth of the remaining allegations contained in Paragraph 21

of the Complaint.  Therefore, those allegations are denied.  Strict proof of same is demanded at time of trial.

22.     Defendant admits, upon information and belief, that Plaintiff has engaged in a variety of anthropological research during her career and that she served as a consultant to the Philadelphia Medical Examiner's Office in at least 1985. Answering Defendant is currently without sufficient knowledge or information with which to form a belief regarding the truth of the remaining allegations contained in Paragraph 22 of the Complaint.  Therefore, those allegations are denied.  Strict proof of same is demanded at time of trial.

**Defendant, University of Pennsylvania**

23.     The allegations contained in this Paragraph of the Complaint are not addressed to answering Defendant. Therefore, all allegations are deemed to be denied.

24.     The allegations contained in this Paragraph of the Complaint are not addressed to answering Defendant. Therefore, all allegations are deemed to be denied.

25.     Upon information and belief, Defendant admits that the Trustees of the University of Pennsylvania employed Plaintiff in various capacities in the Penn Museum from 1984-2023, and in the Department of Anthropology from 1987-2023. Defendant denies the remaining allegations in Paragraph 25 of the Second Amended Complaint.

**Defendant, Amy Gutmann**

26.     The allegations contained in this Paragraph of the Complaint are not addressed to answering Defendant. Therefore, all allegations are deemed to be denied. By way of further answer, the allegations contained in this paragraph contain disputable issues and/or conclusions of law, which are denied.  Strict proof of same is demanded at time of trial.

**Defendant, Dr. Wendell Pritchett**

27.     The allegations contained in this Paragraph of the Complaint are not addressed to answering Defendant. Therefore, all allegations are deemed to be denied. By way of further answer, the allegations contained in this paragraph contain disputable issues and/or conclusions of law, which are denied.  Strict proof of same is demanded at time of trial.

**Defendant, Kathleen Morrison**

28.     The allegations contained in this Paragraph of the Complaint are not addressed to answering Defendant. Therefore, all allegations are deemed to be denied. By way of further answer, the allegations contained in this paragraph contain disputable issues and/or conclusions of law, which are denied.  Strict proof of same is demanded at time of trial.

**Defendant, Christopher Woods**

29.     The allegations contained in this Paragraph of the Complaint are not addressed to answering Defendant. Therefore, all allegations are deemed to be denied. By way of further answer, the allegations contained in this paragraph contain disputable issues and/or conclusions of law, which are denied.  Strict proof of same is demanded at time of trial.

**Defendant, Paul Mitchell**

30.     The allegations contained in this Paragraph of the Complaint are not addressed to answering Defendant. Therefore, all allegations are deemed to be denied.

**Defendant, Billy Penn**

31.     The allegations contained in this Paragraph of the Complaint are not addressed to answering Defendant. Therefore, all allegations are deemed to be denied.

**Defendant, Maya Kasutto**

32.     The allegations contained in this Paragraph of the Complaint are not addressed to answering Defendant. Therefore, all allegations are deemed to be denied. By way of further answer,

the allegations contained in this paragraph contain disputable issues and/or conclusions of law, which are denied. Strict proof of same is demanded at time of trial.

**Defendant, Philadelphia Inquirer**

33.    The allegations contained in this Paragraph of the Complaint are not addressed to answering Defendant. Therefore, all allegations are deemed to be denied. By way of further answer, the allegations contained in this paragraph contain disputable issues and/or conclusions of law, which are denied. Strict proof of same is demanded at time of trial.

**Defendant, Abdul Aliy-Muhammad**

34.    The allegations contained in this Paragraph of the Complaint are not addressed to answering Defendant. Therefore, all allegations are deemed to be denied. By way of further answer, the allegations contained in this paragraph contain disputable issues and/or conclusions of law, which are denied. Strict proof of same is demanded at time of trial.

**Defendant, Jenice Armstrong**

35.    The allegations contained in this Paragraph of the Complaint are not addressed to answering Defendant. Therefore, all allegations are deemed to be denied. By way of further answer, the allegations contained in this paragraph contain disputable issues and/or conclusions of law, which are denied. Strict proof of same is demanded at time of trial.

**Defendant, The New Yorker Magazine**

36.    The allegations contained in this Paragraph of the Complaint are not addressed to answering Defendant. Therefore, all allegations are deemed to be denied. By way of further answer, the allegations contained in this paragraph contain disputable issues and/or conclusions of law, which are denied. Strict proof of same is demanded at time of trial.

**Defendant, Heather Ann Thompson**

37.     The allegations contained in this Paragraph of the Complaint are not addressed to answering Defendant. Therefore, all allegations are deemed to be denied. By way of further answer, the allegations contained in this paragraph contain disputable issues and/or conclusions of law, which are denied.  Strict proof of same is demanded at time of trial.

**Defendant, ESPN, Inc.**

38.     The allegations contained in this Paragraph of the Complaint are not addressed to answering Defendant. Therefore, all allegations are deemed to be denied. By way of further answer, the allegations contained in this paragraph contain disputable issues and/or conclusions of law, which are denied.  Strict proof of same is demanded at time of trial.

**Defendant, Nicole Froio**

39.     The allegations contained in this Paragraph of the Complaint are not addressed to answering Defendant. Therefore, all allegations are deemed to be denied. By way of further answer, the allegations contained in this paragraph contain disputable issues and/or conclusions of law, which are denied.  Strict proof of same is demanded at time of trial.

**Defendant, American Anthropological Association ("AAA")**

40.     The allegations contained in this Paragraph of the Complaint are not addressed to answering Defendant. Therefore, all allegations are deemed to be denied. By way of further answer, the allegations contained in this paragraph contain disputable issues and/or conclusions of law, which are denied.  Strict proof of same is demanded at time of trial.

**Defendant, The Association of Black Anthropologists**

41.     The allegations contained in this Paragraph of the Complaint are not addressed to answering Defendant. Therefore, all allegations are deemed to be denied. By way of further answer, the allegations contained in this paragraph contain disputable issues and/or conclusions of law, which are denied.  Strict proof of same is demanded at time of trial.

**Defendant, The Guardian Media Group**

42.     The allegations contained in this Paragraph of the Complaint are not addressed to answering Defendant. Therefore, all allegations are deemed to be denied. By way of further answer, the allegations contained in this paragraph contain disputable issues and/or conclusions of law, which are denied.  Strict proof of same is demanded at time of trial.

**Defendant, Ed Pilkington**

43.     The allegations contained in this Paragraph of the Complaint are not addressed to answering Defendant. Therefore, all allegations are deemed to be denied. By way of further answer, the allegations contained in this paragraph contain disputable issues and/or conclusions of law, which are denied.  Strict proof of same is demanded at time of trial.

**Defendant, Daily Mail and General Trust, PLC**

44.     The allegations contained in this Paragraph of the Complaint are not addressed to answering Defendant. Therefore, all allegations are deemed to be denied. By way of further answer, the allegations contained in this paragraph contain disputable issues and/or conclusions of law, which are denied.  Strict proof of same is demanded at time of trial.

**Defendant, Adam Schrader**

45.     The allegations contained in this Paragraph of the Complaint are not addressed to answering Defendant. Therefore, all allegations are deemed to be denied. By way of further answer, the allegations contained in this paragraph contain disputable issues and/or conclusions of law, which are denied.  Strict proof of same is demanded at time of trial.

**Defendant, Slate**

46.     The allegations contained in this Paragraph of the Complaint are not addressed to answering Defendant. Therefore, all allegations are deemed to be denied. By way of further answer,

the allegations contained in this paragraph contain disputable issues and/or conclusions of law, which are denied.  Strict proof of same is demanded at time of trial.

**Defendant, Elaine Ayers**

47.    The allegations contained in this Paragraph of the Complaint are not addressed to answering Defendant. Therefore, all allegations are deemed to be denied. By way of further answer, the allegations contained in this paragraph contain disputable issues and/or conclusions of law, which are denied.  Strict proof of same is demanded at time of trial.

**Defendant, NYP Holdings, Inc.**

48.    The allegations contained in this Paragraph of the Complaint are not addressed to answering Defendant. Therefore, all allegations are deemed to be denied. By way of further answer, the allegations contained in this paragraph contain disputable issues and/or conclusions of law, which are denied.  Strict proof of same is demanded at time of trial.

**Defendant, Jackson O'Bryan**

49.    The allegations contained in this Paragraph of the Complaint are not addressed to answering Defendant. Therefore, all allegations are deemed to be denied. By way of further answer, the allegations contained in this paragraph contain disputable issues and/or conclusions of law, which are denied.  Strict proof of same is demanded at time of trial.

**Defendant, Teen Vogue**

50.    The allegations contained in this Paragraph of the Complaint are not addressed to answering Defendant. Therefore, all allegations are deemed to be denied. By way of further answer, the allegations contained in this paragraph contain disputable issues and/or conclusions of law, which are denied.  Strict proof of same is demanded at time of trial.

**Defendant, Ezra Lerner**

51.     The allegations contained in this Paragraph of the Complaint are not addressed to answering Defendant. Therefore, all allegations are deemed to be denied. By way of further answer, the allegations contained in this paragraph contain disputable issues and/or conclusions of law, which are denied.  Strict proof of same is demanded at time of trial.

**Defendant, Hyperallergic Media**

52.     Admitted.

**Defendant, Kinjal Dave**

53.     Denied. Denied as plaintiff mischaracterizes that Dave was "employed by" Hyperallergic. By way of further answer, this Honorable Court inaccurately stated in its memorandum of October 28, 2024 that "Kinjal Dave and Jake Nussbaum, two employees of Hyperallergic, co-authored the article." (citing *[ECF No. 133]*. at ¶¶ 53, 142(j).) Kinjal Dave and Jake Nussbaum are *not* employees of Hyperallergic. Pursuant to the Freelance Contributor Agreements of Dave and Nussbaum, attached hereto as Exhibits "A" and "B", respectively, Dave and Nussbaum are independent contractors.

**Defendant, Jake Nussbaum**

54.     Denied. Denied as plaintiff mischaracterizes that Dave was "employed by" Hyperallergic. By way of further answer, this Honorable Court inaccurately stated in its memorandum of October 28, 2024 that "Kinjal Dave and Jake Nussbaum, two employees of Hyperallergic, co-authored the article." (citing *[ECF No. 133]*. at ¶¶ 53, 142(j).) Kinjal Dave and Jake Nussbaum are *not* employees of Hyperallergic. Pursuant to the Freelance Contributor Agreements of Dave and Nussbaum, attached hereto as Exhibits "A" and "B", respectively, Dave and Nussbaum are independent contractors.

**Defendant, Nora McGreevy**

55.    The allegations contained in this Paragraph of the Complaint are not addressed to answering Defendant. Therefore, all allegations are deemed to be denied. By way of further answer, the allegations contained in this paragraph contain disputable issues and/or conclusions of law, which are denied.  Strict proof of same is demanded at time of trial.

**Defendant, Al Dia News**

56.    The allegations contained in this Paragraph of the Complaint are not addressed to answering Defendant. Therefore, all allegations are deemed to be denied. By way of further answer, the allegations contained in this paragraph contain disputable issues and/or conclusions of law, which are denied.  Strict proof of same is demanded at time of trial.

**Defendant, Brittany Valentine**

57.    The allegations contained in this Paragraph of the Complaint are not addressed to answering Defendant. Therefore, all allegations are deemed to be denied. By way of further answer, the allegations contained in this paragraph contain disputable issues and/or conclusions of law, which are denied.  Strict proof of same is demanded at time of trial.

**Defendant, New York Times Co.**

58.    The allegations contained in this Paragraph of the Complaint are not addressed to answering Defendant. Therefore, all allegations are deemed to be denied. By way of further answer, the allegations contained in this paragraph contain disputable issues and/or conclusions of law, which are denied.  Strict proof of same is demanded at time of trial.

**Defendant, Michael Levenson**

59.    The allegations contained in this Paragraph of the Complaint are not addressed to answering Defendant. Therefore, all allegations are deemed to be denied. By way of further answer, the allegations contained in this paragraph contain disputable issues and/or conclusions of law, which are denied.  Strict proof of same is demanded at time of trial.

## JURISDICTION AND VENUE

60.     Denied.  The allegations contained herein are conclusions of law, which are denied. Strict proof of same is demanded at time of trial.

61.     Denied.  The allegations contained herein are conclusions of law, which are denied. Strict proof of same is demanded at time of trial.

## FACTS

**A.     The MOVE Bombing Shocks Philadelphia, And Dr. Monge Is Pulled Into The Investigation Of Bones Removed From The Bomb Site**

### 1.  The MOVE Family

62.     Admitted upon information and belief.

63.     Denied. Answering Defendant is currently without sufficient knowledge or information with which to form a belief regarding the truth of the allegations contained in Paragraph 63 of the Complaint.  Therefore, all allegations are denied.  Strict proof of same is demanded at time of trial.

64.     Denied.  To the extent that the Plaintiff's allegations reflect a writing no response is required as the document referred to is in writing and speaks for itself. Strict proof of same is therefore demanded at time of trial.

65.     Denied. Answering Defendant is currently without sufficient knowledge or information with which to form a belief regarding the truth of the allegations contained in Paragraph 65 of the Complaint.  Therefore, all allegations are denied.  Strict proof of same is demanded at time of trial.

66.     Denied. Answering Defendant is currently without sufficient knowledge or information with which to form a belief regarding the truth of the allegations contained in Paragraph 66 of the Complaint.  Therefore, all allegations are denied.  Strict proof of same is demanded at time of trial.

### 2.     The MOVE Bombing

67.     Admitted upon information and belief.

68.    Denied. Answering Defendant is currently without sufficient knowledge or information with which to form a belief regarding the truth of the allegations contained in Paragraph 68 of the Complaint.  Therefore, all allegations are denied.  Strict proof of same is demanded at time of trial.

69.    Denied.   Answering Defendant is currently without sufficient knowledge or information with which to form a belief regarding the truth of the allegations contained in Paragraph 69 of the Complaint.  Therefore, all allegations are denied.  Strict proof of same is demanded at time of trial.

70.    Denied.   Answering Defendant is currently without sufficient knowledge or information with which to form a belief regarding the truth of the allegations contained in Paragraph 70 of the Complaint.  Therefore, all allegations are denied.  Strict proof of same is demanded at time of trial.

71.    Admitted upon information and belief.

72.    Admitted upon information and belief.

73.    Denied. Answering Defendant is currently without sufficient knowledge or information with which to form a belief regarding the truth of the allegations contained in Paragraph 73 of the Complaint.  Therefore, all allegations are denied.  Strict proof of same is demanded at time of trial.

74.    Denied. Answering Defendant is currently without sufficient knowledge or information with which to form a belief regarding the truth of the allegations contained in Paragraph 74 of the Complaint.  Therefore, all allegations are denied.  Strict proof of same is demanded at time of trial.

75.    Admitted upon information and belief.

76.    Denied. Answering Defendant is currently without sufficient knowledge or information with which to form a belief regarding the truth of the allegations contained in Paragraph 76 of the Complaint.  Therefore, all allegations are denied.  Strict proof of same is demanded at time of trial.

**3.    The City of Philadelphia's Processing of the MOVE Bomb Site**

14

77.    Denied. Answering Defendant is currently without sufficient knowledge or information with which to form a belief regarding the truth of the allegations contained in Paragraph 77 of the Complaint.  Therefore, all allegations are denied.  Strict proof of same is demanded at time of trial.

78.    Denied. Answering Defendant is currently without sufficient knowledge or information with which to form a belief regarding the truth of the allegations contained in Paragraph 78 of the Complaint.  Therefore, all allegations are denied.  Strict proof of same is demanded at time of trial.

79.    Admitted upon information and belief.

80.    Admitted upon information and belief.

81.    Denied. Answering Defendant is currently without sufficient knowledge or information with which to form a belief regarding the truth of the allegations contained in Paragraph 81 of the Complaint.  Therefore, all allegations are denied.  Strict proof of same is demanded at time of trial.

**4.    Dr. Monge's Involvement In Analyzing Bones Removed From The MOVE Bomb Site And Disagreement Over The**

**Identification of the Remains**

82.    Defendant admits that Dr. Alan Mann was retained by the Medical Examiner to assist with the identification of the remains. Answering Defendant is currently without sufficient knowledge or information with which to form a belief regarding the truth of the remaining allegations contained in Paragraph 82 of the Complaint.  Therefore, all allegations are denied.  Strict proof of same is demanded at time of trial.

83.    Admitted upon information and belief.

84.    Denied. Answering Defendant is currently without sufficient knowledge or information with which to form a belief regarding the truth of the allegations contained in Paragraph 84 of the Complaint.  Therefore, all allegations are denied.  Strict proof of same is demanded at time of trial.

85.     Defendant admits, based upon information and belief, that Dr. Mann concluded that the remains composed of fragments of the pelvis and a portion of the femur were the remains of an older female between the ages of 17 and 21 and could not be those of the victim identified by the MOVE Commission. Answering Defendant is currently without sufficient knowledge or information with which to form a belief regarding the truth of the remaining allegations contained in Paragraph 85 of the Complaint.  Therefore, all allegations are denied.  Strict proof of same is demanded at time of trial.

86.     Defendant admits, based upon information and belief, that in the spring/summer of 2021, Dr. Mann concluded that the remains composed of fragments of the pelvis and a portion of the femur were the remains of an older female between the ages of 17 and 21 and could not be those of the victim identified by the MOVE Commission. Answering Defendant is currently without sufficient knowledge or information with which to form a belief regarding the truth of the remaining allegations contained in Paragraph 86 of the Complaint.  Therefore, all allegations are denied.  Strict proof of same is demanded at time of trial.

87.     Defendant admits that Dr. Mann concluded that the remains were not those of Katricia Africa. Answering Defendant is currently without sufficient knowledge or information with which to form a belief regarding the truth of the remaining allegations contained in Paragraph 87 of the Complaint.  Therefore, all allegations are denied.  Strict proof of same is demanded at time of trial.

88.     Denied. Answering Defendant is currently without sufficient knowledge or information with which to form a belief regarding the truth of the allegations contained in Paragraph 88 of the Complaint.  Therefore, all allegations are denied.  Strict proof of same is demanded at time of trial.

89.     Defendant admits, based upon information and belief, that the City-appointed MOVE Commission engaged three forensic pathologists, including Ali Hameli, M.D., to identify the remains of the victims of the MOVE bombing and the causes of their deaths, and that Dr. Mann and Dr. Monge were not engaged by the Commission as part of this effort. Answering Defendant is currently without

sufficient knowledge or information with which to form a belief regarding the truth of the remaining allegations contained in Paragraph 89 of the Complaint. Therefore, all allegations are denied. Strict proof of same is demanded at time of trial.

90.     Defendant admits, based upon information and belief, that the Commission's experts concluded that the remains belonged to Katricia Africa. Answering Defendant is currently without sufficient knowledge or information with which to form a belief regarding the truth of the remaining allegations contained in Paragraph 90 of the Complaint. Therefore, all allegations are denied. Strict proof of same is demanded at time of trial.

91.     Defendant admits, based upon information and belief, that Dr. Mann conducted a second investigation and issued a report reaffirming his conclusion that the pelvis and femur fragments were not those of Katricia Africa. Answering Defendant is currently without sufficient knowledge or information with which to form a belief regarding the truth of the remaining allegations contained in Paragraph 91 of the Complaint. Therefore, all allegations are denied. Strict proof of same is demanded at time of trial.

92.     Denied. Answering Defendant is currently without sufficient knowledge or information with which to form a belief regarding the truth of the allegations contained in Paragraph 92 of the Complaint. Therefore, all allegations are denied. Strict proof of same is demanded at time of trial.

93.     Admitted upon information and belief.

### 5.     The Handling And Storage of The Jane Doe Fragments Removed From The MOVE Bomb Site And Dr. Monge's First Attempt To Return The Unidentified Remains

94.     Defendant admits, based upon information and belief, that the remains were stored in a box in Dr. Mann's office from 1986 to 1991. Answering Defendant is currently without sufficient knowledge or information with which to form a belief regarding the truth of the remaining allegations

contained in Paragraph 94 of the Complaint. Therefore, all allegations are denied. Strict proof of same is demanded at time of trial.

95.    Denied. Answering Defendant is currently without sufficient knowledge or information with which to form a belief regarding the truth of the allegations contained in Paragraph 95 of the Complaint. Therefore, all allegations are denied. Strict proof of same is demanded at time of trial.

### 6.    Dr. Mann Leaves To Join Princeton's Anthropology Department, But The Unidentified Fragments Stay At Penn

96.    Defendant admits, based upon information and belief, that Dr. Mann left Penn in 2001 to join Princeton University and that, around that time, Plaintiff became a Keeper at the Penn Museum. Defendant denies the remaining allegations in Paragraph 96 of the Second Amended Complaint.

97.    Denied. Answering Defendant is currently without sufficient knowledge or information with which to form a belief regarding the truth of the allegations contained in Paragraph 97 of the Complaint. Therefore, all allegations are denied. Strict proof of same is demanded at time of trial.

98.    Defendant admits, based upon information and belief, that the remains were kept by Plaintiff in the Penn Museum after Dr. Mann left the University of Pennsylvania. Answering Defendant is currently without sufficient knowledge or information with which to form a belief regarding the truth of the remaining allegations contained in Paragraph 98 of the Complaint. Therefore, all allegations are denied. Strict proof of same is demanded at time of trial.

99.    Defendant admits, based upon information and belief, that Plaintiff took the remains back and forth to Princeton's campus between two and five times. Answering Defendant is currently without sufficient knowledge or information with which to form a belief regarding the truth of the remaining allegations contained in Paragraph 99 of the Complaint. Therefore, all allegations are denied. Strict proof of same is demanded at time of trial.

### 7. Monge's Renewed Attempts To Identify The Remains

100.    Denied. Answering Defendant is currently without sufficient knowledge or information with which to form a belief regarding the truth of the allegations contained in Paragraph 100 of the Complaint.  Therefore, all allegations are denied.  Strict proof of same is demanded at time of trial.

101.    Denied. Answering Defendant is currently without sufficient knowledge or information with which to form a belief regarding the truth of the allegations contained in Paragraph 101 of the Complaint.  Therefore, all allegations are denied.  Strict proof of same is demanded at time of trial.

102.    Denied. The allegations contained in this paragraph contain disputable issues and/or conclusions of law, which are denied. Strict proof of same is demanded at time of trial. By way of further answer, relevant to this issue is a report that was prepared by Tucker Law Group, dated August 20, 2021 and titled *The Odyssey of the MOVE Remains, Report of the Independent Investigation into the Demonstrative Display of MOVE Remains at the PENN Museum and Princeton University* ("The Tucker Report")(See Exhibit "C" attached hereto). The Tucker Report demonstrates that not only did Monge contact Consuewella Africa through writer Malcolm Burnley, **but that Consuewella Africa certainly objected to the use of the bone fragment remains for research.** Thus, the statements [']Consuella did not consent to Monge's continued use of her daughter's remains for research. Even after those objections, Monge used Tree Africa's remains for teaching[']" are substantially true, and such substantial truth goes to the "gist" or "sting" of the alleged defamatory matter. (*See Gilbert v. Bionetics Corp.*, Civ. Act. No. 98-2668, 2000 U.S. Dist. LEXIS 8736, at *10 (E.D. Pa. June 6, 2000)(citing *Dunlap v. Philadelphia Newspapers, Inc.*, 301 Pa. Super. 475, 448 A.2d 6, 15 (Pa. Super. Ct. 1982)); *see also* Plaintiff's Second Amended Complaint, ¶ 142(j).) Because the statements in Hyperallergic's article are substantially true, they are not capable of defamatory meaning.

103.    Denied. The allegations contained in this paragraph contain disputable issues and/or conclusions of law, which are denied. Strict proof of same is demanded at time of trial. By way of further answer, relevant to this issue is a report that was prepared by Tucker Law Group, dated August

20, 2021 and titled *The Odyssey of the MOVE Remains, Report of the Independent Investigation into the Demonstrative Display of MOVE Remains at the PENN Museum and Princeton University* ("The Tucker Report")(See Exhibit "C" attached hereto). The Tucker Report demonstrates that not only did Monge contact Consuewella Africa through writer Malcolm Burnley, **but that Consuewella Africa certainly objected to the use of the bone fragment remains for research.** Thus, the statements [']Consuella did not consent to Monge's continued use of her daughter's remains for research. Even after those objections, Monge used Tree Africa's remains for teaching[']" are substantially true, and such substantial truth goes to the "gist" or "sting" of the alleged defamatory matter. (*See Gilbert v. Bionetics Corp.*, Civ. Act. No. 98-2668, 2000 U.S. Dist. LEXIS 8736, at *10 (E.D. Pa. June 6, 2000)(citing *Dunlap v. Philadelphia Newspapers, Inc.*, 301 Pa. Super. 475, 448 A.2d 6, 15 (Pa. Super. Ct. 1982)); *see also* Plaintiff's Second Amended Complaint, ¶ 142(j).) Because the statements in Hyperallergic's article are substantially true, they are not capable of defamatory meaning.

104.    Denied. The allegations contained in this paragraph contain disputable issues and/or conclusions of law, which are denied. Strict proof of same is demanded at time of trial. By way of further answer, relevant to this issue is a report that was prepared by Tucker Law Group, dated August 20, 2021 and titled *The Odyssey of the MOVE Remains, Report of the Independent Investigation into the Demonstrative Display of MOVE Remains at the PENN Museum and Princeton University* ("The Tucker Report")(See Exhibit "C" attached hereto). The Tucker Report demonstrates that not only did Monge contact Consuewella Africa through writer Malcolm Burnley, **but that Consuewella Africa certainly objected to the use of the bone fragment remains for research.** Thus, the statements [']Consuella did not consent to Monge's continued use of her daughter's remains for research. Even after those objections, Monge used Tree Africa's remains for teaching[']" are substantially true, and such substantial truth goes to the "gist" or "sting" of the alleged defamatory matter. (*See Gilbert v. Bionetics Corp.*, Civ. Act. No. 98-2668, 2000 U.S. Dist. LEXIS 8736, at *10 (E.D. Pa. June 6,

2000)(citing *Dunlap v. Philadelphia Newspapers, Inc.*, 301 Pa. Super. 475, 448 A.2d 6, 15 (Pa. Super. Ct. 1982)); *see also* Plaintiff's Second Amended Complaint, ¶ 142(j).) Because the statements in Hyperallergic's article are substantially true, they are not capable of defamatory meaning.

105.    Denied. The allegations contained in this paragraph contain disputable issues and/or conclusions of law, which are denied. Strict proof of same is demanded at time of trial. By way of further answer, relevant to this issue is a report that was prepared by Tucker Law Group, dated August 20, 2021 and titled *The Odyssey of the MOVE Remains, Report of the Independent Investigation into the Demonstrative Display of MOVE Remains at the PENN Museum and Princeton University* ("The Tucker Report")(See Exhibit "C" attached hereto). The Tucker Report demonstrates that not only did Monge contact Consuewella Africa through writer Malcolm Burnley, **but that Consuewella Africa certainly objected to the use of the bone fragment remains for research.** Thus, the statements [']Consuella did not consent to Monge's continued use of her daughter's remains for research. Even after those objections, Monge used Tree Africa's remains for teaching[']" are substantially true, and such substantial truth goes to the "gist" or "sting" of the alleged defamatory matter. (*See Gilbert v. Bionetics Corp.*, Civ. Act. No. 98-2668, 2000 U.S. Dist. LEXIS 8736, at *10 (E.D. Pa. June 6, 2000)(citing *Dunlap v. Philadelphia Newspapers, Inc.*, 301 Pa. Super. 475, 448 A.2d 6, 15 (Pa. Super. Ct. 1982)); *see also* Plaintiff's Second Amended Complaint, ¶ 142(j).) Because the statements in Hyperallergic's article are substantially true, they are not capable of defamatory meaning.

### 8. "Real Bones: Adventures in Forensic Anthropology," The Princeton Coursera Course

106.    Denied. Answering Defendant is currently without sufficient knowledge or information with which to form a belief regarding the truth of the allegations contained in Paragraph 106 of the Complaint.  Therefore, all allegations are denied.  Strict proof of same is demanded at time of trial.

107.    Denied. Answering Defendant is currently without sufficient knowledge or information with which to form a belief regarding the truth of the allegations contained in Paragraph 107 of the Complaint.  Therefore, all allegations are denied.  Strict proof of same is demanded at time of trial.

108.    Denied. Answering Defendant is currently without sufficient knowledge or information with which to form a belief regarding the truth of the allegations contained in Paragraph 108 of the Complaint.  Therefore, all allegations are denied.  Strict proof of same is demanded at time of trial.

109.    Defendant admits, upon information and belief, that the MOOC "Real Bones: Adventures in Forensic Anthropology" was published on the Coursera online platform. Answering Defendant is currently without sufficient knowledge or information with which to form a belief regarding the truth of the remaining allegations contained in Paragraph 109 of the Complaint. Therefore, all allegations are denied.  Strict proof of same is demanded at time of trial.

110.    Defendant admits, upon information and belief, that Coursera is an online platform that provides free and publicly available courses on a range of topics. Answering Defendant is currently without sufficient knowledge or information with which to form a belief regarding the truth of the remaining allegations contained in Paragraph 110 of the Complaint.  Therefore, all allegations are denied.  Strict proof of same is demanded at time of trial.

111.    Denied. Answering Defendant is currently without sufficient knowledge or information with which to form a belief regarding the truth of the allegations contained in Paragraph 111 of the Complaint.  Therefore, all allegations are denied.  Strict proof of same is demanded at time of trial.

112.    Denied. Answering Defendant is currently without sufficient knowledge or information with which to form a belief regarding the truth of the allegations contained in Paragraph 112 of the Complaint.  Therefore, all allegations are denied.  Strict proof of same is demanded at time of trial.

113.    Denied. Answering Defendant is currently without sufficient knowledge or information with which to form a belief regarding the truth of the allegations contained in Paragraph 113 of the Complaint.  Therefore, all allegations are denied.  Strict proof of same is demanded at time of trial.

114.    Denied. Answering Defendant is currently without sufficient knowledge or information with which to form a belief regarding the truth of the allegations contained in Paragraph 114 of the Complaint.  Therefore, all allegations are denied.  Strict proof of same is demanded at time of trial.

115.    Denied. Answering Defendant is currently without sufficient knowledge or information with which to form a belief regarding the truth of the allegations contained in Paragraph 115 of the Complaint.  Therefore, all allegations are denied.  Strict proof of same is demanded at time of trial.

116.    Denied. Answering Defendant is currently without sufficient knowledge or information with which to form a belief regarding the truth of the allegations contained in Paragraph 116 of the Complaint.  Therefore, all allegations are denied.  Strict proof of same is demanded at time of trial.

117.    Denied. Answering Defendant is currently without sufficient knowledge or information with which to form a belief regarding the truth of the allegations contained in Paragraph 117 of the Complaint.  Therefore, all allegations are denied.  Strict proof of same is demanded at time of trial.

**B.    Monge Becomes Paul Mitchell's Mentor, Helps Bring Him Back To The University of Pennsylvania**

118.    Admitted, upon information and belief.

119.    Admitted, upon information and belief.

120.    Denied. Answering Defendant is currently without sufficient knowledge or information with which to form a belief regarding the truth of the allegations contained in Paragraph 120 of the Complaint.  Therefore, all allegations are denied.  Strict proof of same is demanded at time of trial.

121.    Denied. Answering Defendant is currently without sufficient knowledge or information with which to form a belief regarding the truth of the allegations contained in Paragraph 121 of the Complaint.  Therefore, all allegations are denied.  Strict proof of same is demanded at time of trial.

23

122.     Admitted, upon information and belief.

123.     Denied. Answering Defendant is currently without sufficient knowledge or information with which to form a belief regarding the truth of the allegations contained in Paragraph 123 of the Complaint.  Therefore, all allegations are denied.  Strict proof of same is demanded at time of trial.

124.     Denied. Answering Defendant is currently without sufficient knowledge or information with which to form a belief regarding the truth of the allegations contained in Paragraph 124 of the Complaint.  Therefore, all allegations are denied.  Strict proof of same is demanded at time of trial.

125.     Denied. Answering Defendant is currently without sufficient knowledge or information with which to form a belief regarding the truth of the allegations contained in Paragraph 125 of the Complaint.  Therefore, all allegations are denied.  Strict proof of same is demanded at time of trial.

126.     Denied. Answering Defendant is currently without sufficient knowledge or information with which to form a belief regarding the truth of the allegations contained in Paragraph 126 of the Complaint.  Therefore, all allegations are denied.  Strict proof of same is demanded at time of trial.

C.     **Mitchell's Grudge, The Media Firestorm It Created, And The Dismantling of Dr. Monge's Reputation**

127.     Denied. Answering Defendant is currently without sufficient knowledge or information with which to form a belief regarding the truth of the allegations contained in Paragraph 127 of the Complaint.  Therefore, all allegations are denied.  Strict proof of same is demanded at time of trial.

128.     Denied. Answering Defendant is currently without sufficient knowledge or information with which to form a belief regarding the truth of the allegations contained in Paragraph 128 of the Complaint.  Therefore, all allegations are denied.  Strict proof of same is demanded at time of trial.

129.     Denied. Answering Defendant is currently without sufficient knowledge or information with which to form a belief regarding the truth of the allegations contained in Paragraph 129 of the Complaint.  Therefore, all allegations are denied.  Strict proof of same is demanded at time of trial.

130.    Denied. Answering Defendant is currently without sufficient knowledge or information with which to form a belief regarding the truth of the allegations contained in Paragraph 130 of the Complaint.  Therefore, all allegations are denied.  Strict proof of same is demanded at time of trial.

131.    Denied. Answering Defendant is currently without sufficient knowledge or information with which to form a belief regarding the truth of the allegations contained in Paragraph 131 of the Complaint.  Therefore, all allegations are denied.  Strict proof of same is demanded at time of trial.

132.    The allegations contained in this Paragraph of the Complaint are not addressed to answering Defendant. Therefore, all allegations are deemed to be denied. By way of further answer, the allegations contained in this paragraph contain disputable issues and/or conclusions of law, which are denied.  Strict proof of same is demanded at time of trial. By way of further answer, to the extent that the Plaintiff's allegations reflect a writing no response is required as the document referred to is in writing and speaks for itself. Strict proof of same is therefore demanded at time of trial.

133.    Denied. Answering Defendant is currently without sufficient knowledge or information with which to form a belief regarding the truth of the allegations contained in Paragraph 133 of the Complaint.  Therefore, all allegations are denied. By way of further answer, to the extent that the Plaintiff's allegations reflect a writing no response is required as the document referred to is in writing and speaks for itself. Strict proof of same is therefore demanded at time of trial.

134.    Denied.  To the extent that the Plaintiff's allegations reflect a writing no response is required as the document referred to is in writing and speaks for itself. Strict proof of same is therefore demanded at time of trial.

135.    Denied. Answering Defendant is currently without sufficient knowledge or information with which to form a belief regarding the truth of the allegations contained in Paragraph 135 of the Complaint.  Therefore, all allegations are denied. By way of further answer, to the extent that the

Plaintiff's allegations reflect a writing no response is required as the document referred to is in writing and speaks for itself. Strict proof of same is therefore demanded at time of trial.

136.    Denied.  To the extent that the Plaintiff's allegations reflect a writing no response is required as the document referred to is in writing and speaks for itself. Strict proof of same is therefore demanded at time of trial.

137.    Denied. Answering Defendant is currently without sufficient knowledge or information with which to form a belief regarding the truth of the allegations contained in Paragraph 137 of the Complaint.  Therefore, all allegations are denied.  Strict proof of same is demanded at time of trial.

138.    Defendant admits, based upon information and belief, that Mr. Mitchell prepared and disseminated a paper on the handling and identity of the MOVE remains. Answering Defendant is currently without sufficient knowledge or information with which to form a belief regarding the truth of the remaining allegations contained in Paragraph 138 of the Complaint.  Therefore, all allegations are denied.  Strict proof of same is demanded at time of trial.

139.    Denied. Answering Defendant is currently without sufficient knowledge or information with which to form a belief regarding the truth of the allegations contained in Paragraph 139 of the Complaint.  Therefore, all allegations are denied.  Strict proof of same is demanded at time of trial.

140.    Defendant admits, based upon information and belief, that the referenced articles were published. To the extent that the Plaintiff's allegations reflect a writing no response is required as the document referred to is in writing and speaks for itself, and those allegations are therefore denied. Strict proof of same is therefore demanded at time of trial.

141.    Denied. Answering Defendant is currently without sufficient knowledge or information with which to form a belief regarding the truth of the allegations contained in Paragraph 141 of the Complaint.  Therefore, all allegations are denied.  Strict proof of same is demanded at time of trial.

142.    Defendant admits, based upon information and belief, that the referenced articles were published. To the extent that the Plaintiff's allegations reflect a writing no response is required as the document referred to is in writing and speaks for itself, and those allegations are therefore denied. Strict proof of same is therefore demanded at time of trial. The remaining allegations in Paragraph 142 of the Complaint are denied.

143.    Denied.  The allegations contained in this paragraph contain disputable issues and/or conclusions of law, which are denied.  Strict proof of same is demanded at time of trial.

144.    Denied.  The allegations contained in this paragraph contain disputable issues and/or conclusions of law, which are denied.  Strict proof of same is demanded at time of trial.

145.    Denied. The allegations contained in this paragraph contain disputable issues and/or conclusions of law, which are denied. Strict proof of same is demanded at time of trial. By way of further answer, because the statements in Hyperallergic's article are substantially true, they are not capable of defamatory meaning. In the Court's Memorandum granting Hyperallergic's Motion to Dismiss without prejudice as to the claim for defamation by implication, the Court stated that "the statements at issue in the Hyperallergic article are literally true and are pure opinions that are not capable of defamatory meaning" and "[t]o the extent the article implies racial motivation on Dr. Monge's part, this implication is not actionable because it is a pure opinion." *See Docket 108, Court's Memorandum*, at p. 11 (citing *McCafferty*, 955 F.3d at 357.)

### D.    Amplification of The Media Reports and Dr. Monge's Improper Demotion, Pay Cut, and Removal as a University Of Pennsylvania Faculty Member

146.    The allegations contained in this Paragraph of the Complaint are not addressed to answering Defendant. Therefore, all allegations are deemed to be denied. By way of further answer, the allegations contained in this paragraph contain disputable issues and/or conclusions of law, which are denied.  Strict proof of same is demanded at time of trial.

147.    The allegations contained in this Paragraph of the Complaint are not addressed to answering Defendant. Therefore, all allegations are deemed to be denied. By way of further answer, the allegations contained in this paragraph contain disputable issues and/or conclusions of law, which are denied.  Strict proof of same is demanded at time of trial. By way of further answer, to the extent that the Plaintiff's allegations reflect a writing no response is required as the document referred to is in writing and speaks for itself. Strict proof of same is therefore demanded at time of trial.

148.    The allegations contained in this Paragraph of the Complaint are not addressed to answering Defendant. Therefore, all allegations are deemed to be denied. By way of further answer, to the extent that the Plaintiff's allegations reflect a writing no response is required as the document referred to is in writing and speaks for itself. Strict proof of same is therefore demanded at time of trial.

149.    Denied. Answering Defendant is currently without sufficient knowledge or information with which to form a belief regarding the truth of the allegations contained in Paragraph 149 of the Complaint.  Therefore, all allegations are denied.  Strict proof of same is demanded at time of trial.

150.    The allegations contained in this Paragraph of the Complaint are not addressed to answering Defendant. Therefore, all allegations are deemed to be denied. By way of further answer, to the extent that the Plaintiff's allegations reflect a writing no response is required as the document referred to is in writing and speaks for itself. Strict proof of same is therefore demanded at time of trial.

151.    Denied.  The allegations contained in this paragraph contain disputable issues and/or conclusions of law, which are denied.  Strict proof of same is demanded at time of trial.

152.    Denied.  The allegations contained in this paragraph contain disputable issues and/or conclusions of law, which are denied.  Strict proof of same is demanded at time of trial.

153.    Denied.  The allegations contained in this paragraph contain disputable issues and/or conclusions of law, which are denied.  Strict proof of same is demanded at time of trial.

154.    Denied.  The allegations contained in this paragraph contain disputable issues and/or conclusions of law, which are denied.  Strict proof of same is demanded at time of trial.

155.    Denied as stated. By way of further answer, one of the three independent investigations is that of Tucker Law Group, attached hereto as Exhibit "C". By way of further answer, Defendant admits only, upon information and belief, that the independent investigation conducted by Tucker Law Group in the spring/summer of 2021, which culminated in the issuance of the Tucker Report, did not identify violations by Plaintiff of specific professional, ethical or legal standards, but that the report did find Plaintiff's retention of the remains and their use in an online video course demonstrated, at a minimum, extremely poor judgement and gross insensitivity to the human dignity and social and political implications of her conduct. Answering Defendant is currently without sufficient knowledge or information with which to form a belief regarding the truth of the remaining allegations contained in Paragraph 155 of the Complaint.  Therefore, all remaining allegations are denied.  Strict proof of same is demanded at time of trial.

156.    Denied.  The allegations contained in this paragraph contain disputable issues and/or conclusions of law, which are denied.  Strict proof of same is demanded at time of trial.

157.    Denied. Answering Defendant is currently without sufficient knowledge or information with which to form a belief regarding the truth of the allegations contained in Paragraph 157 of the Complaint.  Therefore, all allegations are denied.  Strict proof of same is demanded at time of trial.

### COUNT I
### DEFAMATION
### [Plaintiff vs. University Of Pennsylvania, Amy Gutmann, Paul Mitchell, And Wendell Pritchett]

158.    Answering Defendant incorporates herein by reference all of its responses to this Complaint as of same had been set forth herein at length.

159-172.    Denied. This Count has been dismissed as to Hyperallergic Media, Inc. Please see Court Order of February 2, 2023, ECF 109.

**WHEREFORE,** answering Defendant, Hyperallergic Media, Inc., demands that judgment be entered in its favor.

**COUNT II**
**DEFAMATION BY IMPLICATION**
**[Plaintiff vs. University Of Pennsylvania, Amy Gutmann, Paul Mitchell, Billy Penn, Maya Kasutto, The Philadelphia Inquirer PBC, Abdul Aily Muhammad, ESPN D/B/A Andscape, Nicole Froio, American Anthropological Association, Slate, Elain Ayers, Teen Vogue, Ezra Lerner, Hyperallergic Media, Kinjal Dave, Nora McGreevy, Al Dia News, Brittany Valentine, Wendell Pritchett, Jenice Armstrong, Linn Washington, Jake Nussbaum]**

173.    Answering Defendant incorporates herein by reference all of its responses to this Complaint as of same had been set forth herein at length.

174.    Denied. All allegations of defamation by implication are specifically denied. Relevant to this issue is a report that was prepared by Tucker Law Group, dated August 20, 2021 and titled *The Odyssey of the MOVE Remains, Report of the Independent Investigation into the Demonstrative Display of MOVE Remains at the PENN Museum and Princeton University* ("The Tucker Report")(See Exhibit "C" attached hereto). The Tucker Report demonstrates that not only did Monge contact Consuewella Africa through writer Malcolm Burnley, **but that Consuewella Africa certainly objected to the use of the bone fragment remains for research.** Thus, the statements ['] Consuella did not consent to Monge's continued use of her daughter's remains for research. Even after those objections, Monge used Tree Africa's remains for teaching[']" are substantially true, and such substantial truth goes to the "gist" or "sting" of the alleged defamatory matter. (*See Gilbert v. Bionetics Corp.*, Civ. Act. No. 98-2668, 2000 U.S. Dist. LEXIS 8736, at *10 (E.D. Pa. June 6, 2000)(citing *Dunlap v. Philadelphia Newspapers, Inc.*, 301 Pa. Super. 475, 448 A.2d 6, 15 (Pa. Super. Ct. 1982)); *see also* Plaintiff's Second Amended Complaint, ¶ 142(j).)

Because the statements in Hyperallergic's article are substantially true, they are not capable of defamatory meaning.

175.    Denied. All allegations of defamation by implication are specifically denied, as are all allegations of malice, intent, recklessness and alleged falseness.  Relevant to this issue is a report that was prepared by Tucker Law Group, dated August 20, 2021 and titled *The Odyssey of the MOVE Remains, Report of the Independent Investigation into the Demonstrative Display of MOVE Remains at the PENN Museum and Princeton University* ("The Tucker Report")(See Exhibit "C" attached hereto). The Tucker Report demonstrates that not only did Monge contact Consuewella Africa through writer Malcolm Burnley, **but that Consuewella Africa certainly objected to the use of the bone fragment remains for research.** Thus, the statements [']Consuella did not consent to Monge's continued use of her daughter's remains for research. Even after those objections, Monge used Tree Africa's remains for teaching[']" are substantially true, and such substantial truth goes to the "gist" or "sting" of the alleged defamatory matter. (*See Gilbert v. Bionetics Corp.*, Civ. Act. No. 98-2668, 2000 U.S. Dist. LEXIS 8736, at *10 (E.D. Pa. June 6, 2000)(citing *Dunlap v. Philadelphia Newspapers, Inc.*, 301 Pa. Super. 475, 448 A.2d 6, 15 (Pa. Super. Ct. 1982)); *see also* Plaintiff's Second Amended Complaint, ¶ 142(j).) Because the statements in Hyperallergic's article are substantially true, they are not capable of defamatory meaning. This Honorable Court should rule in its Memorandum granting Hyperallergic's Motion to Dismiss without prejudice as to the claim for defamation by implication, that "the statements at issue in the Hyperallergic article are literally true and are pure opinions that are not capable of defamatory meaning" and "[t]o the extent the article implies racial motivation on Dr. Monge's part, this implication is not actionable because it is a pure opinion." *See Docket 108, Court's Memorandum,* (citing *McCafferty*, 955 F.3d at 357.)

176.    Denied. All allegations of defamation by implication are specifically denied, as are all allegations of malice, intent, recklessness and alleged falseness. Further, the allegations contained in this paragraph contain disputable issues and/or conclusions of law, which are denied. Strict proof of same is demanded at time of trial.

177.    Denied. All allegations of defamation by implication are specifically denied, as are all allegations of malice, intent, recklessness and alleged falseness. Further, the allegations contained in this paragraph contain disputable issues and/or conclusions of law, which are denied. Strict proof of same is demanded at time of trial.

178.    Denied. The allegations contained in this paragraph contain disputable issues and/or conclusions of law, which are denied.  Strict proof of same is demanded at time of trial.

179.    Denied. All allegations of defamation by implication are specifically denied, as are all allegations of malice, intent, recklessness and alleged falseness. Further, the allegations contained in this paragraph contain disputable issues and/or conclusions of law, which are denied.  Strict proof of same is demanded at time of trial.

180.    Denied. All allegations of defamation, and/or defamation by implication are specifically denied, as are all allegations of malice, intent, recklessness and alleged falseness. Further, the allegations contained in this paragraph contain disputable issues and/or conclusions of law, which are denied.  Strict proof of same is demanded at time of trial.

181.    Denied. All allegations of defamation by implication are specifically denied, as are all allegations of malice, intent, recklessness and alleged falseness. It is specifically denied that any actions or omissions on the part of the answering defendant were the legal or proximate cause of any injuries or damages sustained by plaintiff. Further, the allegations contained in this paragraph contain disputable issues and/or conclusions of law, which are denied.   Strict proof of same is demanded at time of trial.

182.    Denied. All allegations of defamation by implication are specifically denied, as are all allegations of malice, intent, recklessness and alleged falseness. Further, all allegations of punitive damages are specifically denied.  In addition, the allegations contained in this paragraph contain disputable issues and/or conclusions of law, which are denied.  Strict proof of same is demanded at time of trial.

183.    Denied. All allegations of defamation by implication are specifically denied, as are all allegations of malice, intent, recklessness and alleged falseness. Further, the allegations contained in this paragraph contain disputable issues and/or conclusions of law, which are denied.  Strict proof of same is demanded at time of trial. By way of further answer, Plaintiff's allegations of punitive damages generally refer to all Defendants. Plaintiff attempts to assert claims for punitive damages fails because she pleads no specific facts about Hyperallergic for a reasonable person to conclude that an award of punitive damages would be appropriate. Rather, Plaintiff makes conclusory allegations about Hyperallergic which cannot, as a matter of law, survive this Motion to Dismiss. *See Harris v. Saint Joseph's Univ.*, No. 13-3937, 2014 U.S. Dist. LEXIS 65452, at *3 (E.D. Pa. May 12, 2014)(citing *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009))("Conclusory allegations are insufficient to survive a motion to dismiss.")

**WHEREFORE,** answering Defendant, Hyperallergic Media, Inc., demands that judgment be entered in its favor.


### COUNT III
### FALSE LIGHT
**[Plaintiff vs. University Of Pennsylvania, Amy Gutmann, Paul Mitchell, Billy Penn, Maya Kasutto, ESPN D/B/A Andscape, Nicole Froio, Guardian Media Group, Ed Pilkington, Daily Mail And General Trust PLC, Adam Schrader, Slate, Elain Ayers, NYP Holdings Inc., Jackson O'Bryan, Teen Vogue, Ezra Lerner, Wendell Pritchett, Linn Washington]**

184.    Answering Defendant incorporates herein by reference all of its responses to this Complaint as of same had been set forth herein at length.

185-191.    Denied. This Count has been dismissed as to Hyperallergic Media, Inc. Please see Court Order of February 2, 2023, ECF 109.

**WHEREFORE,** answering Defendant, Hyperallergic Media, Inc., demands that judgment be entered in its favor.

**COUNT IV**
**CIVIL AIDING AND ABETTING**
**[Plaintiff vs. All Defendants]**

192.    Answering Defendant incorporates herein by reference all of its responses to this Complaint as of same had been set forth herein at length.

193-197.    Denied. This Count has been dismissed as to all Defendants, including Hyperallergic Media, Inc. As to Hyperallergic Media, Inc., please see Court Order of October 28, 2024, ECF 198.

**WHEREFORE,** answering Defendant, Hyperallergic Media, Inc., demands that judgment be entered in its favor and against Plaintiff, dismissing Plaintiff's Second Amended Complaint with prejudice together with attorneys' fees and costs incurred in defense of this matter.

**<u>AFFIRMATIVE DEFENSES</u>**

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff has failed to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to the relief sought as a matter of law.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff has failed to mitigate damages.

**FOURTH AFFIRMATIVE DEFENSE**

Answering defendant has not committed any unlawful act and plaintiff is not entitled to any relief.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claim is barred by the applicable statute of limitations.

**SIXTH AFFIRMATIVE DEFENSE**

Answering Defendant did not violate any legal duty owed by the answering defendant to the Plaintiff.

**SEVENTH AFFIRMATIVE DEFENSE**

If the plaintiff sustained any injury or damages, it was the result of her own conduct and/or that of other person or persons other than the answering Defendant.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's employment-related claims involving her demotion and damages stemming therefrom pre-date the article attributed to Hyperallergic. That is, the article Plaintiff references in her Second Amended Complaint pertaining to Hyperallergic is dated October 31, 2021, (*See* Exhibit O to Plaintiff's Second Amended Complaint) whereas the articles alleged to have been published by other Defendants were, according to Plaintiff's Second Amended Complaint, all published by July, 2021. (*See* Plaintiff's Second Amended Complaint, ¶ 140-142.) While Plaintiff claims she has "been the victim of adverse employment actions" (*see* Plaintiff's Second Amended Complaint, ¶ 157), any adverse employment action complained of by Plaintiff occurred months prior to Hyperallergic's October 31, 2021 publication.

| | |
|---|---|
| April 21 | Article published in Billy Penn.<br>Article in Philadelphia Inquirer. |
| April 23 | Mitchell writes article that is published in The Daily Mail; Guardian; and New York Post. |
| April 24 | New York Times article. |
| April 26 | Article by McGreevy published in Smithsonian Magazine. |

|  | Statements by the Association of Black Anthropologists; Society of Black Archaeologists; and Black in Bioanthropology Collective released requesting Monge be removed from her position with the U of Penn. |
|---|---|
|  | **Monge claims** she was locked out of her lab. |
| April 28 | Guttman and Pickett send email to employees of the Penn Museum and full U of Penn community. |
|  | **Monge claims** Penn Anthology Dept Chair Dr. Kathleen Morrison advised Monge that she was being put on a "work pause" and would be removed from teaching any University class. |
| April 30 | Article in Slate. |
| May 3 | Al Dia News article. |
| May 4 | **Monge claims** she was informed that her scheduled summer programs at Penn Museum and scheduled high school talks for Penn were being cancelled. |
| May 7 | Andscape article. |
| May 16 | The New Yorker. |
| May 18 | Philadelphia Inquirer article #2. |
| May 26 | Andscape article #2. |
| July 16 | Article in Teen Vogue |
| August 2021 | **Monge claims** that she discovered that she had been removed from Penn's Anthropology Dept's webpage where it lists the current Graduate Group and Affiliated Faculty.  She was shortly thereafter informed that she would no longer be able to teach any of her current classes, be an adjunct professor, or even be an associate curator at the Penn Museum, and she was being demoted to Museum Keeper.  The demotion was affected with a salary cut of $65,000 per year for the following two years of her employment when she will be deemed to retire. |
| **October 31** | **Article in Hyperallegic** (Dave and Nussbaum). |

## NINTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which the relief of damages for suffering, emotional distress, humiliation, mental anguish and emotional injury can be granted.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief of compensatory and punitive damages may be granted.

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent that plaintiff seeks punitive damages, any such award is barred on the grounds that it would be against public policy.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages is in contravention of defendant's rights under each of the following provisions: (a) the Commerce Clause of Article 1, Section 8 of the United States Constitution; (b) the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution; (c) the Equal Protection of the laws afforded by the Fourteenth Amendment to the United States Constitution; (d) the Constitutional prohibition against vague and overbroad laws; and (e) the corresponding provisions under the Constitution of the State of Pennsylvania.

## THIRTEENTH AFFIRMATIVE DEFENSE

The statements in Hyperallergic's article are substantially true, and thus they are not capable of defamatory meaning. Pursuant to a Report prepared by Tucker Law Group, dated August 20, 2021 and titled *The Odyssey of the MOVE Remains, Report of the Independent Investigation into the Demonstrative Display of MOVE Remains at the PENN Museum and Princeton University* ("The Tucker Report")(attached hereto as Exhibit "C"), not only did Monge contact Consuewella Africa through writer Malcolm Burnley, **but that Consuewella Africa certainly objected to the use of the bone fragment remains for research.** Thus, the statements [']Consuella did not consent to Monge's continued use of her daughter's remains for research. Even after those objections, Monge used Tree Africa's remains for teaching['] are substantially true, and such substantial truth goes to the "gist" or "sting" of the alleged defamatory matter. (*See*

*Gilbert v. Bionetics Corp.*, Civ. Act. No. 98-2668, 2000 U.S. Dist. LEXIS 8736, at \*10 (E.D. Pa. June 6, 2000)(citing *Dunlap v. Philadelphia Newspapers, Inc.*, 301 Pa. Super. 475, 448 A.2d 6, 15 (Pa. Super. Ct. 1982)); *see also* Plaintiff's Second Amended Complaint, ¶ 142(j).)

### FOURTEENTH AFFIRMATIVE DEFENSE

The statements attributed to Hyperallergic are literally true, and because the allegedly defamatory statements are true, they are not actionable. This Honorable Court previously ruled in the Court's Memorandum granting Hyperallergic's Motion to Dismiss without prejudice as to the claim for defamation by implication, that "the statements at issue in the Hyperallergic article are literally true and are pure opinions that are not capable of defamatory meaning" and "[t]o the extent the article implies racial motivation on Dr. Monge's part, this implication is not actionable because it is a pure opinion." *See Docket 108, Court's Memorandum,* at p. 11 (citing *McCafferty*, 955 F.3d at 357.) This Honorable Court indicated that "Hyperallergic…stated that "Consuella [sic] did not consent to Monge's continued use of her daughter's remains for research. Even after those objections, Monge used Tree Africa's remains for teaching." *See Docket 108, Court's Memorandum*, p. 8 (citing Am. Compl. ¶ 161(j).) **This Honorable Court previously found that "[t]he allegations in [Plaintiff's] amended complaint demonstrate that this statement is, in all material respects, substantially true, and thus Hyperallergic…cannot be held liable."** *See Docket 108, Court's Memorandum*, p. 8 (citing *Tucker*, 237 F.3d at 287; *Masson*, 501 U.S. at 516-17.) The Court explained that, "[f]irst, [Plaintiff] admits that she attempted to contact Consuwella Dotson in 2014 to obtain a DNA sample to assist [Plaintiff] in her research on the identity of the remains." *See Docket 108, Court's Memorandum*, p. 8 (citing Am. Compl. ¶¶ 111-13) (footnote omitted.) The Court went on to indicate that "[Plaintiff] also admits that she was unable to make contact with Consuwella Dotson and declared the case cold after concluding that she would not be able to get help from the Africa family." *See Docket 108, Court's Memorandum*, p. 8 (citing *Id.* ¶¶

111, 113-17.) This Honorable Court therefore found that "it is literally true that [Plaintiff] did not obtain consent from Consuwella Dotson to use the remains for research." *See Docket 108, Court's Memorandum,* p. 8. This Honorable Court then stated that "[s]econd, [Plaintiff] admits that she used the remains in her "Real Bones" Adventures in Forensic Anthropology" course to teach people about "how forensic anthropology can be used to restore the personhood of individuals unidentified through the scientific investigation of boney remains." *See Docket 108, Court's Memorandum*, p. 8(citing *Id*. ¶¶ 123, 127-128.) The Court thus found that "it is literally true that [Plaintiff] used the remans [sic] for teaching." *See Docket 108, Court's Memorandum*, p. 8. This Honorable Court ultimately found that "[b]ecause the allegedly defamatory statements are true, they are not actionable." *See Docket 108, Court's Memorandum*, p. 8(citing *Tucker*, 237 F.3d at 287.)

## FIFTEENTH AFFIRMATIVE DEFENSE

Kinjal Dave and Jake Nussbaum are not employees of Hyperallergic. Pursuant to the Freelance Contributor Agreements of Dave and Nussbaum, attached hereto, Dave and Nussbaum are independent contractors. (See Agreements attached hereto as Exhibits "A" and "B", respectively.) Per the same Agreements, Dave and Nussbaum are to "indemnif[y] and hold[] [Hyperallergic] harmless from and against all third-party claims, actions, liabilities, damages, costs and expenses (including without limitation reasonable attorney's fees) of any kind that arises out of: a. the Contributor's breach of any representation or warranty made in this Agreement; and/or b. the gross negligence and/or willful misconduct of the Contributor." *See* Exhibits "A" and "B", ¶ 9.

## SIXTEENTH AFFIMATIVE DEFENSE

To the extent plaintiff has suffered any damages, such damages are not attributable to any wrongdoing by answering Defendant.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The law of the case doctrine bars Plaintiff's claims. The law of the case doctrine instructs courts to refrain from "re-deciding issues that were resolved earlier in the litigation" except in "extraordinary circumstances," such as when "(1) new evidence is available; (2) a supervening new law has been announced; or (3) the earlier decision was clearly erroneous and would create manifest injustice." *Pub. Interest Research Grp. v. Magnesium Elektron, Inc.*, 123 F.3d 111, 116-17 (3d Cir. 1997); Dkt. 140-1, at 14-15. No such extraordinary circumstances exist here.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The statements attributed to Hyperallergic are substantially true.

## NINETEENTH AFFIRMATIVE DEFENSE

The statements attributed to Hyperallergic are opinions based on disclosed facts. "As Pennsylvania courts recognize, pure opinions cannot be defamatory." *See McCafferty v. Newsweek Media Grp., Ltd.*, 955 F.3d 352, 357 (3d Cir. 2020.) "Under the First Amendment, opinions based on disclosed facts are "absolutely privileged," no matter "'how derogatory'" they are." *See McCafferty v. Newsweek Media Grp., Ltd.*, 955 F.3d 352, 357 (3d Cir. 2020)(citing *Braig v. Field Communications*, 310 Pa. Super. 569, 456 A.2d 1366, 1373 (Pa. Super. Ct. 1983)) (quoting 3 Restatement (Second) of Torts § 566 cmt. c (Am. Law Inst. 1977)) (citing *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 339-40, 94 S. Ct. 2997, 41 L. Ed. 2d 789 (1974))." That holds true even when an opinion is extremely derogatory, like calling another person's statements "anti-Semitic."" *See McCafferty v. Newsweek Media Grp., Ltd.*, 955 F.3d 352, 357 (3d Cir. 2020)(citing *Jones v. City of Philadelphia*, 893 A.2d 837, 845 (Pa. Commw. Ct. 2006).) "When an article discloses the underlying facts, readers can easily judge the facts for themselves." *See McCafferty v. Newsweek Media Grp., Ltd.*, 955 F.3d 352, 357 (3d Cir. 2020)(citing *Redco Corp. v. CBS, Inc.*, 758 F.2d 970, 972 (3d Cir. 1985) (applying Pennsylvania law).) "Everyone is free to speculate

about someone's motivations based on disclosed facts about that person's behavior." *See McCafferty v. Newsweek Media Grp., Ltd.*, 955 F.3d 352, 359 (3d Cir. 2020)(citing [Balletta v. Spadoni, 47 A.3d 183], 197-99 [(Pa. Cmwlth. 2012)]. ""[I]f it is plain that the speaker is expressing a subjective view, an interpretation, a theory, conjecture, or surmise, rather than claiming to be in possession of objectively verifiable facts, the statement is not actionable."" *See McCafferty v. Newsweek Media Grp., Ltd.*, 955 F.3d 352, 359 (3d Cir. 2020)(citing *Haynes v. Alfred A. Knopf, Inc.*, 8 F.3d 1222, 1227 (7th Cir. 1993).) "Those statements are just more opinions based on disclosed facts, so they too are not actionable." See *McCafferty v. Newsweek Media Grp., Ltd.*, 955 F.3d 352, 359 (3d Cir. 2020.)

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff cannot meet her burden to establish the element of actual malice in a defamation by implication case:

> "In defamation by implication cases, there is an additional element to the actual malice standard: the plaintiff must show that [the] defendant 'either intended to communicate the defamatory meaning or knew of the defamatory meaning and was reckless in regard to it.'" *Boone*, 2023 WL 2245104, at *5 (quoting [*Kendall v. Daily News Publ'g Co., 716 F.3d 82, 90 (3d Cir. 2013).]* Recklessness in this context "requires that the defendants knew that the defamatory meaning was not just possible, but likely, and still made the statement despite their knowledge of that likelihood." [*Kendall v. Daily News Publ'g Co., 716 F.3d 82, 91.*]

*See Document 173 at p. 18; this Honorable Court's Opinion of May 14, 2024.*

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff is a limited purpose public figure. As a limited purpose public figure, Plaintiff must prove actual malice to prevail on her claim. Plaintiff cannot show that the statements attributed to Hyperallergic were made with actual malice.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

"To show defamation, a public figure (even if just a "limited-purpose public figure" [] []) must show that the publisher acted with "actual malice."" *See McCafferty v. Newsweek Media Grp., Ltd.*, 955 F.3d 352, 359 (3d Cir. 2020)(citing *Am. Future Sys., Inc. v. Better Bus. Bureau of E. Pa.*, 592 Pa. 66, 923 A.2d 389, 400 (Pa. 2007).) ""Actual malice" is a term of art that does not connote ill will or improper motivation." *See McCafferty v. Newsweek Media Grp., Ltd.*, 955 F.3d 352, 359 (3d Cir. 2020.) "Rather, it requires that the publisher either know that its article was false or publish it with "reckless disregard" for its truth." *See McCafferty v. Newsweek Media Grp., Ltd.*, 955 F.3d 352, 359 (3d Cir. 2020)(citing *Am. Future Sys., Inc. v. Better Bus. Bureau*, 592 Pa. 66, 923 A.2d 389, 399 n.12. (2007).) "The First Amendment requires this demanding standard." *See McCafferty v. Newsweek Media Grp., Ltd.*, 955 F.3d 352, 359 (3d Cir. 2020)(citing *N.Y. Times Co. v. Sullivan*, 376 U.S. 254, 279-80, 84 S. Ct. 710, 11 L. Ed. 2d 686 (1964).)

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Answering defendant reserves the right to amend its answer to assert additional affirmative defenses based upon the information obtained during pretrial discovery in this action.

## <u>DEMAND FOR JURY TRIAL</u>

Defendant, Hyperallergic Media, Inc., hereby demands a trial by jury as to all issues.

**THOMAS PASCHOS & ASSOCIATES, P.C.**

*Thomas Paschos*
Thomas Paschos, Esquire (TP8039)
325 Chestnut Street, Suite 800
Philadelphia, PA 19106
267-205-2444
TPaschos@paschoslaw.com
Attorneys for Defendant, Hyperallergic Media, Inc.

Dated:  <u>April 3, 2025</u>

42

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on the date indicated herein, I caused an original of an Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint, to be filed electronically with the Clerk of the United States District Court for the Eastern District of Pennsylvania and that service of same will be effectuated by the Court via electronic mail.

Dated: <u>April 3, 2025</u>            **THOMAS PASCHOS & ASSOCIATES, P.C.**

By:    *Thomas Paschos*
       Thomas Paschos, Esquire (TP8039)
       325 Chestnut Street, Suite 800
       Philadelphia, PA 19106
       267-205-2444
       TPaschos@paschoslaw.com
       Attorneys for Defendant, Hyperallergic Media